# UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FARMINGTON CASUALTY COMPANY as subrogee of THE ESTATE OF THOMAS R. HIGHLAND<br>1 Tower Square<br>Hartford, CT 06183, | : : : : : | |
| Plaintiff, | : : | JURY TRIAL DEMANDED |
| vs. | : : | **NOTICE OF REMOVAL** |
| HP INC.<br>1501 Page Mill Rd.<br>Palo Alto, CA | : : : : | CIVIL ACTION |
| and | : : | NO. 23-1022 |
| PENTELEDATA, LLC<br>540 Delaware Ave.<br>Palmerton, PA 18071, | : : : | |
| Defendants. | : | |

## NOTICE OF REMOVAL BY HP INC.

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant, HP Inc. ("HP") ("Removing Defendant"), by and through their undersigned counsel, hereby remove this action from the Court of Common Pleas of Philadelphia County, Pennsylvania, where it is currently pending as Case No. 230300532, to the United States District Court for the Eastern District of Pennsylvania.  This case is removable because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are diverse in citizenship.

## BACKGROUND

1.     A civil action has been brought against defendants HP in the Court of Common Pleas of Philadelphia County, Pennsylvania, entitled *Farmington Casualty Company a/s/o The Estate of Thomas R. Highland.*, under Case No.: 230300532.   Defendants HP exercises its rights under the provisions of 28 U.S.C. §§ 1332 and 1441 to remove this action from the Court of

Common Pleas of Philadelphia County (the "State Court"), in which this action is now pending to the United States District Court for the Eastern District of Pennsylvania.

2.      This action was commenced by plaintiff by the filing of a Complaint on or about December 21, 2020.  Plaintiff filed the Complaint on or about March 6, 2023.  A copy of the Complaint is attached hereto as Exhibit "A."

3.      Plaintiff seeks recovery of payments made under an insurance policy issued to Thomas R. Highland (deceased), stemming from a residential house fire that occurred on May 30, 2021 in Carbon County, Pennsylvania.  Exhibit A at ¶¶ 17-28.

4.      Plaintiff associates the cause of the fire with an alleged malfunction and/or defect of an HP laptop computer.  *Id.*

5.      As set forth in Plaintiff's Complaint, Lynne S. Highland suffered life ending injuries in the fire on May 30, 2021.  Exhibit A at ¶ 6.

6.      Plaintiff alleges Thomas R. Highland also sustained life ending injuries in the fire and passed away on March 25, 2022.  Exhibit A at ¶ 8.

## **GROUNDS FOR REMOVAL**

7.      Removal is appropriate under 28 U.S.C. § 1441 because this is an action "of which the district courts of the United States have original jurisdiction." Specifically, this Court has jurisdiction over this action under 28 U.S.C. § 1332, which confers original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different states."

8.      Upon information and belief, at the time of the filing of this Notice of Removal, and at the time of the commencement of this action:

a.    Plaintiff, Farmington Casualty Company, is a Connecticut corporation with a principal place of business at One Tower Square, Hartford, Connecticut 06183-30004.  Exhibit A at ¶ 1.

b.    Defendant, HP, is a Delaware corporation organized and existing under and by virtues of the laws of the State of Delaware, with its principal place of business in Palo Alto, California.

c.    Defendant, Penteledata, is a Pennsylvania corporation and, upon information and belief, has not been served Plaintiff's Complaint at the time of the instant removal.

9.    There is complete diversity of citizenship between the plaintiff and defendants in this action. The amount in controversy alleged by plaintiff is anticipated to exceed the sum of $75,000.00, exclusive of interests and costs.

10.    As a result of the foregoing, this is a civil action of which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 and is an action which may be removed to this Court by defendants pursuant to the provisions of 28 U.S.C. § 1441.

11.    The State Court in which this action was brought is located within the jurisdiction of this Court.

12.    A true copy of this notice will be promptly served upon counsel for plaintiff as required by law.

13.    Written notice of the filing of this notice will be promptly filed with the Prothonotary of the Court of Common Pleas of Philadelphia County, as required by law.

