IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FARMINGTON CASUALTY COMPANY as subrogee of THE ESTATE OF THOMAS R. HIGHLAND | : : : : | CIVIL ACTION |
| Plaintiff(s), | : : | NO. 2:23-cv-01022 |
| v. | : : | JURY TRIAL DEMANDED |
| HP INC. | : : | |
| and | : : | |
| PENTELEDATA | : : | |
| Defendant(s). | : : : | |

**RESPONSE IN OPPOSITION OF PLAINTIFF,
FARMINGTON CASUALTY COMPANY AS SUBROGEE
OF THE ESTATE OF THOMAS R. HIGHLAND TO DEFENDANT
HP, INC.'S MOTION TO TRANFER VENUE**

I. **MATTER BEFORE THE COURT**

On July 28, 2023, Defendant, HP, Inc. ("HP"), filed its Motion to Transfer Venue to the U.S. District Court for the Middle District of Pennsylvania Pursuant to 28 U.S.C. § 1404(a). (Doc. 18). Before the Court is Plaintiff's, Farmington Casualty Company a/s/o Thomas R. Highland ("Plaintiff"), Response in Opposition seeking an Order denying HP's Motion with prejudice based upon the grounds set forth below and those set forth in Plaintiff's Motion for Remand and Consolidation (Doc. 19).

II. **COUNTER QUESTIONS PRESENTED**

Whether HP has failed to meet its burden in establishing that this matter should not be remanded and consolidated with the pending Philadelphia County state action with similar parties,

evidence, witnesses, experts, facts and causes of action, but instead should remain in federal court and be transferred to the Middle District?

**Suggested Answer: Yes.**

### III. COUNTER STATEMENT OF FACTS AND PROCEDURAL HISTORY

So as to save the Court's time and efforts in this matter, Plaintiff incorporates its Facts and Procedural History from its Motion for Remand and Consolidation (Doc. 19) herein as though set forth at length herein.

### IV. ARGUMENT

#### A. Transferring This Action From The Eastern District Of Pennsylvania To Middle District Of Pennsylvania Is Less Convenient For The Parties And Does Not Serve The Interests Of Justice

##### 1. Legal Standard

Plaintiff does not disagree with the legal standard cited by HP in its Motion, but rather disagrees with the way in which HP applies the facts and evidence of this matter to the applicable standard. Further, Plaintiff incorporates its Motion for Remand and Consolidation as though set forth at length herein (Doc. 19).

There is little doubt that in order to determine whether to grant a motion to transfer an action, Courts in the Third Circuit consider at least twelve (12) factors, which the *Jumara* Court aptly categorized as private and public interest factors. Private interest factors that courts in the Third Circuit consider are: (1) the plaintiff's choice of forum; (2) the defendant's forum preference; (3) where the claim arose; (4) the convenience of the parties as indicated by their physical and financial condition; (5) the convenience of the witnesses to the extent of their unavailability for trial in one of the fora; (6) the location of documents and other evidence. Whereas the public interest factors the Third Circuit Courts consider include: (7) the enforceability of the judgment;

(8) practical consideration regarding trial; (9) relative administrative difficulty in the two fora due to court congestion; (10) the interest in deciding local controversies; (11) the public policies of the two fora; and (12) in diversity cases, the court's familiarity with the applicable state law. See *Jumara*, 55 F.3d at 879.

### 2. The Mere Fact That The Claim Arose In Jim Thorpe, Carbon County, Is Irrelevant

HP dedicates one paragraph to a half-heated argument in its brief that because the location of loss and the subrogor, Jordan McCoy, are both located in the Middle District then the Middle District must be the correct venue for the matter. (Doc. 18, Pg. 6). Again, this ignores the twelve factors cited by the *Jumara* Court.

It is best to examine the twelve factors from the *Jumara* Court chronologically at the outset of the argument rather than attempting to pick favorable factors piecemeal and form an argument around then as HP has attempted to do in its brief. (Doc. 18).