WHEREFORE, defendant and HP Inc., removes this action to this Honorable Court, request that this Honorable Court accept jurisdiction of this action and that henceforth this action

be placed on the docket of this Honorable Court for further proceedings, the same as though this

action had originally been instituted in this Honorable Court.

Respectfully submitted,

**VAUGHAN BAIO & PARTNERS**

BY:___*/s/ J. Fred Lorusso*_____
J. Fred Lorusso, Esq. (No. 92283)
Attorney for Defendant, HP Inc.
Two Logan Square
100 N. 18th Street, Suite 700
Philadelphia, PA 19103
T: 215-569-2400 | F:  215-665-8300
florusso@vaughanbaio.com

Dated: March 16, 2023

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I caused a true and correct copy of the within Notice of Removal to be served on the following this 16th day of March, 2023 via the Court's ECF notification system and via first class U.S. Mail, postage prepaid:

Kevin M. Kelly, Esquire
WILLIAM J. FERREN & ASSOCIATES
PO Box 2903
Hartford, CT 06104-2903
Email: kmkelly2@travelers.com

**VAUGHAN BAIO & PARTNERS**

BY:   */s/ J. Fred Lorusso*
J. Fred Lorusso, Esq. (No. 92283)
Attorney for Defendant, HP Inc.
Two Logan Square
100 N. 18th Street, Suite 700
Philadelphia, PA 19103
T: 215-569-2400 | F:  215-665-8300
florusso@vaughanbaio.com

Dated: March 16, 2023

# Exhibit "A"

WILLIAM J. FERREN & ASSOCIATES
By:  Kevin M. Kelly, Esquire
Attorney ID No.:  87413
PO Box 2903
Hartford, CT  06104-2903
(215) 274-1719
kmkelly2@travelers.com

Counsel for Plaintiff,
Farmington Casualty Company
a/s/o The Estate of Thomas R. Highland

*Filed and Attested by the
Office of Judicial Records
06 MAR 2023 08:45 am
G. IMPERATO*

---

| | | |
|---|---|---|
| FARMINGTON CASUALTY COMPANY | : | PHILADELPHIA COUNTY |
| as subrogee of  THE ESTATE OF | : | |
| THOMAS R. HIGHLAND | : | NO. |
| 1 Tower Square | : | |
| Hartford, CT 06183 | : | |
| | : | |
| Plaintiff, | : | |
| | : | JURY TRIAL DEMANDED |
| v. | : | |
| | : | |
| HP INC. | : | |
| 1501 Page Mill Rd. | : | |
| Palo Alto, CA 94304 | : | |
| | : | |
| and | : | |
| | : | |
| PENTELEDATA | : | |
| 540 Delaware Ave | : | |
| Palmerton, Pa. 18071 | : | |
| | : | |
| Defendants | : | |
| | : | |

## <u>NOTICE TO DEFEND</u>

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

Philadelphia Bar Association

Lawyer Referral and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333 TTY
(215) 451-6197

AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

*Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*

Asociacion De Licenciados
De Filadelfia Servicio De Referencia E Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333 TTY
(215) 451-6197

Case ID: 230300532

WILLIAM J. FERREN & ASSOCIATES
By:  Kevin M. Kelly, Esquire      Counsel for Plaintiff,
Attorney ID No.:  87413      Farmington Casualty Company
PO Box 2903      a/s/o The Estate of Thomas R. Highland
Hartford, CT  06104-2903
(215) 274-1719
kmkelly2@travelers.com

| | | |
|---|---|---|
| FARMINGTON CASUALTY COMPANY | : | PHILADLEPHIA COUNTY |
| as subrogee of  THE ESTATE OF | : | |
| THOMAS R. HIGHLAND | : | NO. |
| 1 Tower Square | : | |
| Hartford, CT 06183 | : | |
| | : | |
| Plaintiff, | : | |
| | : | JURY TRIAL DEMANDED |
| v. | : | |
| | : | |
| HP INC. | : | |
| 1501 Page Mill Rd. | : | |
| Palo Alto, CA 94304 | : | |
| | : | |
| and | : | |
| | : | |
| PENTELEDATA | : | |
| 540 Delaware Ave | : | |
| Palmerton, Pa. 18071 | : | |
| | : | |
| Defendants | : | |
| | : | |

## **COMPLAINT**

Plaintiff, Farmington Casualty Company a/s/o The Estate of Thomas R. Highland, by and through its attorneys, William J. Ferren & Associates, hereby file its Complaint against Defendants, HP Inc. and PenTeleData, and in support thereof, aver as follows:

## **PARTIES**

1.      Plaintiff, Farmington Casualty Company a/s/o The Estate of Thomas R. Highland (hereinafter "Plaintiff"), is a Connecticut corporation with a primary business address of One Tower Square, Hartford, Connecticut 06183-3004.