1. Plaintiff's Choice of Forum

Plaintiff chose the forum of state court in the Philadelphia County Court of Common Pleas. *See Exhibit "A."* HP then removed the matter to the Eastern District (not the Middle District) when it made its first filing. (Doc. 1). The executrix of the estate, Jordan McCoy, also chose Philadelphia County Court of Common Pleas as the venue for her related personal injury/wrongful death action. *See Exhibit "B."*

2. Defendant's Forum Preference

Although HP claims that its forum choice is the Middle District of Pennsylvania in its brief (Doc. 18, Pg. 7), when HP removed this matter from state court, HP removed the case to the Eastern District of Pennsylvania, waited more than four months, then decided that the Middle District was more attractive for it and filed the within Motion (Doc. 18). Further, HP remains a

3

Defendant in the Philadelphia County Court of Common Pleas matter styled: *Jordan E. McCoy, et. al. v. HP, Inc., et. al., Docket No. 230502695*. *See Exhibit "B."* HP hasn't filed for removal in that matter or sought to transfer venue or claim *forum non conveniens*. *See Exhibit "E."* Instead, HP has accepted Philadelphia County Court of Common Pleas as the best venue for the personal injury/wrongful death case that involves the same date of loss, same experts, nearly the same parties, same evidence and the same questions of law and fact. It would appear that Defendant's choice of forum is first, Philadelphia County Court of Common Pleas, and second, Eastern District of Pennsylvania, and last, Middle District of Pennsylvania, based purely on objective conduct.

3. <u>Where the Claim Arose</u>

The claim arose in Jim Thorpe, Pennsylvania, which is within Carbon County. However, the evidence, counsel and experts all reside outside Jim Thorpe. Further, the daughter and executrix of her two parents that either died in the fire or from complications of the fire thereafter, Jordan McCoy, chose to file her personal injury action in in the Philadelphia County Court of Common Pleas matter styled: *Jordan E. McCoy, et. al. v. HP, Inc., et. al., Docket No. 230502695*. *See Exhibit "B."* Where this claim arose is of little significance because the parties have already inspected and tested the evidence on multiple dates, are capable of using videoconference technology, such as Teams or Zoom, have the evidence stored in an evidence facility not in Jim Thorpe and have counsel, experts and designee parties that do not reside in Jim Thorpe or Carbon County. *See Exhibits "C" & "D."* Likewise, Ms. McCoy's legal counsel, Ray Mack, consents to the consolidation of the two matters in the Philadelphia County Court of Common Pleas. *See Exhibit "F."*

4. <u>The Convenience of the Parties as Indicated by their Physical and Financial Condition</u>

It would appear that the only true physical and financial consideration to consider in this matter is that of the personal injury plaintiff and subrogor, Jordan McCoy. As stated previously, her chosen forum is the Philadelphia County Court of Common Pleas, where she filed her personal injury action. *See Exhibit "B."* HP hasn't filed for removal in that matter or sought to transfer venue or claim *forum non conveniens*. *See Exhibit "E."* Instead, HP has accepted Philadelphia County Court of Common Pleas as the most convenient forum. Regardless, the convenience of large corporations, such as HP and/or Travelers, is much less important than respecting the convenience of the personal injury victim who recently lost two parents to a fire started by HP's product.

5. <u>The Convenience of the Witnesses to the Extent of their Unavailability for Trial in One of the Fora</u>

The convenience of the witnesses is very important to consider in this matter. The most important witness is the personal injury plaintiff and subrogor, Jordan McCoy. As stated previously, her chosen forum is the Philadelphia County Court of Common Pleas, where she filed her personal injury/wrongful death action, and she is available to testify in that forum, whether by videoconference or in-person. *See Exhibit "B."* Likewise, important expert witnesses, such as Plaintiff's fire expert, electrical engineer and battery specialist, all regularly appear in Philadelphia County Court of Common Pleas and will not have issue with appearing via videoconference or in person. Regardless, the convenience of large corporations, such as HP and/or Travelers, is much less important regarding their unavailability, particularly with the ability to use technology, such as Teams or Zoom, with their respective designees spread out throughout the United States and overseas.