Case ID: 230300532

2.    Plaintiff insured the residential home owned by its subrogor, Thomas R. Highland and Lynn S. Highland (hereinafter "Highland"), located at 405 Center Ave, Jim Thorpe, Pa. 18229 (the "subject property"), in Carbon County, which sustained significant damages as a result of the incident set forth below.

3.    At all times relevant, Plaintiff had an insurance policy with Highland.

4.    At all times relevant, Plaintiff made certain payments under the terms of the insurance policy to Highland, which was in full force and effect at the time of the accident.

5.    Plaintiff became subrogated to the rights of Highland because of the aforementioned payments, the insurance policy and Pennsylvania law.

6.    As a result of the fire more fully described below, Lynn S. Highland suffered life ending injuries and she died on May 30, 2021.

7.    Lynne S. Highland was survived by her husband, Thomas R. Highland, and daughter, Jordan E. McCoy.

8.    As a result of the fire more fully described below, Thomas R. Highland suffered life ending injuries and he died on March 25, 2022.

9.    Thomas R. Highland was survived by his daughter, Jordan E. McCoy.

10.    On April 19, 2022, Jordan E. McCoy became the executrix of the Estate of Thomas R. Highland.

11.    HP Inc., (hereinafter "HP" or "Defendants") is a Delaware corporation with a principal place of business located at 1501 Page Mill Rd., Palo Alto, CA 94304 and regularly conducts business in the Commonwealth of Pennsylvania and Philadelphia County.  HP regularly conducts significant business in, and has sufficient minimum contacts with, or otherwise intentionally avails itself of the markets of the Commonwealth of Pennsylvania and specifically Philadelphia County through its business operations and sale of its products/services in Philadelphia

County, to include: regularly conducting business in Philadelphia through its sale of products and provision of services in Philadelphia County from which it generated significant dollars of business income.

12.     At all times relevant hereto, HP was in the business of designing, manufacturing, assembling, selling, servicing, distributing and/or marketing laptop computers, including the one owned by Highland (hereinafter "subject computer") at issue in this case.

13.     PenTeleData (hereinafter "PTD" or "Defendants") is a Pennsylvania corporation and/or limited liability company and/or partnership with a principal place of business located at 540 Delaware Ave, Palmerton, Pa. 18071 and regularly conducts business in the Commonwealth of Pennsylvania and Philadelphia County.  PTD regularly conducts significant business in, and has sufficient minimum contacts with, or otherwise intentionally avails itself of the markets of the Commonwealth of Pennsylvania and specifically Philadelphia County through its business operations and sale of its products/services in Philadelphia County, to include: regularly conducting business in Philadelphia County for decades through its sale of products and provision of services in Philadelphia County from which it generated millions of dollars of business income.

14.     At all times relevant hereto, PTD was in the business of selling, distributing and/or marketing laptop computers, including the subject computer at issue in this case.

## JURISDICTION AND VENUE

15.     This Court has jurisdiction over the Defendants because Defendants either have a principal place of business in Pennsylvania, are incorporated in Pennsylvania, or are registered to do business in Pennsylvania, have consented to jurisdiction in Pennsylvania and/or do sufficient business in, or have sufficient minimum contacts with, or otherwise intentionally avail itself of the markets of the Commonwealth of Pennsylvania through its business operations in Pennsylvania.

16.     Venue is properly laid in Philadelphia County pursuant to Pennsylvania Rules

of Civil Procedure 1006 and 2179, including because Defendants regularly conduct business in Philadelphia and/or may be served there.