      **6.**  <u>The Location of Documents and Other Evidence</u>

The location of the documents are with counsel and are readily available through electronic means. It is anticipated that 100% of all written discovery will take place electronically via email or file sharing services. For example, Plaintiff has already made its Rule 26(a)(1) disclosures via electronic means and has served Interrogatories and Request to Produce via electronic means as well. As for the evidence, it remains housed in an Evidence Storage Facility that is accessible by all parties and has been accessed on three occasions in the past by counsel, experts and the parties. *See Exhibits "C" & "D."* Most of the examination and testing of the evidence, if not all, is already completed. *See Exhibits "C" & "D."*

      **7.**  <u>The Enforceability of the Judgment</u>

The judgment in this matter will be equally enforceable regardless of the venue. However, if the judgment needs to be docketed and enforced, it will take one less step to docket it state court and commence by writ of execution when compared to federal court.

      **8.**  <u>Practical Consideration Regarding Trial</u>

Trial in this matter makes practical sense in Philadelphia, where Jordan McCoy, chose to file her personal injury/wrongful death action in the Philadelphia County Court of Common Pleas matter styled: *Jordan E. McCoy, et. al. v. HP, Inc., et. al., Docket No. 230502695*. *See Exhibit "B."* It is further noted that Plaintiff subrogee also chose to file its matter in Philadelphia, but was removed by HP. *See Exhibit "A."* HP did not, however, remove the personal injury/wrongful death action from state to federal court or do much of anything else in that matter. *See Exhibit "E."* Since all of the evidence, experts and counsel will be in and around Philadelphia, practical considerations appear to dictate toward remanding and consolidating this matter with the McCoy personal injury action in Philadelphia. (See Doc. 19) *See, also, Exhibits "A," "B," "E" & "F."*

**9.** <u>Relative Administrative Difficulty in the Two Fora due to Court Congestion</u>

Neither Philadelphia Court of Common Pleas, nor Eastern District of Pennsylvania seem to have a considerable backlog of matters that would create congestion for the within matter or the applicable court system. Public data from <u>uscourts.gov</u> appears to indicate that a much greater backlog and congestion exists in the Middle District of Pennsylvania when compared to the Eastern District. *See Exhibit "G."*

**10.** <u>The Interest in Deciding Local Controversies</u>

Regardless of a verdict coming down in Philadelphia, the Eastern District or the Middle District, the interest in deciding local controversies will be served. None of the aforementioned venues is so remote as to have an alienated decision in a Court too far removed from the incident location. However, state courts do tend to hear and decide more negligence claims, as is asserted here, than either federal venue, and may lean this factor toward Philadelphia.

**11.** <u>The Public Policies of the Two Fora</u>

Much like the previous factor, the public policies of each venue will not vary widely. Regardless of a verdict coming down in Philadelphia, the Eastern District or the Middle District, the public interest and policies of the area will be served. No venue is so remote as to have an alienated decision in a Court too far removed from the incident location. However, state courts do tend to hear and decide more negligence claims, as asserted here, than either federal venue. Again, this may also lean this factor in Philadelphia's direction.

**12.** <u>In Diversity Cases, the Court's Familiarity with the Applicable State Law</u>

HP has alleged that this is diversity matter. (Doc. 1). Assuming that it is for purposes of this factor, and disregarding Plaintiff's Motion to Remand and Consolidate (Doc. 19), all the proposed courts would be familiar with the applicable state law. However, as stated previously,

7

state courts do tend to hear and decide more negligence claims, as asserted here, than either federal venue. Again, this may also lean this factor in Philadelphia's direction.