## STATEMENT OF FACTS

17.     Plaintiff incorporates by reference the preceding averments as though set forth at length herein.

18.     Prior to May 30, 2021, Defendants designed, manufactured, assembled, tested, inspected, marketed, distributed, and placed into the stream of commerce the subject computer, and its component parts, said product being intended for use by consumers for the ordinary purpose associated with such computer.

19.     Prior to May 30, 2021, Plaintiff purchased the subject computer from Defendants for use at the subject property.

20.     Prior to May 30, 2021, Plaintiff operated and used the subject computer in a foreseeable, normal, ordinary, and intended manner.

21.     Prior to May 30, 2021, Plaintiff never experienced any problems with the functionality of the subject computer.

22.     On May 30, 2021, the subject computer malfunctioned and/or failed causing fire damage at the subject property.

23.     The failure of the subject computer caused extensive damages to Plaintiff's subrogor, as well as the imposition of additional expenses and hardship.

24.     At all times relevant hereto, the subject computer was not modified, changed, altered, misused or abused by Plaintiff, or any other users, after it was placed into the stream of commerce by the Defendants.

25.     At all times material hereto, the Defendants knew, and intended, that members

of the public would use their product, and they furthermore knew of the specific uses, purposes and requirements for which the subject computer would be utilized.

26.     The Defendants designed, manufactured, assembled, tested, inspected, marketed, distributed and placed into the stream of commerce the subject computer in a dangerous and defective condition.

27.     As a direct and proximate result of the aforementioned defects, Plaintiff's subrogor sustained the damages described herein.

28.     At all times relevant, Farmington Casualty Company (hereinafter "Travelers"), had an insurance policy with the Highland.  Travelers made certain payments under the terms of the policy, which was in full force and effect at the time of the incident. Because of said payments, Travelers became subrogated to the rights of its subrogor.  Thus, Travelers' claimed damages are fixed in the amount of what it paid to its subrogor, which are in excess of $50,000.00.

29.     The aforementioned subject computer malfunction and failure was directly and proximately caused by the Defendants as more fully described below.

## COUNT I – STRICT LIABILITY - HP

30.     Plaintiff incorporates herein by reference the above paragraphs as though same were fully set forth at length.

31.     HP is engaged in the business of designing, manufacturing, testing, inspecting, assembling, selling and distributing laptop computers, as well as their component parts, and furthermore specifically designed, manufactured, tested, inspected, assembled, sold, distributed and placed into the stream of commerce the subject computer at issue in this case.

32.     The subject computer was not modified, changed, altered, misused, or abused after HP placed the product into the stream of commerce.

33.     HP knew, and intended, that the subject computer would be used by members of the general public, and furthermore knew of the specific uses, purposes and requirements for which said product would be utilized.

34.     HP designed, tested, inspected, manufactured, sold and/or distributed into the stream of commerce the subject computer, including its component parts, in a dangerous and defective condition, which ultimately led to a catastrophic failure and/or malfunction.

35.     HP designed, manufactured, tested, inspected, sold and/or distributed the subject computer in a defective condition, unreasonably dangerous to Plaintiff, as well as other consumers.

36.     HP knew, or should have known, that the computer would, and did, reach Plaintiff without substantial change in the condition in which it was originally selected and sold.

37.     The subject computer was not altered in any manner that caused or contributed to the fire after the product originally left the possession of HP.

38.     Plaintiff operated the computer in a foreseeable, normal, ordinary and intended manner at all relevant times.

39.     The malfunction and failure, and resulting damages, were caused by the acts and/or omissions of HP, by and through its agents, servants, employees and/or representatives, acting within the course and scope of their employment and/or authority, for which HP is liable for the following reasons:

    a.  failing to design, manufacture, inspect, assemble, market and/or distribute a properly functioning and defect-free computer, which after reasonable and foreseeable use malfunctioned and/or catastrophically failed;

    b.  failing to properly design, manufacture, inspect, assemble, market and/or distribute the electrical components of the subject computer;

    c.  failing to properly determine that the computer, including its component parts, were not in a safe condition, and free of all material defects;

d.  designing, manufacturing, inspecting, assembling, marketing and/or distributing the subject computer when it knew, or should have known, that the product was unsafe and unfit for its intended use;

e.  designing, manufacturing, inspecting, assembling, marketing and/or distributing the subject computer when it knew, or should have known, that the product would be inadequate for the reasons for which it was purchased;