**13.** <u>The Twelve Factors Way Against Transferring Venue to the Middle District</u>

At best, HP may have one or two factors weighing in favor of transfer, if any, while the Plaintiff has nearly run the table of factors demonstrating that almost all the factors weigh against transfer to the Middle District, but rather point to the need to remand and consolidate this matter with the personal injury/wrongful death action in the Philadelphia County Court of Common Pleas matter styled: *Jordan E. McCoy, et. al. v. HP, Inc., et. al.*, Docket No. 230502695.

### 3. Most Witnesses, Experts, Counsel, Evidence And Companion Case Reside In And Around Philadelphia County

HP next argues that the Middle District will be a more convenient forum because we are in the early stages of litigation (HP has done little since transferring the matter over five months ago) and "all key occurrences, evidence and the majority of key witnesses were or are in the Middle District." (Doc. 18, Pg. 7). HP then goes on to haphazardly address the *Jumara* factors, skipping some factors altogether and barely addressing other factors. (Doc. 18, Pg. 7-8).

On May 25, 2023, about two and a half months after Plaintiff initiated its action, Plaintiff, in another related matter, Jordan E. McCoy, initiated her action in the Philadelphia County Court of Common Pleas related to the exact same incident and involving near identical parties. *See Exhibit "B."* The Complaints are very similar, stem from the same incident, involve the same parties, implicate the same evidence, involve the same experts and involve the same questions of fact and law. *Compare Exhibits "A" & "B."* See also, *Exhibits "C" & "D."*

If this action remains in the Eastern District or is transferred to the Middle District, there will be no requirement that the parties coordinate their respective discovery plans, which will lead to duplicative depositions of witnesses and experts, along with duplicative written discovery

responses and answers.  This will likely lead to discovery motions seeking protective orders or the striking of certain discovery that each litigant believes they are entitled to conduct and receive. Likewise, one matter might be deemed ready for trial while the other is still in the discovery phase, particularly if this matters November 2023 deadline remains intact and Philadelphia County has yet to even list the *McCoy* matter for a case management conference. *See Exhibit "E."*

The McCoy case is likely to be placed on the complex track in Philadelphia since there are at least four defendants and it is a wrongful death case. *See Exhibits "B" & "E."* The case will likely not get called to trial until May of 2025, with discovery wrapping up late in 2024, which will be a year or more after the within action's discovery is to be completed. Further, both defendant's counsel from the within matter, Warren Sperling and Andrew Campbell, have entered their appearance in the Philadelphia County matter to defend HP.  *See Exhibit "E."*  This will create an unfair advantage for them.  It should be noted that counsel has not attempted to remove HP in that matter or filed for a change of venue, but instead has allowed the action to remain in Philadelphia County, despite over two months in which it could have been removed or venue questioned. *See Exhibit "E."*

Instead of running the risk of inconsistent judicial decisions in these very similar matters with nearly identical parties, it would make sense to remand and consolidate these matters for multiple reasons: (1) consistent rulings; (2) fair treatment of the parties; (3) consistent application of the law to fact and fact to the law; (4) streamlined written discovery; (5) streamlined depositions; (6) streamlined expert discovery; (7) prudent use of judicial resources; (8) eliminate duplicative issues, hearings, rulings, discovery and trials; (9) judicial efficiency; (10) convenience of the parties and counsel; and (11) to avoid prejudice.  Again, each case involves the same date of loss, the same origin and cause analysis as to the fire and failure of the HP Laptop and battery,

the same experts, nearly the same litigants and the same questions of law and fact. The only major difference between the two matters is that one seeks personal injury damages for wrongful death, while the other seeks subrogated property damages of $451,676.64. The burden of proof for each matter is nearly identical, with the Plaintiffs having to prove strict liability, negligence and breach of warranties.