f.  designing, manufacturing, inspecting, assembling, marketing and/or distributing a computer which had unreasonably dangerous electrical components that caused the product to catastrophically fail and/or malfunction;

g.  designing, manufacturing, inspecting, assembling, marketing and/or distributing a dangerously defective computer that it knew, or reasonably should have known, exposed users to an unreasonable risk of harm;

h.  failing to properly and adequately design, manufacture, inspect, assemble, test, market, sell, and/or distribute the subject computer, including its electrical components, prior to introducing the product into the stream of commerce;

i.  failing to provide adequate and sufficient warnings and instructions with respect to the product, which rendered it defective and unreasonably dangerous;

j.  designing, manufacturing, inspecting, assembling, marketing, and/or distributing the subject computer in a defective condition which rendered the product hazardous and dangerous for its contemplated and intended use;

k.  designing, manufacturing and distributing a dangerously defective computer, including its component parts, that it knew, or reasonably should have known, exposed users to an unreasonable risk of fire;

l.  the subject computer was dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community of its characteristics;

m.  the probability of injury times the gravity of injury under the current design of the subject computer is more than the cost of an alternative reasonable design plus the diminished utility resulting from modifying the design;

n.  common experience teaches that the failure and malfunction would not have occurred in the subject computer in the absence of a defect;

o.  failing to properly and adequately design, manufacture, inspect, assemble, test, market, sell, and/or distribute the subject computer, including its electrical components and batteries, prior to introducing the product into the stream of commerce; and

p.  the foreseeable risks associated with the design of the subject computer exceed all benefits.

40.     The aforementioned defects, or defective conditions, existed at the time that

Case ID: 230300532

HP placed the subject computer into the stream of commerce.

41.     The defective, unreasonably dangerous and unsafe condition of the subject computer were a direct and proximate cause of the damages and business interruption sustained by Plaintiff.

42.     For these reasons, HP is strictly liable to Plaintiff under Section 402A of the Restatement (2d) of Torts and the applicable law of the Commonwealth of Pennsylvania.

43.     As a direct and proximate result of the aforementioned defects, Plaintiff's subrogor sustained damages to their real and personal property and additional expenses.

**WHEREFORE,** Plaintiff, Farmington Casualty Company a/s/o The Estate of Thomas R. Highland, demands judgment in their favor and against  Defendants,  HP Inc. and PenTeleData, in an  amount  in  excess  of $50,000.00, plus interest, costs of suit, delay damages, and such other relief as the Court deems appropriate under the circumstances.

### <u>COUNT II –NEGLIGENCE - HP</u>

44.     Plaintiff incorporates herein by reference the above paragraphs as though same were fully set forth at length.

45.     The aforementioned damages were the direct and proximate result of the negligence and carelessness of HP – by and through its employees, agents, technicians, vendors, subcontractors, and/or servants – as is more specifically described below:

    a. failing to manufacture, assemble, sell, design, transport, distribute and/or market a properly functioning product;

    b. failing to properly inspect and/or test the product and/or its component parts;

    c. failing to properly determine that the product and/or its component parts were not in compliance with applicable standards;

    d. failing to provide safe and adequate warnings or instructions with the product;

    e. designing, manufacturing, marketing, distributing and/or selling the product when it knew or should have known that the product and/or its component parts would be inadequate for the reasons for which it was purchased;

    f. failing to adequately instruct, supervise and/or train servants, employees and agents as to the proper ways to perform the tasks  set forth in subparagraph (a)-

(e);

g.  failing to adequately warn Plaintiff and others of the dangers and hazardous conditions resulting from the conduct set forth in subparagraph (a)-(e) above;

h.  failing to provide, establish, and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a)-(e) above;

i.  failing to properly monitor the work of all agents and/or employees during the performance of the tasks set forth in subparagraph (a)-(e) above to ensure compliance with applicable safety procedures;

j.  failing to retain competent, qualified and/or able agents, employees or servants to perform the tasks set forth in subparagraph (a)-(e) above;

k.  failing to perform the tasks set forth in subparagraph (a)-(e) above in conformity with the prevailing industry and governmental specifications and standards; and/or

l.  violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to this action.