Since HP has not and cannot remove the matter from Philadelphia County Court of Common Pleas and our matter involves the significant similarities described above, it would appear that remand of this matter to Philadelphia County and consolidation of the two cases is warranted. Further, counsel for Plaintiff in the McCoy matter consents to the consolidation as described herein. *See Exhibit "F."* Transferring the matter to the Middle District makes little to no sense whether weighing all the *Jumara* factors together, or taking each individually. HP has not met its burden in this regard by putting forth any compelling reason to transfer the matter to the Middle District under any perceived factual or legal scenario.

### 4. There Are Major Legal, Practical And Administrative Impediments To Transferring the Case Anywhere But Philadelphia County

HP next inexplicably argues that "trial in the Middle District would be manifestly simpler, logistically, given that this Court is approximately 84 miles away from Jim Thorpe where the operative facts arose." (Doc. 18, Pg. 9). It's not clear which "Court" HP is referring to, as the Middle District has courthouses in Scranton, Harrisburg, Williamsport, and Wilkes-Barre.[1] Either way, the distance from Jim Thorpe to either venue requires a drive of more than a few miles, and in some cases, a drive to the Middle District Courthouse may even be longer than a drive from Jim

---

[1] Based on counsel's quick Google search on August 1, 2023, it would appear that it is 82 miles from Jim Thorpe to Philadelphia, but 90 miles from Jim Thorpe to Williamsport, 88 miles to Harrisburg, 49 miles to Scranton and 37 miles to Wilkes-Barre. If logistics are truly the only concern regarding the proper venue, the parties are at greater risk at traveling farther if the matter is transferred to the Middle District when a Judge from Williamsport or Harrisburg is assigned to the case.

Thorpe to Philadelphia. Both Williamsport and Harrisburg are further away from Jim Thorpe than is Philadelphia.

Regardless of logistics, there are major legal, practical and administrative impediments to transferring this case to anywhere but the Philadelphia County Court of Common Pleas. (See Doc. 19). All of these pitfalls and issues were set forth above and in Plaintiff's Motion for Remand and Consolidation (Doc. 19), which is currently pending before this Honorable Court, and was incorporated herein.

### V.  CONCLUSION

Defendant, HP, Inc.'s Motion to Transfer Venue to the U.S. District Court for the Middle District of Pennsylvania Pursuant to 28 U.S.C. § 1404(a), should be denied with prejudice. Based on the sound reasons in Plaintiff's opposition papers, as well as Plaintiff's Motion for Remand and Consolidation (Doc. 19), Plaintiff respectfully requests that this Honorable Court deny HP's Motion with prejudice and remand and consolidate this matter with *Jordan E. McCoy, et. al. v. HP, Inc., et. al., Docket No. 230502695*, in the Court of Common Pleas of Philadelphia County.

        Respectfully submitted,

        WILLIAM J. FERREN & ASSOCIATES

By  /s/Kevin M. Kelly
      Kevin M. Kelly, Esquire
      *Attorney for Plaintiff, Farmington Casualty Company as subrogee of the Estate of Thomas R. Highland*

DATED: August 2, 2023

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FARMINGTON CASUALTY COMPANY as subrogee of THE ESTATE OF THOMAS R. HIGHLAND | : : : : | CIVIL ACTION |
| Plaintiff(s), | : : | NO. 2:23-cv-01022 |
| v. | : : | JURY TRIAL DEMANDED |
| HP INC. | : : | |
| and | : : | |
| PENTELEDATA | : : | |
| Defendant(s). | : : : | |

## CERTIFICATE OF SERVICE

I, Kevin M. Kelly, Esquire hereby certifies that a true and correct copy of Plaintiff Farmington Casualty Company as subrogee of the Estate of Thomas R. Highland's Response in Opposition to Defendant, HP Inc.'s Motion to Transfer Venue was served on August 2, 2023, upon all counsel via the Court's ECF filing system.

        WILLIAM J. FERREN & ASSOCIATES

        By: /s/Kevin M. Kelly
        KEVIN M. KELLY, ESQUIRE
        *Attorney for Plaintiff, Farmington Casualty Company as subrogee of the Estate of Thomas R. Highland*