46.    As a direct and proximate result of the aforementioned defects, Plaintiff's subrogor sustained damages, business interruption and additional expenses.

**WHEREFORE,** Plaintiff, Farmington Casualty Company a/s/o The Estate of Thomas R. Highland, demands judgment in their favor and against  Defendants,  HP Inc. and PenTeleData, in an amount in excess of $50,000.00, plus interest, costs of suit, delay damages, and such other relief as the Court deems appropriate under the circumstances.

## <u>COUNT III – BREACH of WARRANTIES - HP</u>

47.    Plaintiff incorporates herein by reference the above paragraphs as though same were fully set forth at length.

48.    At the time of the sale and/or distribution of the product, HP had reason to know the particular purpose to which the subject computer would be used (i.e. residential home use) and that it was being relied upon to furnish a suitable product.

49.    In light of the negligence, breaches, failures and harms alleged herein, HP

breached the implied warranty of fitness for a particular purpose as set out in the Uniform Commercial Code (hereinafter "UCC") at 13 Pa. C.S.A. § 2-315 in that the product was not fit for the particular purpose for which such products are required under normal operation.

50.       In addition, HP breached its implied warranty of merchantability as set out in 13 Pa. C.S.A. § 2-314 (c) in that the product was not fit for the ordinary uses for which the product was used.

51.       In addition, HP breached any and all express warranties made or relating to the product that became part of the basis of the bargain for sale of the product in violation of 13 Pa. C.S.A. § 2-313.

52.       HP has better access to all written forms of said warranties and therefore is not prejudiced by Plaintiff's inability to attach them hereto.

53.       Plaintiff's damages as set forth above occurred as a direct and proximate result of the breach by HP of its implied warranties of fitness for a particular purpose and merchantability as set out in 13 Pa. C.S.A. § 2-315 and § 2-314, and as a result of the breach of its expressed warrantees in violation of 13 Pa. C.S.A. § 2-313.

54.       Plaintiff has met any and all conditions precedent to recovery for such breaches.

55.       As a direct and proximate result of the aforementioned defects, Plaintiff's subrogor sustained damages to their real and personal property and additional expenses.

**WHEREFORE,** Plaintiff, Farmington Casualty Company a/s/o The Estate of Thomas R. Highland, demands judgment in their favor and against Defendants, HP Inc. and PenTeleData, in an amount in excess of $50,000.00, plus interest, costs of suit, delay damages, and such other relief as the Court deems appropriate under the circumstances.

**COUNT IV – STRICT LIABILITY - PTD**

56.        Plaintiff incorporates herein by reference the above paragraphs as though same were fully set forth at length.

57.        PTD is engaged in the business of marketing, selling and distributing computers, as well as their  component parts, and PTD furthermore specifically marketed, sold, distributed and placed into the stream of commerce the subject computer at issue in this case.

58.        The subject computer was not modified, changed, altered, misused, or abused after PTD placed the product into the stream of commerce.

59.        PTD knew, and intended, that the subject computer would be used by members of the general public, and furthermore knew of the specific uses, purposes and requirements for which said product would be utilized.

60.        PTD marketed, sold and/or distributed into the stream of commerce the subject computer, including its component parts, in a dangerous and defective condition, which ultimately led to a catastrophic failure and/or malfunction.

61.        PTD marketed, sold and/or distributed the subject computer in a defective condition, unreasonably dangerous to Plaintiff, as well as other consumers.

62.        PTD knew, or should have known, that the computer would, and did, reach Plaintiff without substantial change in the condition in which it was originally selected and sold.

63.        The subject computer was not altered in any manner that caused or contributed to the malfunction and failure after the product originally left the possession of PTD.

64.        Plaintiff operated the computer in a foreseeable, normal, ordinary and intended manner at all relevant times.

65.        The malfunction and failure, and resulting damages, were caused by the acts

and/or omissions of PTD, by and through its agents, servants, employees and/or representatives,

acting within the course and scope of their employment and/or authority, for which PTD is liable

for the following reasons:

    a.  failing to design, manufacture, inspect, assemble, market and/or distribute a properly functioning and defect-free computer, which after reasonable and foreseeable use malfunctioned and/or catastrophically failed;

    b.  failing to properly design, manufacture, inspect, assemble, market and/or distribute the electrical components of the subject computer;

    c.  failing to properly determine that the computer, including its component parts, were not in a safe condition, and free of all material defects;

    d.  designing, manufacturing, inspecting, assembling, marketing and/or distributing the subject computer when it knew, or should have known, that the product was unsafe and unfit for its intended use;

    e.  designing, manufacturing, inspecting, assembling, marketing and/or distributing the subject computer when it knew, or should have known, that the product would be inadequate for the reasons for which it was purchased;

    f.  designing, manufacturing, inspecting, assembling, marketing and/or distributing a computer which had unreasonably dangerous electrical components that caused the product to catastrophically fail and/or malfunction;

    g.  designing, manufacturing, inspecting, assembling, marketing and/or distributing a dangerously defective computer that it knew, or reasonably should have known, exposed users to an unreasonable risk of harm;

    h.  failing to properly and adequately design, manufacture, inspect, assemble, test, market, sell, and/or distribute the subject computer, including its electrical components, prior to introducing the product into the stream of commerce;

    i.  failing to provide adequate and sufficient warnings and instructions with respect to the product, which rendered it defective and unreasonably dangerous;

    j.  designing, manufacturing, inspecting, assembling, marketing, and/or distributing the subject computer in a defective condition which rendered the product hazardous and dangerous for its contemplated and intended use;

    k.  designing, manufacturing and distributing a dangerously defective computer, including its component parts, that it knew, or reasonably should have known, exposed users to an unreasonable risk of failure and/or malfunction;

    l.  the subject computer was dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community of its characteristics;

    m.  the probability of injury times the gravity of injury under the current design of

Case ID: 230300532

the subject computer is more than the cost of an alternative reasonable design plus the diminished utility resulting from modifying the design;

n. common experience teaches that the fire would not have occurred in the subject computer in the absence of a defect;

o. failing to properly and adequately design, manufacture, inspect, assemble, test, market, sell, and/or distribute the subject computer, including its electrical components and batteries, prior to introducing the product into the stream of commerce; and

p. the foreseeable risks associated with the design of the subject computer exceed all benefits.

66. The aforementioned defects, or defective conditions, existed at the time that PTD placed the subject computer into the stream of commerce.

67. The defective, unreasonably dangerous and unsafe condition of the subject computer were a direct and proximate cause of the damages sustained by Plaintiff.

68. For these reasons, PTD is strictly liable to Plaintiff under Section 402A of the Restatement (2d) of Torts and the applicable law of the Commonwealth of Pennsylvania.

69. As a direct and proximate result of the aforementioned defects, Plaintiff's subrogor sustained damages, business interruption and additional expenses.

**WHEREFORE,** Plaintiff, Farmington Casualty Company a/s/o The Estate of Thomas R. Highland, demands judgment in their favor and against Defendants, HP Inc. and PenTeleData, in an amount in excess of $50,000.00, plus interest, costs of suit, delay damages, and such other relief as the Court deems appropriate under the circumstances.

## COUNT V –NEGLIGENCE - PTD

70. Plaintiff incorporates herein by reference the above paragraphs as though same were fully set forth at length.

71. The aforementioned damages were the direct and proximate result of the negligence and carelessness of PTD – by and through its employees, agents, technicians, vendors, subcontractors, and/or servants – as is more specifically described below:

a. failing to manufacture, assemble, sell, design, transport, distribute and/or market a properly functioning product;

b. failing to properly inspect and/or test the product and/or its component parts;

c. failing to properly determine that the product and/or its component parts were not in compliance with applicable standards;

d. failing to provide safe and adequate warnings or instructions with the product;

e. designing, manufacturing, marketing, distributing and/or selling the product when PTD knew or should have known that the product and/or its component parts would be inadequate for the reasons for which it was purchased;

f. failing to adequately instruct, supervise and/or train servants, employees and agents as to the proper ways to perform the tasks set forth in subparagraph (a)-(e);

g. failing to adequately warn Plaintiff and others of the dangers and hazardous conditions resulting from the conduct set forth in subparagraph (a)-(e) above;

h. failing to provide, establish, and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a)-(e) above;

i. failing to properly monitor the work of all agents and/or employees during the performance of the tasks set forth in subparagraph (a)-(e) above to ensure compliance with applicable safety procedures;

j. failing to retain competent, qualified and/or able agents, employees or servants to perform the tasks set forth in subparagraph (a)-(e) above;

k. failing to perform the tasks set forth in subparagraph (a)-(e) above in conformity with the prevailing industry and governmental specifications and standards; and/or

l. violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to this action.

72.     As a direct and proximate result of the aforementioned defects, Plaintiff's subrogor sustained damages, business interruption and additional expenses.

**WHEREFORE,** Plaintiff, Farmington Casualty Company a/s/o The Estate of Thomas R. Highland, demands judgment in their favor and against Defendants, HP Inc. and PenTeleData, in an amount in excess of $50,000.00, plus interest, costs of suit, delay damages, and such other relief as the Court deems appropriate under the circumstances.

## COUNT VI – BREACH of WARRANTIES - PTD

73.     Plaintiff incorporates herein by reference the above paragraphs as though same were fully set forth at length.

74.     At the time of the sale and/or distribution of the product, PTD had reason to know the particular purpose to which the subject computer would be used (i.e. residential home use) and that it was being relied upon to furnish a suitable product.

75.     In light of the negligence, breaches, failures and harms alleged herein, PTD breached the implied warranty of fitness for a particular purpose as set out in the Uniform Commercial Code (hereinafter "UCC") at 13 Pa. C.S.A. § 2-315 in that the product was not fit for the particular purpose for which such products are required under normal operation.

76.     In addition, PTD breached its implied warranty of merchantability as set out in 13 Pa. C.S.A. § 2-314 (c) in that the product was not fit for the ordinary uses for which the product was used.

77.     In addition, PTD breached any and all express warranties made or relating to the product that became part of the basis of the bargain for sale of the product in violation of 13 Pa. C.S.A. § 2-313.

78.     PTD has better access to all written forms of said warranties and therefore is not prejudiced by Plaintiff's inability to attach them hereto.

79.     Plaintiff's damages as set forth above occurred as a direct and proximate result of the breach by PTD of its implied warranties of fitness for a particular purpose and merchantability as set out in 13 Pa. C.S.A.  § 2-315 and § 2-314, and as a result of the breach of its expressed warrantees in violation of 13 Pa. C.S.A. § 2-313.

80.     Plaintiff has met any and all conditions precedent to recovery for such

breaches.

81.     As a direct and proximate result of the aforementioned defects, Plaintiff's subrogor sustained damages, business interruption and additional expenses.

**WHEREFORE,** Plaintiff, Farmington Casualty Company a/s/o The Estate of Thomas R. Highland, demands judgment in their favor and against  Defendants,  HP Inc. and PenTeleData, in an  amount  in  excess  of $50,000.00, plus interest, costs of suit, delay damages, and such other relief as the Court deems appropriate under the circumstances.


                                        **WILLIAM J. FERREN & ASSOCIATES**


                            By: _/s/ Kevin M. Kelly_____
                                        **KEVIN M. KELLY, ESQUIRE**
                                        PA ID  87413
                                        PO Box 2903
                                        Hartford, CT  06104
                                        215-274-1719
                                        Counsel for Plaintiff,
                                        Farmington Casualty Company
                                        a/s/o The Estate of Thomas R. Highland


Date:   March 6, 2023

Case ID: 230300532

**VERIFICATION**

I, Maurice L. BrownIPH3598

, under the penalties of perjury, state that I am a representative of Farmington Casualty Company a/s/o The Estate of Thomas R. Highland ("Travelers"); that I am authorized to make this verification on behalf of Travelers, that I have read the Complaint; that I do not have, and am informed that no single officer or agent of Travelers has personal knowledge of all matters set forth in the Complaint; that the Complaint was prepared by counsel from information provided by myself and certain employees from Travelers who were designated to assemble such material and are based on their personal knowledge or that of other persons who were consulted and on examination of records maintained by Travelers during the regular course of business; and that upon information and belief the Complaint is true and correct to the best of my knowledge after due inquiry.