# EXHIBIT A

**Subject:** [External] Acceptance of your E-Filing #2303010026
**From:** cp-efiling@courts.phila.gov
**Date:** 3/6/2023 10:03 AM
**To:** BRCPAFIL@travelers.com

**CAUTION: This email came from outside of the company.**
**Please exercise caution when opening attachments, clicking links or responding to this email. The original sender of this email is cp-efiling@courts.phila.gov.**

Dear Kevin M. Kelly,

The legal paper you electronically presented for filing has been reviewed by the Office of Judicial Records and is deemed filed as noted below.

The following information is provided for your records:

Caption:
FARMINGTON CASUALTY CO A/S/O THE ESTATE OF THOMAS HIGHLAND V
Case Number: 230300532

Date Reviewed and Accepted:
March 6, 2023 10:02 am EDT/DST

Date Presented to the Office of Judicial Records for Filing
and Date Deemed Filed:
March 06, 2023 08:45 am EDT/DST
Type of Pleading/Legal Paper:
COMPLAINT

E-File No.: 2303010026
Confirmation No.: 4B5D20426
Personal Reference No.: Highland
Filing Fee: $ 643.17

To retrieve the legal paper filed and any related notice, order or legal paper, log in to the Electronic Filing Web Site at http://courts.phila.gov using the Court-issued User Name and Password. You may also go directly to the legal paper/document by copying and pasting the following web address(es) into your browser or by clicking the link(s) below to view the related document(s). Each link represents a separate document filed in connection with this matter. Utilizing the link(s) below will only take you to the actual document. You will not be logged into the court's electronic filing system.

Final Cover
https://fjdefile.phila.gov/efsfjd/zk_ealib.open_doc?h=KcOnWydTe5_f1Jk

Highland .pdf
https://fjdefile.phila.gov/efsfjd/zk_ealib.open_doc?h=KdPnVxdUf5!e2Jk

You must serve the above legal paper and any related notice, order or legal paper on all parties as required by Pa.R.C.P.No.400 et seq.

You are reminded that Pa. O.C. Rule 4.7(c) requires that a hard copy of the legal paper you have filed electronically shall be signed and, as applicable, verified concurrently with the electronic filing of the legal paper, and shall be maintained by you for five (5) years after the final disposition of the case.

At the request of any party, you must produce for inspection the original or a hard copy of a legal paper or exhibit within fourteen (14) days, or the court, upon motion, may grant appropriate sanctions.

THANK YOU,

ERIC FEDER
DEPUTY COURT ADMINISTRATOR
DIRECTOR, OFFICE OF JUDICIAL RECORDS

D I S C L A I M E R
------------------------------------------------------------------
The First Judicial District will use your electronic mail address and other personal information only for purposes of Electronic Filing as authorized by Pa. R.C.P. 205.4 and Philadelphia Civil *Rule 205.4.

Use of the Electronic Filing System constitutes an acknowledgment that the user has read the Electronic Filing Rules and Disclaimer and agrees to comply with same.

------------------------------------------------------------------

This is an automated e-mail, please do not respond!

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**MARCH 2023**

E-Filing Number: 2303010026

**000532**

| | |
|---|---|
| PLAINTIFF'S NAME<br>FARMINGTON CASUALTY CO A/S/O THE ESTATE OF THOMAS HIGHLAND | DEFENDANT'S NAME<br>HP INC |
| PLAINTIFF'S ADDRESS<br>1 TOWER SQUARE<br>HARTFORD  CT 06183 | DEFENDANT'S ADDRESS<br>1501 PAGE MILL RD<br>PALO ALTO CA 94304 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>PENTELEDATA |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>540 DELAWARE AVE<br>PALMERTON PA 18071 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 2 | ☒ Complaint   ☐ Petition Action   ☐ Notice of Appeal<br>☐ Writ of Summons   ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☒ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

CASE TYPE AND CODE
1G - SUBROGATION ACTION

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED<br>PRO PROTHY**<br><br>MAR **06** 2023<br><br>**G. IMPERATO** | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>YES          NO |
|---|---|---|

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>FARMINGTON CASUALTY CO A/S/O THE ESTATE OF THOMAS HIGHLAND</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>KEVIN M. KELLY | ADDRESS<br>WILLIAM J. FERREN & ASSOCIATES<br>PO BOX 2903<br>HARTFORD CT 06104 |
|---|---|
| PHONE NUMBER<br>(215)274-1719 | FAX NUMBER<br>(215)833-4262 | |
| SUPREME COURT IDENTIFICATION NO.<br>87413 | E-MAIL ADDRESS<br>kmkelly2@travelers.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>*KEVIN KELLY* | DATE SUBMITTED<br>Monday, March 06, 2023, 08:45 am |

FINAL COPY (Approved by the Prothonotary Clerk)

WILLIAM J. FERREN & ASSOCIATES
By: Kevin M. Kelly, Esquire
Attorney ID No.: 87413
PO Box 2903
Hartford, CT 06104-2903
(215) 274-1719
kmkelly2@travelers.com

Counsel for Plaintiff,
Farmington Casualty Company
a/s/o The Estate of Thomas R. Highland

*Filed and Attested by the
Office of Judicial Records
06 MAR 2023 08:45 am
E. IMPERATO*

| | | |
|---|---|---|
| FARMINGTON CASUALTY COMPANY | : | PHILADELPHIA COUNTY |
| as subrogee of THE ESTATE OF | : | |
| THOMAS R. HIGHLAND | : | NO. |
| 1 Tower Square | : | |
| Hartford, CT 06183 | : | |
| | : | |
| Plaintiff, | : | |
| | : | JURY TRIAL DEMANDED |
| v. | : | |
| | : | |
| HP INC. | : | |
| 1501 Page Mill Rd. | : | |
| Palo Alto, CA 94304 | : | |
| | : | |
| and | : | |
| | : | |
| PENTELEDATA | : | |
| 540 Delaware Ave | : | |
| Palmerton, Pa. 18071 | : | |
| | : | |
| Defendants | : | |
| | : | |

## NOTICE TO DEFEND

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

Philadelphia Bar Association

Lawyer Referral and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333 TTY
(215) 451-6197

AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

*Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*

Asociacion De Licenciados
De Filadelfia Servicio De Referencia E Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333 TTY
(215) 451-6197

WILLIAM J. FERREN & ASSOCIATES
By: Kevin M. Kelly, Esquire       Counsel for Plaintiff,
Attorney ID No.: 87413       Farmington Casualty Company
PO Box 2903       a/s/o The Estate of Thomas R. Highland
Hartford, CT 06104-2903
(215) 274-1719
kmkelly2@travelers.com

| | | |
|---|---|---|
| FARMINGTON CASUALTY COMPANY | : | PHILADLEPHIA COUNTY |
| as subrogee of THE ESTATE OF | : | |
| THOMAS R. HIGHLAND | : | NO. |
| 1 Tower Square | : | |
| Hartford, CT 06183 | : | |
| | : | |
| Plaintiff, | : | |
| | : | JURY TRIAL DEMANDED |
| v. | : | |
| | : | |
| HP INC. | : | |
| 1501 Page Mill Rd. | : | |
| Palo Alto, CA 94304 | : | |
| | : | |
| and | : | |
| | : | |
| PENTELEDATA | : | |
| 540 Delaware Ave | : | |
| Palmerton, Pa. 18071 | : | |
| | : | |
| Defendants | : | |
| | : | |

## COMPLAINT

      Plaintiff, Farmington Casualty Company a/s/o The Estate of Thomas R. Highland, by and through its attorneys, William J. Ferren & Associates, hereby file its Complaint against Defendants, HP Inc. and PenTeleData, and in support thereof, aver as follows:

## PARTIES

      1.       Plaintiff, Farmington Casualty Company a/s/o The Estate of Thomas R. Highland (hereinafter "Plaintiff"), is a Connecticut corporation with a primary business address of One Tower Square, Hartford, Connecticut 06183-3004.

Case ID: 230300532

2.       Plaintiff insured the residential home owned by its subrogor, Thomas R. Highland and Lynn S. Highland (hereinafter "Highland"), located at 405 Center Ave, Jim Thorpe, Pa. 18229 (the "subject property"), in Carbon County, which sustained significant damages as a result of the incident set forth below.

3.       At all times relevant, Plaintiff had an insurance policy with Highland.

4.       At all times relevant, Plaintiff made certain payments under the terms of the insurance policy to Highland, which was in full force and effect at the time of the accident.

5.       Plaintiff became subrogated to the rights of Highland because of the aforementioned payments, the insurance policy and Pennsylvania law.

6.       As a result of the fire more fully described below, Lynn S. Highland suffered life ending injuries and she died on May 30, 2021.

7.       Lynne S. Highland was survived by her husband, Thomas R. Highland, and daughter, Jordan E. McCoy.

8.       As a result of the fire more fully described below, Thomas R. Highland suffered life ending injuries and he died on March 25, 2022.

9.       Thomas R. Highland was survived by his daughter, Jordan E. McCoy.

10.      On April 19, 2022, Jordan E. McCoy became the executrix of the Estate of Thomas R. Highland.

11.      HP Inc., (hereinafter "HP" or "Defendants") is a Delaware corporation with a principal place of business located at 1501 Page Mill Rd., Palo Alto, CA 94304 and regularly conducts business in the Commonwealth of Pennsylvania and Philadelphia County.  HP regularly conducts significant business in, and has sufficient minimum contacts with, or otherwise intentionally avails itself of the markets of the Commonwealth of Pennsylvania and specifically Philadelphia County through its business operations and sale of its products/services in Philadelphia

Case ID: 230300532

County, to include: regularly conducting business in Philadelphia through its sale of products and provision of services in Philadelphia County from which it generated significant dollars of business income.

12.     At all times relevant hereto, HP was in the business of designing, manufacturing, assembling, selling, servicing, distributing and/or marketing laptop computers, including the one owned by Highland (hereinafter "subject computer") at issue in this case.

13.     PenTeleData (hereinafter "PTD" or "Defendants") is a Pennsylvania corporation and/or limited liability company and/or partnership with a principal place of business located at 540 Delaware Ave, Palmerton, Pa. 18071 and regularly conducts business in the Commonwealth of Pennsylvania and Philadelphia County.  PTD regularly conducts significant business in, and has sufficient minimum contacts with, or otherwise intentionally avails itself of the markets of the Commonwealth of Pennsylvania and specifically Philadelphia County through its business operations and sale of its products/services in Philadelphia County, to include: regularly conducting business in Philadelphia County for decades through its sale of products and provision of services in Philadelphia County from which it generated millions of dollars of business income.

14.     At all times relevant hereto, PTD was in the business of selling, distributing and/or marketing laptop computers, including the subject computer at issue in this case.

## JURISDICTION AND VENUE

15.     This Court has jurisdiction over the Defendants because Defendants either have a principal place of business in Pennsylvania, are incorporated in Pennsylvania, or are registered to do business in Pennsylvania, have consented to jurisdiction in Pennsylvania and/or do sufficient business in, or have sufficient minimum contacts with, or otherwise intentionally avail itself of the markets of the Commonwealth of Pennsylvania through its business operations in Pennsylvania.

16.     Venue is properly laid in Philadelphia County pursuant to Pennsylvania Rules

of Civil Procedure 1006 and 2179, including because Defendants regularly conduct business in Philadelphia and/or may be served there.

## STATEMENT OF FACTS

17.     Plaintiff incorporates by reference the preceding averments as though set forth at length herein.

18.     Prior to May 30, 2021, Defendants designed, manufactured, assembled, tested, inspected, marketed, distributed, and placed into the stream of commerce the subject computer, and its component parts, said product being intended for use by consumers for the ordinary purpose associated with such computer.

19.     Prior to May 30, 2021, Plaintiff purchased the subject computer from Defendants for use at the subject property.

20.     Prior to May 30, 2021, Plaintiff operated and used the subject computer in a foreseeable, normal, ordinary, and intended manner.

21.     Prior to May 30, 2021, Plaintiff never experienced any problems with the functionality of the subject computer.

22.     On May 30, 2021, the subject computer malfunctioned and/or failed causing fire damage at the subject property.

23.     The failure of the subject computer caused extensive damages to Plaintiff's subrogor, as well as the imposition of additional expenses and hardship.

24.     At all times relevant hereto, the subject computer was not modified, changed, altered, misused or abused by Plaintiff, or any other users, after it was placed into the stream of commerce by the Defendants.

25.     At all times material hereto, the Defendants knew, and intended, that members

of the public would use their product, and they furthermore knew of the specific uses, purposes and requirements for which the subject computer would be utilized.

26.     The Defendants designed, manufactured, assembled, tested, inspected, marketed, distributed and placed into the stream of commerce the subject computer in a dangerous and defective condition.

27.     As a direct and proximate result of the aforementioned defects, Plaintiff's subrogor sustained the damages described herein.

28.     At all times relevant, Farmington Casualty Company (hereinafter "Travelers"), had an insurance policy with the Highland.  Travelers made certain payments under the terms of the policy, which was in full force and effect at the time of the incident. Because of said payments, Travelers became subrogated to the rights of its subrogor.  Thus, Travelers' claimed damages are fixed in the amount of what it paid to its subrogor, which are in excess of $50,000.00.

29.     The aforementioned subject computer malfunction and failure was directly and proximately caused by the Defendants as more fully described below.

## COUNT I – STRICT LIABILITY - HP

30.     Plaintiff incorporates herein by reference the above paragraphs as though same were fully set forth at length.

31.     HP is engaged in the business of designing, manufacturing, testing, inspecting, assembling, selling and distributing laptop computers, as well as their  component parts, and furthermore specifically designed, manufactured, tested, inspected, assembled, sold, distributed and placed into the stream of commerce the subject computer at issue in this case.

32.     The subject computer was not modified, changed, altered, misused, or abused after HP placed the product into the stream of commerce.

33.     HP knew, and intended, that the subject computer would be used by members of the general public, and furthermore knew of the specific uses, purposes and requirements for which said product would be utilized.

34.     HP designed, tested, inspected, manufactured, sold and/or distributed into the stream of commerce the subject computer, including its component parts, in a dangerous and defective condition, which ultimately led to a catastrophic failure and/or malfunction.

35.     HP designed, manufactured, tested, inspected, sold and/or distributed the subject computer in a defective condition, unreasonably dangerous to Plaintiff, as well as other consumers.

36.     HP knew, or should have known, that the computer would, and did, reach Plaintiff without substantial change in the condition in which it was originally selected and sold.

37.     The subject computer was not altered in any manner that caused or contributed to the fire after the product originally left the possession of HP.

38.     Plaintiff operated the computer in a foreseeable, normal, ordinary and intended manner at all relevant times.

39.     The malfunction and failure, and resulting damages, were caused by the acts and/or omissions of HP, by and through its agents, servants, employees and/or representatives, acting within the course and scope of their employment and/or authority, for which HP is liable for the following reasons:

   a.  failing to design, manufacture, inspect, assemble, market and/or distribute a properly functioning and defect-free computer, which after reasonable and foreseeable use malfunctioned and/or catastrophically failed;
   b.  failing to properly design, manufacture, inspect, assemble, market and/or distribute the electrical components of the subject computer;
   c.  failing to properly determine that the computer, including its component parts, were not in a safe condition, and free of all material defects;

d.  designing, manufacturing, inspecting, assembling, marketing and/or distributing the subject computer when it knew, or should have known, that the product was unsafe and unfit for its intended use;

e.  designing, manufacturing, inspecting, assembling, marketing and/or distributing the subject computer when it knew, or should have known, that the product would be inadequate for the reasons for which it was purchased;

f.  designing, manufacturing, inspecting, assembling, marketing and/or distributing a computer which had unreasonably dangerous electrical components that caused the product to catastrophically fail and/or malfunction;

g.  designing, manufacturing, inspecting, assembling, marketing and/or distributing a dangerously defective computer that it knew, or reasonably should have known, exposed users to an unreasonable risk of harm;

h.  failing to properly and adequately design, manufacture, inspect, assemble, test, market, sell, and/or distribute the subject computer, including its electrical components, prior to introducing the product into the stream of commerce;

i.  failing to provide adequate and sufficient warnings and instructions with respect to the product, which rendered it defective and unreasonably dangerous;

j.  designing, manufacturing, inspecting, assembling, marketing, and/or distributing the subject computer in a defective condition which rendered the product hazardous and dangerous for its contemplated and intended use;

k.  designing, manufacturing and distributing a dangerously defective computer, including its component parts, that it knew, or reasonably should have known, exposed users to an unreasonable risk of fire;

l.  the subject computer was dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community of its characteristics;

m.  the probability of injury times the gravity of injury under the current design of the subject computer is more than the cost of an alternative reasonable design plus the diminished utility resulting from modifying the design;

n.  common experience teaches that the failure and malfunction would not have occurred in the subject computer in the absence of a defect;

o.  failing to properly and adequately design, manufacture, inspect, assemble, test, market, sell, and/or distribute the subject computer, including its electrical components and batteries, prior to introducing the product into the stream of commerce; and

p.  the foreseeable risks associated with the design of the subject computer exceed all benefits.

40.       The aforementioned defects, or defective conditions, existed at the time that

Case ID: 230300532

HP placed the subject computer into the stream of commerce.

41.     The defective, unreasonably dangerous and unsafe condition of the subject computer were a direct and proximate cause of the damages and business interruption sustained by Plaintiff.

42.     For these reasons, HP is strictly liable to Plaintiff under Section 402A of the Restatement (2d) of Torts and the applicable law of the Commonwealth of Pennsylvania.

43.     As a direct and proximate result of the aforementioned defects, Plaintiff's subrogor sustained damages to their real and personal property and additional expenses.

**WHEREFORE,** Plaintiff, Farmington Casualty Company a/s/o The Estate of Thomas R. Highland, demands judgment in their favor and against  Defendants,  HP Inc. and PenTeleData, in an amount in excess of $50,000.00, plus interest, costs of suit, delay damages, and such other relief as the Court deems appropriate under the circumstances.

## <u>COUNT II –NEGLIGENCE - HP</u>

44.     Plaintiff incorporates herein by reference the above paragraphs as though same were fully set forth at length.

45.     The aforementioned damages were the direct and proximate result of the negligence and carelessness of HP – by and through its employees, agents, technicians, vendors, subcontractors, and/or servants – as is more specifically described below:

    a.  failing to manufacture, assemble, sell, design, transport, distribute and/or market a properly functioning product;
    b.  failing to properly inspect and/or test the product and/or its component parts;
    c.  failing to properly determine that the product and/or its component parts were not in compliance with applicable standards;
    d.  failing to provide safe and adequate warnings or instructions with the product;
    e.  designing, manufacturing, marketing, distributing and/or selling the product when it knew or should have known that the product and/or its component parts would be inadequate for the reasons for which it was purchased;
    f.  failing to adequately instruct, supervise and/or train servants, employees and agents as to the proper ways to perform the tasks  set forth in subparagraph (a)-

Case ID: 230300532

(e);

g.  failing to adequately warn Plaintiff and others of the dangers and hazardous conditions resulting from the conduct set forth in subparagraph (a)-(e) above;

h.  failing to provide, establish, and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a)-(e) above;

i.  failing to properly monitor the work of all agents and/or employees during the performance of the tasks set forth in subparagraph (a)-(e) above to ensure compliance with applicable safety procedures;

j.  failing to retain competent, qualified and/or able agents, employees or servants to perform the tasks set forth in subparagraph (a)-(e) above;

k.  failing to perform the tasks set forth in subparagraph (a)-(e) above in conformity with the prevailing industry and governmental specifications and standards; and/or

l.  violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to this action.

46.       As a direct and proximate result of the aforementioned defects, Plaintiff's subrogor sustained damages, business interruption and additional expenses.

**WHEREFORE,** Plaintiff, Farmington Casualty Company a/s/o The Estate of Thomas R. Highland, demands judgment in their favor and against  Defendants,  HP Inc. and PenTeleData, in an  amount  in  excess  of $50,000.00, plus interest, costs of suit, delay damages, and such other relief as the Court deems appropriate under the circumstances.

## COUNT III – BREACH of WARRANTIES - HP

47.       Plaintiff incorporates herein by reference the above paragraphs as though same were fully set forth at length.

48.       At the time of the sale and/or distribution of the product, HP had reason to know the particular purpose to which the subject computer would be used (i.e. residential home use) and that it was being relied upon to furnish a suitable product.

49.       In light of the negligence, breaches, failures and harms alleged herein, HP

breached the implied warranty of fitness for a particular purpose as set out in the Uniform Commercial Code (hereinafter "UCC") at 13 Pa. C.S.A. § 2-315 in that the product was not fit for the particular purpose for which such products are required under normal operation.

50.     In addition, HP breached its implied warranty of merchantability as set out in 13 Pa. C.S.A. § 2-314 (c) in that the product was not fit for the ordinary uses for which the product was used.

51.     In addition, HP breached any and all express warranties made or relating to the product that became part of the basis of the bargain for sale of the product in violation of 13 Pa. C.S.A. § 2-313.

52.     HP has better access to all written forms of said warranties and therefore is not prejudiced by Plaintiff's inability to attach them hereto.

53.     Plaintiff's damages as set forth above occurred as a direct and proximate result of the breach by HP of its implied warranties of fitness for a particular purpose and merchantability as set out in 13 Pa. C.S.A.  § 2-315 and § 2-314, and as a result of the breach of its expressed warrantees in violation of 13 Pa. C.S.A. § 2-313.

54.     Plaintiff has met any and all conditions precedent to recovery for such breaches.

55.     As a direct and proximate result of the aforementioned defects, Plaintiff's subrogor sustained damages to their real and personal property and additional expenses.

**WHEREFORE,** Plaintiff, Farmington Casualty Company a/s/o The Estate of Thomas R. Highland, demands judgment in their favor and against  Defendants,  HP Inc. and PenTeleData, in an  amount  in  excess  of $50,000.00, plus interest, costs of suit, delay damages, and such other relief as the Court deems appropriate under the circumstances.

## COUNT IV – STRICT LIABILITY - PTD

56.     Plaintiff incorporates herein by reference the above paragraphs as though same were fully set forth at length.

57.     PTD is engaged in the business of marketing, selling and distributing computers, as well as their  component parts, and PTD furthermore specifically marketed, sold, distributed and placed into the stream of commerce the subject computer at issue in this case.

58.     The subject computer was not modified, changed, altered, misused, or abused after PTD placed the product into the stream of commerce.

59.     PTD knew, and intended, that the subject computer would be used by members of the general public, and furthermore knew of the specific uses, purposes and requirements for which said product would be utilized.

60.     PTD marketed, sold and/or distributed into the stream of commerce the subject computer, including its component parts, in a dangerous and defective condition, which ultimately led to a catastrophic failure and/or malfunction.

61.     PTD marketed, sold and/or distributed the subject computer in a defective condition, unreasonably dangerous to Plaintiff, as well as other consumers.

62.     PTD knew, or should have known, that the computer would, and did, reach Plaintiff without substantial change in the condition in which it was originally selected and sold.

63.     The subject computer was not altered in any manner that caused or contributed to the malfunction and failure after the product originally left the possession of PTD.

64.     Plaintiff operated the computer in a foreseeable, normal, ordinary and intended manner at all relevant times.

65.     The malfunction and failure, and resulting damages, were caused by the acts

and/or omissions of PTD, by and through its agents, servants, employees and/or representatives, acting within the course and scope of their employment and/or authority, for which PTD is liable for the following reasons:

a.  failing to design, manufacture, inspect, assemble, market and/or distribute a properly functioning and defect-free computer, which after reasonable and foreseeable use malfunctioned and/or catastrophically failed;

b.  failing to properly design, manufacture, inspect, assemble, market and/or distribute the electrical components of the subject computer;

c.  failing to properly determine that the computer, including its component parts, were not in a safe condition, and free of all material defects;

d.  designing, manufacturing, inspecting, assembling, marketing and/or distributing the subject computer when it knew, or should have known, that the product was unsafe and unfit for its intended use;

e.  designing, manufacturing, inspecting, assembling, marketing and/or distributing the subject computer when it knew, or should have known, that the product would be inadequate for the reasons for which it was purchased;

f.  designing, manufacturing, inspecting, assembling, marketing and/or distributing a computer which had unreasonably dangerous electrical components that caused the product to catastrophically fail and/or malfunction;

g.  designing, manufacturing, inspecting, assembling, marketing and/or distributing a dangerously defective computer that it knew, or reasonably should have known, exposed users to an unreasonable risk of harm;

h.  failing to properly and adequately design, manufacture, inspect, assemble, test, market, sell, and/or distribute the subject computer, including its electrical components, prior to introducing the product into the stream of commerce;

i.  failing to provide adequate and sufficient warnings and instructions with respect to the product, which rendered it defective and unreasonably dangerous;

j.  designing, manufacturing, inspecting, assembling, marketing, and/or distributing the subject computer in a defective condition which rendered the product hazardous and dangerous for its contemplated and intended use;

k.  designing, manufacturing and distributing a dangerously defective computer, including its component parts, that it knew, or reasonably should have known, exposed users to an unreasonable risk of failure and/or malfunction;

l.  the subject computer was dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community of its characteristics;

m.  the probability of injury times the gravity of injury under the current design of

Case ID: 230300532

the subject computer is more than the cost of an alternative reasonable design plus the diminished utility resulting from modifying the design;

n. common experience teaches that the fire would not have occurred in the subject computer in the absence of a defect;

o. failing to properly and adequately design, manufacture, inspect, assemble, test, market, sell, and/or distribute the subject computer, including its electrical components and batteries, prior to introducing the product into the stream of commerce; and

p. the foreseeable risks associated with the design of the subject computer exceed all benefits.

66. The aforementioned defects, or defective conditions, existed at the time that PTD placed the subject computer into the stream of commerce.

67. The defective, unreasonably dangerous and unsafe condition of the subject computer were a direct and proximate cause of the damages sustained by Plaintiff.

68. For these reasons, PTD is strictly liable to Plaintiff under Section 402A of the Restatement (2d) of Torts and the applicable law of the Commonwealth of Pennsylvania.

69. As a direct and proximate result of the aforementioned defects, Plaintiff's subrogor sustained damages, business interruption and additional expenses.

**WHEREFORE,** Plaintiff, Farmington Casualty Company a/s/o The Estate of Thomas R. Highland, demands judgment in their favor and against Defendants, HP Inc. and PenTeleData, in an amount in excess of $50,000.00, plus interest, costs of suit, delay damages, and such other relief as the Court deems appropriate under the circumstances.

## COUNT V – NEGLIGENCE - PTD

70. Plaintiff incorporates herein by reference the above paragraphs as though same were fully set forth at length.

71. The aforementioned damages were the direct and proximate result of the negligence and carelessness of PTD – by and through its employees, agents, technicians, vendors, subcontractors, and/or servants – as is more specifically described below:

a.  failing to manufacture, assemble, sell, design, transport, distribute and/or market a properly functioning product;

b.  failing to properly inspect and/or test the product and/or its component parts;

c.  failing to properly determine that the product and/or its component parts were not in compliance with applicable standards;

d.  failing to provide safe and adequate warnings or instructions with the product;

e.  designing, manufacturing, marketing, distributing and/or selling the product when PTD knew or should have known that the product and/or its component parts would be inadequate for the reasons for which it was purchased;

f.  failing to adequately instruct, supervise and/or train servants, employees and agents as to the proper ways to perform the tasks set forth in subparagraph (a)-(e);

g.  failing to adequately warn Plaintiff and others of the dangers and hazardous conditions resulting from the conduct set forth in subparagraph (a)-(e) above;

h.  failing to provide, establish, and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a)-(e) above;

i.  failing to properly monitor the work of all agents and/or employees during the performance of the tasks set forth in subparagraph (a)-(e) above to ensure compliance with applicable safety procedures;

j.  failing to retain competent, qualified and/or able agents, employees or servants to perform the tasks set forth in subparagraph (a)-(e) above;

k.  failing to perform the tasks set forth in subparagraph (a)-(e) above in conformity with the prevailing industry and governmental specifications and standards; and/or

l.  violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to this action.

72.     As a direct and proximate result of the aforementioned defects, Plaintiff's subrogor sustained damages, business interruption and additional expenses.

**WHEREFORE,** Plaintiff, Farmington Casualty Company a/s/o The Estate of Thomas R. Highland, demands judgment in their favor and against Defendants, HP Inc. and PenTeleData, in an amount in excess of $50,000.00, plus interest, costs of suit, delay damages, and such other relief as the Court deems appropriate under the circumstances.

Case ID: 230300532

## COUNT VI – BREACH of WARRANTIES - PTD

73.       Plaintiff incorporates herein by reference the above paragraphs as though same were fully set forth at length.

74.       At the time of the sale and/or distribution of the product, PTD had reason to know the particular purpose to which the subject computer would be used (i.e. residential home use) and that it was being relied upon to furnish a suitable product.

75.       In light of the negligence, breaches, failures and harms alleged herein, PTD breached the implied warranty of fitness for a particular purpose as set out in the Uniform Commercial Code (hereinafter "UCC") at 13 Pa. C.S.A. § 2-315 in that the product was not fit for the particular purpose for which such products are required under normal operation.

76.       In addition, PTD breached its implied warranty of merchantability as set out in 13 Pa. C.S.A. § 2-314 (c) in that the product was not fit for the ordinary uses for which the product was used.

77.       In addition, PTD breached any and all express warranties made or relating to the product that became part of the basis of the bargain for sale of the product in violation of 13 Pa. C.S.A. § 2-313.

78.       PTD has better access to all written forms of said warranties and therefore is not prejudiced by Plaintiff's inability to attach them hereto.

79.       Plaintiff's damages as set forth above occurred as a direct and proximate result of the breach by PTD of its implied warranties of fitness for a particular purpose and merchantability as set out in 13 Pa. C.S.A.  § 2-315 and § 2-314, and as a result of the breach of its expressed warrantees in violation of 13 Pa. C.S.A. § 2-313.

80.       Plaintiff has met any and all conditions precedent to recovery for such

breaches.

81.     As a direct and proximate result of the aforementioned defects, Plaintiff's subrogor sustained damages, business interruption and additional expenses.

**WHEREFORE,** Plaintiff, Farmington Casualty Company a/s/o The Estate of Thomas R. Highland, demands judgment in their favor and against Defendants, HP Inc. and PenTeleData, in an amount in excess of $50,000.00, plus interest, costs of suit, delay damages, and such other relief as the Court deems appropriate under the circumstances.

**WILLIAM J. FERREN & ASSOCIATES**

By: _/s/ Kevin M. Kelly_____
**KEVIN M. KELLY, ESQUIRE**
PA ID  87413
PO Box 2903
Hartford, CT  06104
215-274-1719
Counsel for Plaintiff,
Farmington Casualty Company
a/s/o The Estate of Thomas R. Highland

Date:   March 6, 2023

**VERIFICATION**

I, Maurice L. BrownIPH3598

, under the penalties of perjury, state that I am a representative of Farmington Casualty Company a/s/o The Estate of Thomas R. Highland ("Travelers"); that I am authorized to make this verification on behalf of Travelers, that I have read the Complaint; that I do not have, and am informed that no single officer or agent of Travelers has personal knowledge of all matters set forth in the Complaint; that the Complaint was prepared by counsel from information provided by myself and certain employees from Travelers who were designated to assemble such material and are based on their personal knowledge or that of other persons who were consulted and on examination of records maintained by Travelers during the regular course of business; and that upon information and belief the Complaint is true and correct to the best of my knowledge after due inquiry.

# EXHIBIT B

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CIVIL TRIAL DIVISION**

Filed and Attested by the
Office of Judicial Records
25 MAY 2023 10:37 am
G. IMPERATO

| | |
|---|---|
| **JORDAN E. McCOY, individually and as the ADMINISTRATRIX OF THE ESTATE OF LYNN SMITH-HIGHLAND, deceased, and the EXECUTRIX OF THE ESTATE OF THOMAS R. HIGHLAND, deceased.** 953 Daughertys Run Road Williamsport, PA 17701        **Plaintiff,**     **v.** **HP, INC.,** **formerly known as, Hewlett-Packard Company,** 1501 Page Mill Road Palo Alto, CA 94304 and **AGILENT HP, INC.,** 1501 Page Mill Road Palo Alto, CA 94304 and **PENTELEDATA LIMITED PARTNERSHIP** 610 3rd Street Palmerton, PA  18071 and **PENTELEDATA, INC.** 540 Delaware Avenue Palmerton, PA  18071        **Defendants.** | **MAY TERM 2023** **CASE NO.:** **JURY TRIAL DEMANDED** |

## NOTICE TO DEFEND

      You have been sued in Court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the

Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

## <u>AVISO</u>

Le han demandado a usted en la corte. Si used quiere defenderse de estas demandas expuestas en las paginas siquientes, used tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objectiones a las demandas en contra de su persona. Sea avisado qui si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTS. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAMEPOR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PURDE CONSEQUIR.

**Philadelphia Bar Association**
**Lawyer Referral and Information Service**
**One Reading Center**
**Philadelphia, Pennsylvania 19107**
**(215) 238-6333; TTY (215) 451-6197**

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
## CIVIL TRIAL DIVISION

| | |
|---|---|
| **JORDAN E. McCOY, individually and as the ADMINISTRATRIX OF THE ESTATE OF LYNN SMITH-HIGHLAND, deceased, and the EXECUTRIX OF THE ESTATE OF THOMAS R. HIGHLAND, deceased.**<br> 953 Daughertys Run Road<br>Williamsport, PA 17701<br><br>      **Plaintiff,**<br><br>      **v.**<br><br>**HP, INC.,**<br>**formerly known as, Hewlett-Packard Company,**<br>1501 Page Mill Road<br>Palo Alto, CA 94304<br><br>and<br><br>**AGILENT HP, INC.,**<br>1501 Page Mill Road<br>Palo Alto, CA 94304<br><br>and<br><br>**PENTELEDATA LIMITED PARTNERSHIP**<br>610 3rd Street<br>Palmerton, PA  18071<br><br>and<br><br>**PENTELEDATA, INC.**<br>540 Delaware Avenue<br>Palmerton, PA  18071<br><br>      **Defendants.** | **MAY TERM 2023**<br><br>**CASE NO.:**<br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Jordan E. McCoy, in her individual capacity and as Administratrix of the

Estate of Lynn Smith-Highland and the Executrix of the Estate of Thomas R. Highland,

Case ID: 230502695

by and through her undersigned counsel, DE LUCA LEVINE LLC, hereby bring this action against Defendants, HP Inc. (formerly Hewlett-Packard Co.), Agilent HP, Inc., PenTeleData Limited Partnership and PenTeleData, Inc, and in support thereof aver as follows:

<div align="center">

**PARTIES, JURISDICTION AND VENUE**

</div>

1.      Plaintiff, Jordan E. McCoy, is an adult person and resident of the Commonwealth of Pennsylvania residing at 953 Daughertys Run Road, Williamsport, Pennsylvania 17701.

2.      Plaintiff, Jordan E. McCoy, is the daughter of adult decedents, Lynn Smith-Highland and Thomas R. Highland.

3.      Lynn Smith-Highland, deceased, died intestate on May 30, 2021. At the time of her death, Lynn Smith-Highland, deceased, born January 31, 1958, was sixty – three (63) years of age, married to Thomas R. Highland, decedent, and resided at 405 Center Avenue, Jim Thorpe, Pennsylvania 18229.

4.      On or about May 2, 2023, Plaintiff, Jordan E. McCoy was granted Letters Testamentary on the estate of Decedent, Lynn Smith-Highland, by the Register of Wills, Carbon County, Pennsylvania.

5.      Thomas R. Highland, deceased, died on March 25, 2022.  At the time of his death, Decedent, Thomas R. Highland, born May 14, 1960, was sixty-one (61) years of age, married to Lynn Smith-Highland, Decedent, and resided at 405 Center Avenue, Jim Thorpe, Pennsylvania 18229.

6.     On or about April 19, 2022, Plaintiff Jordan E. McCoy was granted Letters Testamentary on the estate of Decedent, Thomas R. Highland, by the Register of Wills, Carbon County, Pennsylvania.

7.     Decedents are survived by their adult child, Plaintiff, Jordan E. McCoy; the aforesaid individual is the sole beneficiary of the estates.

8.     Plaintiff, Jordan E. McCoy, files these Wrongful Death and Survival Actions individually, and in her capacity as the Administratrix of Estate of Lynn Smith-Highland and the Executrix of Thomas R. Highland, deceased adults.

9.     All persons who are entitled by law to recover damages based upon the death of the Decedents are represented in this action.

10.    At all times material hereto, Defendant HP, Inc. (formerly known as Hewlett-Packard Company) (hereinafter "HP") was, upon belief and information, a Delaware corporation with its primary place of business at the above-captioned address, that was authorized to do business within the Commonwealth of Pennsylvania.

11.    Upon information and belief, HP is in the business of, *inter alia*, designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce personal computers, laptops, printers and other electronic equipment in and through Philadelphia County, Pennsylvania.  Upon information and belief, HP regularly conducts significant business in, and has sufficient minimum contacts with, or otherwise intentionally avails itself of the markets of the Commonwealth of Pennsylvania and specifically Philadelphia County through its business operations and sale of its products and services in Philadelphia

County, to include: regularly conducting business in Philadelphia through its sale of products and services in from which it generates significant business income.

12.     At all times material hereto, Defendant Agilent HP, Inc. (hereinafter "Agilent HP") was, upon belief and information, a Delaware corporation with its primary place of business at the above-captioned address, that was authorized to do business within the Commonwealth of Pennsylvania.

13.     Upon information and belief, Agilent HP is in the business of, *inter alia*, designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce personal computers, laptops, printers and other electronic equipment in and through Philadelphia County, Pennsylvania. Upon information and belief, Agilent HP regularly conducts significant business in, and has sufficient minimum contacts with, or otherwise intentionally avails itself of the markets of the Commonwealth of Pennsylvania and specifically Philadelphia County through its business operations and sale of its products and services in Philadelphia County, to include: regularly conducting business in Philadelphia through its sale of products and services in from which it generates significant business income.

14.     At all times material hereto, PenTeleData Limited Partnership ("PenTeleData LP") was, upon belief and information, a Pennsylvania corporation with its primary place of business at the above-captioned address that was authorized to do business within the Commonwealth of Pennsylvania.

15.     Upon information and belief, PenTeleData is in the business of, *inter alia*, designing, manufacturing, assembling, testing, importing, selling, distributing, marketing, delivering and placing into the stream of commerce laptops and printers in and through

Case ID: 230502695

Philadelphia County, Pennsylvania.   Upon information and belief, PenTeleData LP regularly conducts significant business in, and has sufficient minimum contacts with, or otherwise intentionally avails itself of the markets of the Commonwealth of Pennsylvania and specifically Philadelphia County through its business operations and sale of its products and services in Philadelphia County, to include: regularly conducting business in Philadelphia through its sale of products and services in from which it generates significant business income.

16.     At all times material hereto, PenTeleData, Inc. was, upon belief and information, a Pennsylvania corporation with its primary place of business at the above-captioned address that was authorized to do business within the Commonwealth of Pennsylvania.

17.     Upon information and belief, PenTeleData, Inc. is in the business of, *inter alia*, designing, manufacturing, assembling, testing, importing, selling, distributing, marketing, delivering and placing into the stream of commerce laptops and printers in and through Philadelphia County, Pennsylvania.   Upon information and belief, PenTeleData, Inc. regularly conducts significant business in, and has sufficient minimum contacts with, or otherwise intentionally avails itself of the markets of the Commonwealth of Pennsylvania and specifically Philadelphia County through its business operations and sale of its products and services in Philadelphia County, to include: regularly conducting business in Philadelphia through its sale of products and services in from which it generates significant business income.

## STATEMENT OF FACTS

18.     Plaintiff incorporates by reference the preceding averments as though set forth at length herein.

19.     HP and/or Agilent HP designed, manufactured, assembled, tested, inspected, marketed, branded, distributed, sold and placed into the stream of commerce personal computers, laptops, rechargeable lithium ion batteries and chargers – including the laptop computer and its component parts that are at issue in this case – being intended for use by consumers for the ordinary purpose associated with personal computing.

20.     PenTeleData LP or PenTeleData, Inc. designed, manufactured, assembled, tested, imported, sold, distributed, marketed, delivered and placed into the stream of commerce laptops and their component parts, including the laptop computer and its component parts that are at issue in this case.

21.     Prior to May 30, 2021, Lynn Smith-Highland and Thomas R. Highland, purchased the laptop computer at issue in this case from PenTeleData LP or PenTeleData, Inc. at 528 Delaware Avenue, Palmerton, PA 18071.

22.     At all times material hereto, Lynn Smith-Highland and Thomas R. Highland used the subject laptop in an ordinary, reasonable and foreseeable manner.

23.     At all times material hereto, the subject laptop, which was designed, manufactured, assembled, tested, inspected, marketed, distributed, sold and placed into the stream of commerce by Defendants, was not modified, changed altered or abused post-sale.

24.     At all times material hereto, Lynn Smith-Highland and Thomas R. Highland stored the subject laptop in the front room of their home while it was not in use.

Case ID: 230502695

25.     On May 30, 2021, the subject laptop suddenly and unexpectedly burst into flames and quickly spread fire to nearby combustibles, causing the home to be engulfed with flames and smoke.

26.     Lynn Smith-Highland was asleep in the dwelling's spare bedroom on the second floor when the fire began.

27.     Lynn Smith-Highland became trapped on the second floor. She was eventually rescued by the Jim Thorpe Municipal Fire Department and transported to St. Luke's Hospital, where she was pronounced dead as a result of smoke inhalation and/or the effects of fire.

28.     Thomas R. Highland was asleep in the dwelling's second floor master bedroom when the fire began.

29.     Thomas R. Highland first became aware that something was wrong when he woke up in his bed choking and gasping for air. Disoriented, Mr. Highland walked downstairs to investigate the source of the smoke. He discovered flame and heat coming from the dwelling's living room. Mr. Highland initially exited the property, but quickly reentered in search of his wife. Eventually, the smoke and heat were too much to bear and he was forced to exit the dwelling a final time.

30.     Thomas R. Highland suffered significant and severe burns as a result of the fire and smoke inhalation. Emergency responders transported Mr. Highland to Lehigh Valley Hospital-Cedar Crest, where, among other treatment, he was placed into a medically induced coma for a period of time. Mr. Highland endured months of treatment, surgeries and rehabilitation, which caused him undue pain and suffering.

31.    On March 25, 2022, Thomas R. Highland, was pronounced dead due to complications from smoke inhalation injuries and/or effects of the fire.

32.    The Highlands' real and personal property were also destroyed in the fire.

33.    At all times material hereto, Defendants knew and intended that the subject laptop would be used by members of the general public, and knew of the specific uses, purposes and requirements for which said product would be utilized.

34.    Defendants designed, manufactured, assembled, tested, inspected, marketed, distributed, sold and placed into the stream of commerce the subject laptop, including its component parts, in a defective condition.

35.    Due to the unreasonably dangerous and defective condition of the subject laptop, as described throughout this Complaint, Lynn Smith-Highland and Thomas R. Highland were caused to suffer severe personal injuries, indignities, humiliation and death.

36.    As set forth more fully below, Defendants engaged in careless and negligent conduct, which caused, increased the risk of harm, and/or was a substantial contributing causal factor that resulted in Plaintiff, Jordan E. McCoy's damages, which include Lynn Smith-Highland's and Thomas R. Highland's deaths, damages, and, but are not limited to, the following:

a) Death;

b) Smoke Inhalation;

c) Burns;

d) Cardiac arrest;

e) Bleeding;

f) Hypoxia;

g) Disfigurement;

h) Pain and suffering;

i) Loss of life's pleasures;

j) Mental anguish;

k) Embarrassment;

l) Lost wages;

m) Loss of earning capacity;

n) Funeral expenses;

o) Medical expenses;

p) Property damage;

q) All damages allowable under the Survival Act, 42 Pa. C.S.A. §8302, the applicable Rules of Civil Procedure and the decisional law interpreting the Survival Act, including the total estimated future earning power less the cost of personal maintenance, and/or pain and suffering endured by Lynn Smith-Highland and Thomas R. Highland prior to their deaths, including but not limited to, physical pain and suffering, mental pain and suffering, mental suffering, loss of life's pleasures, disfigurement and humiliation; and

r)  All damages allowable under the Wrongful Death Act, 42 Pa. C.S.A. § 8301,the applicable Rules of Civil Procedure and all decisional law interpreting the Wrongful Death Act, including damages for medical, funeral, and burial expenses, expenses of administration, monetary support

Case ID: 230502695

Lynn Smith-Highland and Thomas R. Highland would have provided during their lifetime, the value of services provided or which could have been expected to have been performed in the future by support Lynn Smith-Highland and Thomas R. Highland, and all pecuniary losses suffered as a result of their deaths.

## COUNT I – STRICT LIABILITY
### Plaintiff v. Defendants

37.     Plaintiff incorporates by reference the preceding averments as though set forth at length herein.

38.     At all times material hereto, Defendants designed, manufactured, assembled, tested, inspected, marketed, branded, distributed, sold and placed into the stream of commerce laptops, incorporated with rechargeable batteries, chargers and other component parts, and specifically designed, manufactured, assembled, tested, inspected, marketed, branded, distributed, sold and placed into the stream of commerce the laptop at issue in this case.

39.     The subject laptop, which was sold in a defective condition, was used in a foreseeable, normal, ordinary and intended manner at all relevant times and was not modified, changed, altered or abused post-sale.

40.     The subject laptop was in the same, or substantially similar condition, as when the product left the control of Defendants at the time that it failed catastrophically and burst into flames.

41.     Defendants knew, or should have known, that the subject laptop would, and did, reach users without substantial change in the condition in which originally selected and sold.

42.     Defendant knew and intended that its laptop would be used by members of the general public, and knew of the specific uses, purposes and requirements for which said laptops would be utilized.

43.     Defendants designed, manufactured, assembled, tested, inspected, marketed, branded, distributed, sold and placed into the stream of commerce the subject laptop in a defective condition, which caused it to catastrophically fail and/or malfunction on the date in question.

44.     Defendants designed, manufactured, assembled, tested, inspected, marketed, branded, distributed, sold and placed into the stream of commerce the subject laptop in a defective condition, unreasonably dangerous to Lynn Smith-Highland and Thomas R. Highland, and their property.

45.     At all times material hereto, Defendants knew or should have known of the foreseeable risk of fire related injuries inherent in the design of its laptop.

46.     The subject laptop did not perform as safely as an ordinary consumer would have expected it to perform when used in a reasonably foreseeable way.

47.     Further, a reasonable person would conclude that the possibility and seriousness of harm outweighs the burden or cost of making the subject laptop safe.

48.     The subject laptop contained design, manufacturing and/or warning defects, which caused the harm alleged herein, when it left Defendants' control.

49.     The subject laptop was defective, subjecting Defendants to strict liability, in one or more of the following respects:

    a.     failing to design, manufacture, inspect, assemble, distribute, test and/or market a properly functioning and defect-free laptop, which after reasonable and foreseeable use malfunctioned and/or catastrophically failed;

b.      failing to properly design, manufacture, inspect, assemble, distribute, test and/or market the subject laptop free from defect;

c.      failing to properly determine that the subject laptop was not in a safe condition and free of all material defects, which after reasonable and foreseeable use catastrophically failed and/or malfunctioned;

d.      designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce the subject laptop when it knew or should have known that it was unsafe and unfit for its intended use;

e.      designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce the subject laptop when it knew or should have known that it would be inadequate for the reasons for which it was purchased;

f.      designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce the subject laptop which was unreasonably dangerous, causing it to catastrophically fail and/or malfunction;

g.      designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce a product which lacked all necessary safety features to protect users of said product**;**

h.      designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce an unreasonably dangerous and defective laptop that Defendants knew or reasonably should have known exposed users to an unreasonable risk of harm;

i.      failing to properly and adequately design, manufacture, assemble, test, inspect, market, brand, distribute and sell the subject laptop prior to introducing it into the stream of commerce;

j.      failing to provide adequate and sufficient warnings and instructions with respect to the subject laptop, which rendered it defective and unreasonably dangerous;

k.      designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce the subject laptop in a defective condition

because it catastrophically failed and/or malfunctioned rendering it hazardous and dangerous for its contemplated and intended use;

l.       designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce the subject laptop in a defective condition because its component parts, including, but not limited to, its lithium ion battery, charger, electrical wiring and/or connections failed or malfunctioned in a catastrophic fire condition;

m.     the subject laptop is an unreasonably dangerous product one that is dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community of its characteristics;

n.     the subject laptop is an unreasonably dangerous because the probability of injury times the gravity of injury under the current product design is more than the cost of an alternative reasonable design plus the diminished utility resulting from modifying the design;

o.     common experience teaches that the fire would not have occurred in the subject laptop in the absence of a defect;

p.     the foreseeable risks associated with the design of the subject laptop exceed all benefits;

q.     the subject laptop was designed, manufactured and sold such that it could ignite under normal and foreseeable operation causing heat and fire to property and person;

r.     the subject laptop was designed, manufactured and sold such that its lithium ion battery was subject to degradation through self-discharge;

s.     the subject laptop was designed, manufactured and sold such that its lithium ion battery was subject to short circuits;

t.     the subject laptop was designed, manufactured and sold such that its lithium ion battery was subject to electrical short or circuit failure at the location of electrical activity;

u.     the subject laptop was designed, manufactured and sold such that its lithium ion battery was subject to thermal runaway;

v.     the subject laptop was designed, manufactured and sold such that it could not recognize the weak battery and trigger a shut down of the computer before thermal runaway could occur.

w.      failing to adequately inform and warn purchasers and ultimate users of the laptop's high propensity for instability to produce heat, ignite, explode and/or cause fires;

x.      designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce the subject laptop with dangerous design defects in its lithium ion battery, electrical circuitry, wiring, plug and/or other components of the laptop; and

y.      malfunction of the lithium ion battery, electrical wiring, circuitry, plug and/or other components of the laptop.

50.      The defectiveness and unreasonably dangerous conditions of the subject laptop were direct and proximate causes of Plaintiff, Jordan E. McCoy's and Plaintiff Decedents, Lynn Smith-Highland's and Thomas R. Highland's, severe and permanent injuries and damages, as previously set forth herein.

51.      Defendants are strictly liable to Plaintiff for designing, manufacturing and failing to warn of the dangers of a defective and unreasonably dangerous laptop. The inherent risks associated with the subject laptop outweighed the benefits of its use, as a safer alternative design was economically and technologically feasible at the time the product left the control of Defendants.

52.      Alternatively, the subject laptop "malfunctioned" as that term is used in *Ducko v. Chrysler Motors Co.*, 639 A.2d 1204 (Pa. Super 1994) (*citing Rogers v. Johnson & Johnson Products, Inc.*, 565 A.2d 751, 754 (Pa. 1989)).

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendants, HP Inc. (formerly Hewlett-Packard Co.), Agilent HP, Inc., PenTeleData Limited Partnership and PenTeleData, Inc., jointly and severally, for compensatory damages in a sum in excess of fifty thousand dollars ($50,000.00), exclusive of punitive damages, pre-

judgment interest, post-judgment interest and costs, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT II – NEGLIGENCE
### Plaintiff v. Defendants

53.    Plaintiff incorporate by reference the preceding averments as though set forth at length herein.

54.    At all times material hereto, Defendants owed a duty to consumers, like Plaintiff and Decedents, to use reasonable care in the way it designed, manufactured, assembled, tested, marketed, branded, distributed and sold laptops, including the subject laptop.

55.    At all times material hereto, Defendants knew or should have known of the foreseeable risk of fire injuries inherent in its laptops, including the subject laptop.

56.    Defendants breached the duty of care it assumed to consumers and were negligent, and careless in designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce the subject laptop in one or more of the following respects:

    a.    carelessly and negligently failing to design, manufacture, test, inspect, assemble, market, sell, distribute and/or place into the stream of commerce a properly functioning and defect-free laptop, which after reasonable and foreseeable use malfunctioned and/or catastrophically failed;

    b.    carelessly and negligently failing to properly design, manufacture, test, inspect, assemble, market, sell, distribute place into the stream of commerce the subject laptop free from defects, capable of functioning in a safe and appropriate manner;

    c.    carelessly and negligently failing to properly determine that the laptop was not in a safe condition, and free of all material defects, capable of functioning in a safe and appropriate manner;

d.   carelessly and negligently designing, manufacturing, testing, inspecting, assembling, marketing, selling, distributing and/or placing into the stream of commerce the subject laptop when Defendants knew, or should have known, that the product was unsafe and unfit for its intended use;

e.   carelessly and negligently designing, manufacturing, testing, inspecting, assembling, marketing, selling, distributing and/or placing into the stream of commerce the subject laptop when Defendants knew, or should have known, that the product would be inadequate for the reasons for which it was purchased;

f.   carelessly and negligently designing, manufacturing, testing, inspecting, assembling, marketing, selling, distributing and/or placing into the stream of commerce the subject laptop that had unreasonably dangerous components that caused the product to catastrophically fail and/or malfunction;

g.   carelessly and negligently designing, manufacturing, testing, inspecting, assembling, marketing, selling, distributing and/or placing into the stream of commerce a dangerous and defective laptop that Defendant knew, or reasonably should have known, exposed users to an unreasonable risk of harm;

h.   carelessly and negligently failing to properly and adequately design, manufacture, test, inspect, assemble, market, sell, distribute the subject laptop prior to introducing the product into the stream of commerce;

i.   carelessly and negligently failing to provide adequate and sufficient warnings and instructions with respect to the product, which rendered it defective and unreasonably dangerous;

j.   carelessly and negligently designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce the subject laptop which was unreasonably dangerous, causing it to catastrophically fail and/or malfunction;

k.   carelessly and negligently designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce an unreasonably dangerous and defective laptop that Defendants knew or reasonably should have known exposed users to an unreasonable risk of harm;

l.   carelessly and negligently failing to properly and adequately design, manufacture, assemble, test, inspect, market, brand,

Case ID: 230502695

distribute and sell the subject laptop prior to introducing it into the stream of commerce;

m.     carelessly and negligently failing to provide adequate and sufficient warnings and instructions with respect to the subject laptop;

n.     carelessly and negligently designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce the subject laptop because it failed rendering it hazardous and dangerous for its contemplated and intended use;

o.     carelessly and negligently designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce the subject laptop because it failed or malfunctioned in a catastrophic fire condition;

p.     carelessly and negligently designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce the subject laptop because it could ignite under normal and foreseeable operation causing heat and fire to property and person;

q.     carelessly and negligently designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce the subject laptop in a manner that its lithium ion battery was subject to degradation through self-discharge;

r.     carelessly and negligently designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce the subject laptop in a manner that its lithium ion battery was subject to short circuits;

s.     carelessly and negligently designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce the subject laptop in a manner that its lithium ion battery was subject to electrical short or circuit failure;

t.     carelessly and negligently designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce the subject laptop in a manner that its lithium ion battery was subject to thermal runaway;

u.    carelessly and negligently designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce the subject laptop in a manner that it could not recognize the weak battery and trigger a shut down of the computer before thermal runaway could occur;

v.    carelessly and negligently failing to adequately inform and warn purchasers and ultimate users of the laptop's high propensity for instability to produce heat, ignite, explode and/or cause fires;

w.    carelessly and negligently designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce a product which lacked all necessary safety features to protect users of said product;

x.    carelessly and negligently failing to issue any post-sale modifications or additional warnings in an effort to eliminate the unreasonably dangerous nature of the laptop; and

y.    carelessly and negligently designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce the subject laptop with dangerous and hazardous defects in its lithium ion battery, electrical circuitry, wiring, plug and/or other components of the laptop.

57.    Defendants negligence and carelessness in designing, manufacturing, assembling, testing, inspecting, marketing, branding, distributing, selling and placing into the stream of commerce the subject laptop were the direct and proximate cause of Plaintiff, Jordan E. McCoy's and Plaintiff Decedents, Lynn Smith-Highland's and Thomas R. Highland's, severe and permanent injuries and damages, as previously set forth herein.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendants, HP Inc. (formerly Hewlett-Packard Co.), Agilent HP, Inc., PenTeleData Limited Partnership and PenTeleData, Inc., jointly and severally, for compensatory damages in a sum in excess of fifty thousand dollars ($50,000.00), exclusive of punitive damages, pre-

judgment interest, post-judgment interest and costs, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT III – BREACH OF EXPRESS WARRANTIES
### Plaintiff v. Defendants

58.     Plaintiff incorporates by reference the preceding averments as though set forth at length herein.

59.     Defendants expressly warranted that the subject laptop was safe and effective to members of the consuming public, including Plaintiff.

60.     More specifically, Defendants expressly warranted that the subject laptop was compliant with the applicable product safety standards.

61.     The subject laptop does not conform to these express representations because it was prone to produce heat, ignite and/or explode causing fire.

62.     Defendants breached any and all express warranties made or relating to the product that became a part of the basis of the bargain for sale of the product in violation of Pa. C.S.A. 2-313.

63.     Defendants have better access to all written forms of said warranties and therefore is not prejudices by Plaintiff's inability to attach them hereto.

64.     Therefore, Defendants breached its express warranties to the consuming public, including, but not limited to, Plaintiff.

65.     As a direct and proximate result of the Defendants' breach of express warranties, Lynn Smith-Highland and Thomas R. Highland suffered death, injuries and damages set forth herein, entitling them to damages.

66.     Plaintiff has met all and any conditions precedent to recover for such breaches.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendants, HP Inc. (formerly Hewlett-Packard Co.), Agilent HP, Inc., PenTeleData Limited Partnership and PenTeleData, Inc., jointly and severally, for statutory and compensatory damages in a sum in excess of fifty thousand dollars ($50,000.00), exclusive of punitive damages, pre-judgment interest, post-judgment interest and costs, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT IV – BREACH OF IMPLIED WARRANTIES
### Plaintiff v. Defendants

67.     Plaintiff incorporates by reference the preceding averments as though set forth at length herein.

68.     Defendants designed, manufactured, assembled, tested, marketed, branded, distributed, sold and placed into the stream of commerce the subject laptop with an implied warranty that it was fit for the particular purpose of operating safely, knowing that consumers would rely on their skill and/or judgment to furnish suitable goods.

69.     Members of the consuming public, including consumers such as Plaintiff, was the intended third-party beneficiaries of the warranty.

70.     The subject laptop was not fit for the particular purpose as a safe means for normal, ordinary and foreseeable use, due to the unreasonable risks of bodily injury and death associated with its use.

71.     Plaintiff in this case reasonably and justifiably relied on Defendants' representations that the subject laptop was safe to put to normal, ordinary and foreseeable use.

72.     In light of the negligence, breaches, failures and harms alleged herein, Defendants breached the implied warranty of fitness for a particular purpose as set for in

Case ID: 230502695

the Uniform Commercial Code at 13 Pa. C.S.A. 2-315 in that the product was not fit for its particular purpose for which such products are required under normal conditions.

73.     In addition, Defendants breached the implied warranty of merchantability as set out in 13 Pa. C.S.A. 2-314 (c) in that the product was not fit for the ordinary uses which the product was used.

74.     Plaintiff's damages as set forth above occurred as a direct and proximate result of Defendants breach of its implied warranties of fitness for a particular purpose and merchantability as set out in 13 Pa. C.S.A. 2-315 and 2-314.

75.     Plaintiff has met all and any conditions precedent to recover for such breaches.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendants, HP Inc. (formerly Hewlett-Packard Co.), Agilent HP, Inc., PenTeleData Limited Partnership and PenTeleData, Inc., jointly and severally, for compensatory damages in a sum in excess of seventy-five thousand dollars ($50,000.00), exclusive of pre-judgment interest, post-judgment interest and costs and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

### FIRST CAUSE OF ACTION – WRONGFUL DEATH (LYNN SMITH-HIGHLAND)
### Plaintiff v. Defendants

76.     Plaintiff incorporates by reference the preceding averments as though set forth at length herein.

77.     Plaintiff brings this action under and by virtue of the Wrongful Death Act, 42 Pa. C.S.A. §8301, and the applicable Rules of Civil Procedure and decisional law.

78. Under the Wrongful Death Act, Lynn Smith-Highland left surviving the following persons who may be entitled to recover damages: Jordan E. McCoy, daughter.

79. As a result of the negligence of Defendants set forth herein, Lynn Smith-Highland was caused serious and grave injuries including death, resulting in an entitlement to damages by said beneficiaries under the Wrongful Death Act.

80. Plaintiff, as the Administratrix of the Estate of Lynn Smith-Highland, claims the full measure of damages recoverable under the Wrongful Death Act, including, but not limited to, damages for medical, hospital, funeral and burial expenses and expenses of administration necessitated by reason of injuries causing Lynn Smith-Highland's death, damages for monetary support that Lynn Smith-Highland would have provided to the beneficiaries during her lifetime, damages for services provided or which could have been expected to have been performed in the future by Lynn Smith-Highland, and damages for the value of the Lynn Smith-Highland's life and loss of companionship, comfort, society, guidance, solace, and protection, and also damages for the emotional and psychological losses suffered by the beneficiaries named herein.

81. On behalf of the Wrongful Death Act beneficiary, Plaintiff claims damages for all pecuniary loss and expenses suffered by the beneficiary.

82. On behalf of the Wrongful Death Act beneficiary, Plaintiff claims the full measure of damages allowed under the Wrongful Death Act and the decisional law interpreting said Act.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendants, HP Inc. (formerly Hewlett-Packard Co.), Agilent HP, Inc., PenTeleData Limited Partnership and PenTeleData, Inc., jointly and severally, for statutory and compensatory

Case ID: 230502695

damages in a sum in excess of fifty thousand dollars ($50,000.00), exclusive of punitive damages, pre-judgment interest, post-judgment interest and costs, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## SECOND CAUSE OF ACTION – SURVIVAL ACTION (LYNN SMITH-HIGHLAND)
### Plaintiff v. Defendants

83.     Plaintiff incorporates by reference the preceding averments as though set forth at length herein.

84.     Plaintiff brings this Survival Action on behalf of the Estate of Lynn Smith-Highland, under and by virtue of 42 Pa. C.S.A. §8302, and the applicable Rules of Civil Procedure and decisional law.

85.     The persons entitled to the Estate of Lynn Smith-Highland are as follows: Jordan E. McCoy, daughter.

86.     As a result of the negligence of Defendants, as set forth above, Lynn Smith-Highland was caused serious and grave injuries including death resulting in the entitlement to damages under the Survival Act.

87.     On behalf of the Survival Act beneficiaries, the Administratrix claims all damages available under the Survival Act, including damages for loss of earnings and economic loss to Lynn Smith-Highland's estates, damages for medical expenses, damages for the loss of life's pleasures, damages for all loss of income, retirement, and Social Security income as a result of Lynn Smith-Highland's death, damages for the pain, suffering, and inconvenience endured by Lynn Smith-Highland prior to her death, including but not limited to, physical pain and suffering, mental pain and suffering, and

the fright and mental suffering attributed to the peril leading to Lynn Smith-Highland's death.

88.     Plaintiff claims the full measure of damages under the Survival Act and decisional law interpreting said Act.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendants, HP Inc. (formerly Hewlett-Packard Co.), Agilent HP, Inc., PenTeleData Limited Partnership and PenTeleData, Inc., jointly and severally, for compensatory damages in a sum in excess of seventy-five thousand dollars ($50,000.00), exclusive of pre-judgment interest, post-judgment interest and costs and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

### THIRD CAUSE OF ACTION – WRONGFUL DEATH (THOMAS R. HIGHLAND)
### Plaintiff v. Defendants

89.     Plaintiff incorporates by reference the preceding averments as though set forth at length herein.

90.     Plaintiff brings this action under and by virtue of the Wrongful Death Act, 42 Pa. C.S.A. §8301, and the applicable Rules of Civil Procedure and decisional law.

91.     Under the Wrongful Death Act, Thomas R. Highland left surviving the following persons who may be entitled to recover damages: Jordan E. McCoy, daughter.

92.     As a result of the negligence of Defendants set forth herein, Thomas R. Highland, was caused serious and grave injuries including death, resulting in an entitlement to damages by said beneficiaries under the Wrongful Death Act.

93.     Plaintiff, as the Executrix of the Estate of Thomas R. Highland,  claims the full measure of damages recoverable under the Wrongful Death Act, including, but not

limited to, damages for medical, hospital, funeral and burial expenses and expenses of administration necessitated by reason of injuries causing Thomas R. Highland's death, damages for monetary support that Thomas R. Highland would have provided to the beneficiaries during his lifetime, damages for services provided or which could have been expected to have been performed in the future by Thomas R. Highland, and damages for the value of the Thomas R. Highland's life and loss of companionship, comfort, society, guidance, solace, and protection, and also damages for the emotional and psychological losses suffered by the beneficiaries named herein.

94.    On behalf of the Wrongful Death Act beneficiary, Plaintiff claims damages for all pecuniary loss and expenses suffered by the beneficiary.

95.    On behalf of the Wrongful Death Act beneficiary, Plaintiff claims the full measure of damages allowed under the Wrongful Death Act and the decisional law interpreting said Act.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendants, HP Inc. (formerly Hewlett-Packard Co.), Agilent HP, Inc., PenTeleData Limited Partnership and PenTeleData, Inc., jointly and severally, for statutory and compensatory damages in a sum in excess of fifty thousand dollars ($50,000.00), exclusive of punitive damages, pre-judgment interest, post-judgment interest and costs, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

**FOURTH CAUSE OF ACTION – SURVIVAL ACTION (THOMAS R. HIGHLAND)**
**Plaintiff v. Defendants**

96.    Plaintiff incorporates by reference the preceding averments as though set forth at length herein.

97.     Plaintiff brings this Survival Action on behalf of the Estate of Thomas R. Highland under and by virtue of 42 Pa. C.S.A. §8302, and the applicable Rules of Civil Procedure and decisional law.

98.     The persons entitled to the Estate of Thomas R. Highland, deceased, are as follows: Jordan E. McCoy, daughter.

99.     As a result of the negligence of Defendants, as set forth above, Thomas R. Highland was caused serious and grave injuries including death resulting in the entitlement to damages under the Survival Act.

100.    On behalf of the Survival Act beneficiaries, the Executrix claims all damages available under the Survival Act, including damages for loss of earnings and economic loss to Thomas R. Highland's estate, damages for medical expenses, damages for the loss of life's pleasures, damages for all loss of income, retirement, and Social Security income as a result of Thomas R. Highland's death, damages for the pain, suffering, and inconvenience endured by Thomas R. Highland prior to his death, including but not limited to, physical pain and suffering, mental pain and suffering, and the fright and mental suffering attributed to the peril leading to Thomas R. Highland's death.

101.    Plaintiff claims the full measure of damages under the Survival Act and decisional law interpreting said Act.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendants, HP Inc. (formerly Hewlett-Packard Co.), Agilent HP, Inc., PenTeleData Limited Partnership and PenTeleData, Inc., jointly and severally, for statutory and compensatory damages in a sum in excess of fifty thousand dollars ($50,000.00), exclusive of punitive

Case ID: 230502695

damages, pre-judgment interest, post-judgment interest and costs, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

<div align="right">

**de LUCA LEVINE LLC**

BY:_____
RAYMOND E. MACK, ESQUIRE
PA ID No.: 91815
E-Mail:  rmack@delucalevine.com
PATRICK A. HUGHES, ESQUIRE
PA ID No.: 91415
E-Mail:  phughes@delucalevine.com
ANDREW HUNT, ESQUIRE
PA ID No.: 320749
E-Mail: ahunt@delucalevine.com
301 East Germantown Pike, 3rd FL
East Norriton, PA  19401
Telephone:  (215) 383-0081
Fax:  (215) 383-0082
COUNSEL FOR PLAINTIFF

</div>

Case ID: 230502695

## VERIFICATION

I, Jordan E. McCoy, individually and as the Administratrix of the Estate of Lynn Smith-Highland, deceased, and as the Executrix of the Estate of Thomas R. Highland, deceased hereby state that I do hereby verify that the statements made in the foregoing pleading are true and correct to the best of my knowledge, information and belief.  The undersigned understands that the statements therein are made subject to penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

Jordan E. McCoy

Dated:  May 25, 2023

# EXHIBIT C



## Insurance Evidence Services
### 1290 Main Road
### Lehighton, PA 18235

Date: ___02/23/2022___   Client: ___Traverlers___   Claim #: ___IPH3598___

Evidence Examined: _____ Highland– All   DAY 1 _____

Facilitator: _____ ~~Richard Dennis~~ & STEPHEN Rynd _____

# SIGN IN SHEET

| | |
|---|---|
| **RICHARD W. WUNDERLEY**  PE, CFEI  *Senior Electrical Engineer*  ◉ efi global  **EFI Global, Inc.**  129 McCarrell Lane, St. 207  Zelienople, PA 16063  OFFICE  724.473.0515  MOBILE  814.573.2505  FAX  724.473.0523  rich.wunderley@efiglobal.com  www.efiglobal.com | Representing: _Travelers / Highland_  Signature: _____ |
| **Technical Fire Analysis, LLC**  *Fire Origin & Cause Investigations*  **David B. Klitsch**  IAAI-CFI(V)  265 Shepard Place  Lehighton, PA 18235  **Mobile:** 570-657-0098  **Office:** 610-379-4445  **Email:** david@technicalfireanalysis.com  Ph:_____ Email:_____ | Representing: _HIGHLAND FAMILY_  Signature: _David B. Klitsch_ |
| **Electrical Engineering Solutions**  Donald Galler, M.S., P.E.  Failure Analysis  Control Systems  Power Electronics  Phone: 617-253-4554  Fax:  617-253-9451  email:  d.galler@comcast.net  dgaller@mit.edu  MIT Office  Room 4-131ba  77 Massachusetts Avenue  Cambridge MA 02139 | Representing: _HP_  Signature: _Donald Galler_ |

Page _1_ of _4_



## Insurance Evidence Services
### 1290 Main Road
### Lehighton, PA 18235

Date: _____02/23/2022_____ Client: _____Traverlers_____ Claim #: _____IPH3598_____

Evidence Examined: _____ Highland– All   Day 1 _____

Facilitator: _____ ~~Richard Dennis~~ Stephen Rynd _____

# SIGN IN SHEET

---

Con

## de Luca | Levine
### SUBROGATION ATTORNEYS

**Raymond E. Mack**
*Member*

D: (215) 383-0228
C: (267) 421-1138
E: rmack@delucalevine.com
F: (215) 383-0082

Three Valley Square
Suite 220
Blue Bell, PA 19422
www.delucalevine.com

Nar

Add

Ph:                    Email:

Representing: _Tom Highland_

Signature: _____

---

C

### CED Technologies Incorporated

Charlie Martorana, P.E., CFEI
*Electrical Engineer*
e-mail: Cmartorana@cedtechnologies.com

@CED_Tech_Inc          CED Technologies, Inc

2444 Holly Avenue
Annapolis, MD 21401
www.cedtechnologies.com

410.224.4235 tel.
800.780.4221 24-hour

N:

Ac

Ph:                    Email:

Representing: _Pen Tel Data_

Signature: _____

---

Com

**FJT Technologies LLC**
Forensic and Consulting
Engineering and Training

**Frank Ferrese, PhD, PE**
President and Senior Electrical
Engineer

414 1st Avenue
Haddon Heights, NJ 08035

tel. (856) 924-4690
frank@fjttech.com
www.fjttech.com

Nam

Add

Ph:                    Email:

Representing: _Highland_

Signature: _____

---

Page _2_ of _4_



**Insurance Evidence Services**

**1290 Main Road**

**Lehighton, PA 18235**

Date: _____02/23/2022_____ Client: _____Traverlers_____ Claim #: _____IPH3598_____

Evidence Examined: _____ Highland– All  DAY 1 _____

Facilitator: _____ ~~Richard Dennis~~ & STEPHEN RYND _____

# SIGN IN SHEET

| | |
|---|---|
| **Lawrence Sacco**<br><br>777 New Durham Road, Edison, NJ 08817<br>Mail To: P.O. Box 3300, Edison, NJ 08818-3300<br>Main Tel. (732) 429-1200 Main Fax (732) 429-1201<br>Direct Tel. (732) 429-1235 Direct Fax (732) 429-1261<br>LSacco@AEL.group.net<br><br>**AEL** | Representing: ___Canon___<br><br><br><br>Signature: _____ |
| Company: ___CANON USA___<br><br>Name: ___DOUG PAZMINO___<br><br>Address: ___MELVILLE   NY___<br><br>_____<br>Ph:___ Email: ___doPAZMINO@ cUSA.<br>CAMON-coll___ | Representing: ___CANON___<br><br><br><br>Signature: ___Doug pmm___ |
| **ETP**<br>Eskra Technical Products, Inc.<br><br>**Michael D. Eskra**     Phone/Fax 262.235.4068<br>CFEI, CVFI, CFI           **Cell** 262.707.5855<br><br>560 Technology Way, Suite 7   MikeEskra@aol.com<br>Saukville, WI 53080         www.eskratechnical.com<br>Ph:_____ Email: ___ | Representing: ___HIGHLAND /TRAVELSq___<br><br><br><br>Signature: ___Mike Eskra___ |

Page _3_ of _4_



## Insurance Evidence Services
### 1290 Main Road
### Lehighton, PA 18235

Date: ___02/23/2022___ Client: _____Traverlers_____ Claim #: _____IPH3598_____

Evidence Examined: _____Highland– All    DAY 1_____

Facilitator: _____~~Richard Dennis~~ S̶ Stephen Ryad_____

# SIGN IN SHEET

| | |
|---|---|
| **PATRICK J. McGINLEY ASSOC., INC.**<br>Fire & Code Consultants<br>Post Office Box 358, Lafayette Hill, PA 19444<br>Office 1-610-940-0541    Fax 1-610-940-0545<br>patrick@mcginleyassociates.com<br>**PATRICK J. McGINLEY III, CFI, CFEI**<br>PRESIDENT | Representing: _CANON_____<br><br><br>Signature: _____ |
| **D**<br>**ANDREW P. CAMPBELL**<br>Partner<br>office: (888) 365-2973<br>fax: (215) 829-4219<br>apc@delany-law.com<br>www.Delany-Law.com<br>Ph:_____ Email:_____ | Representing: _____<br><br><br>Signature: _____ |
| Company: _____<br><br>Name:_____<br><br>Address:_____<br><br>_____<br><br>Ph:_____ Email:_____ | Representing: _____<br><br><br><br>Signature: _____ |

Page _4_ of _4_

EXHIBIT D



## Insurance Evidence Services
### 1290 Main Road
### Lehighton, PA 18235

Date: _____02/24/2022_____   Client: _____Traverlers_____   Claim #: _____IPH3598_____

Evidence Examined: _____Highland– All   Day 2_____

Facilitator: _____Stephen Rynd_____

# SIGN IN SHEET

| | |
|---|---|
| RICHARD W. WUNDERLEY   PE, CFEI   ⊕ efi global<br>*Senior Electrical Engineer*<br><br>EFI Global, Inc.<br>129 McCarrell Lane, St. 207<br>Zelienople, PA 16063<br>OFFICE   724.473.0515<br>MOBILE   814.573.2505<br>FAX   724.473.0523<br>rich.wunderley@efiglobal.com<br>www.efiglobal.com | Representing: _Travelors / Highland_<br><br><br>Signature: _____ |
| **Technical Fire Analysis, LLC**<br>*Fire Origin & Cause Investigations*<br>**David B. Klitsch**<br>IAAI-CFI(V)<br>265 Shepard Place<br>Lehighton, PA 18235<br>**Mobile:** 570-657-0098<br>**Office:** 610-379-4445<br>**Email:** david@technicalfireanalysis.com | Representing: _Highland Family_<br><br><br>Signature: _____ |
| **Electrical Engineering Solutions**<br>Donald Galler, M.S., P.E.<br><br>Failure Analysis   Control Systems   Power Electronics<br><br>Phone: 617-253-4554<br>Fax:   617-253-9451<br>email:  d.galler@comcast.net<br>      dgaller@mit.edu<br>MIT Office<br>Room 4-131ba<br>77 Massachusetts Avenue<br>Cambridge MA 02139 | Representing: _ITP_<br><br><br>Signature: _Donald Galler_ |



Insurance Evidence Services

1290 Main Road

Lehighton, PA 18235

Date: _____02/24/2022_____ Client: _____Traverlers_____ Claim #: _____IPH3598_____

Evidence Examined: _____ Highland– All   Day 2 _____

Facilitator: _____ Stephen Rynd _____

# SIGN IN SHEET

| | |
|---|---|
| ![ETP - Eskra Technical Products, Inc.] **Michael D. Eskra** CFEI, CVFI, CFII, PMP  **Phone/Fax** 262.235.4068 **Cell** 262.707.5855  560 Technology Way, Suite 7 Saukville, WI 53080  MikeEskra@aol.com www.eskratechnical.com | Representing: _TRAVELAR /HIGHLAND_  Signature: _M D. Eskra_ |
| **FJT Technologies LLC** Forensic and Consulting Engineering and Training  **Frank Ferrese, PhD, PE** President and Senior Electrical Engineer  414 1st Avenue Haddon Heights, NJ 08035  tel. (856) 924-4690 frank@fjttech.com www.fjttech.com | Representing: _Highland_  Signature: _____ |
| **CED** Technologies Incorporated  Charlie Martorana, P.E., CFEI Electrical Engineer e-mail: Cmartorana@cedtechnologies.com  @CED_Tech_Inc   CED Technologies, Inc  2444 Holly Avenue Annapolis, MD 21401 www.cedtechnologies.com  410.224.4235 tel. 800.780.4221 24-hour | Representing: _Pen Tel Data_  Signature: _____ |

Page _2_ of _4_



## Insurance Evidence Services
### 1290 Main Road
### Lehighton, PA 18235

Date: ___02/24/2022___   Client: ___Traverlers___   Claim #: ___IPH3598___

Evidence Examined: ___Highland– All   Day 2___

Facilitator: ___Stephen Rynd___

# SIGN IN SHEET

| | |
|---|---|
| **PATRICK J. McGINLEY ASSOC., INC.**<br>Fire & Code Consultants<br>Post Office Box 358, Lafayette Hill, PA 19444<br>Office 1-610-940-0541          Fax 1-610-940-0545<br>patrick@mcginleyassociates.com<br>**PATRICK J. McGINLEY III, CFI, CFEI**<br>PRESIDENT | Representing: _CANON_<br><br>Signature _(signature)_ |
| **Canon**  Douglas Pazmino<br>Engineer, Technical Support II<br>Engineering Division<br>Imaging Technologies & Communications Group<br>Canon U.S.A., Inc.<br>One Canon Park<br>Melville, NY 11747<br>dopazmino@cusa.canon.com<br>**Tel** 631.330.4263   **Cell** 757.748.1751<br>**Fax** 631.330.2153 | Representing: _CANON_<br><br>Signature: _(signature)_ |
| Company: _AEL_<br><br>Name: _L Sacco_<br><br>Address: _Edison, NJ_<br><br>Ph: _732-429-1200_ Email: _LSacco@AELGroup.net_ | Representing: _Canon_<br><br>Signature: _(signature)_ |

Page _3_ of _4_



## Insurance Evidence Services
## 1290 Main Road
## Lehighton, PA 18235

Date: ___02/24/2022___   Client: ____Traverlers____   Claim #: _____IPH3598_____

Evidence Examined: _____Highland– All   Day 2_____

Facilitator: _____Stephen Rynd_____

# SIGN IN SHEET

| | |
|---|---|
| Co | Representing: _____ (signature) _____ |
| Na | |
| Ac **D** | |
| **ANDREW P. CAMPBELL** **Partner** office: (888) 365-2973 fax: (215) 829-4219 apc@delany-law.com www.Delany-Law.com | |
| Pl | Signature: _____ (signature) _____ |
| Company: _____ | Representing: _____ |
| Name: _____ | |
| Address: _____ | |
| _____ | |
| Ph: _____ Email: _____ | Signature: _____ |
| Company: _____ | Representing: _____ |
| Name: _____ | |
| Address: _____ | |
| _____ | |
| Ph: _____ Email: _____ | Signature: _____ |

Page __4__ of __4__

# EXHIBIT E



No Items in Cart  kkelly1

Civil Docket Report

A $5 Convenience fee will be added to the transaction at checkout.

## Case Description

| | |
|---|---|
| **Case ID:** | 230502695 |
| **Case Caption:** | MCCOY ETAL VS HP, INC. ETAL |
| **Filing Date:** | Thursday , May 25th, 2023 |
| **Court:** | MAJOR JURY-STANDARD |
| **Location:** | CITY HALL |
| **Jury:** | JURY |
| **Case Type:** | PERSONAL INJURY - OTHER |
| **Status:** | WAITING TO LIST CASE MGMT CONF |

## Related Cases

*No related cases were found.*

## Case Event Schedule

*No case events were found.*

## Case motions

*No case motions were found.*

## Case Parties

| Seq # | Assoc | Expn Date | Type | Name |
|---|---|---|---|---|
| 1 | | | ATTORNEY FOR PLAINTIFF | MACK, RAYMOND E |
| **Address:** 301 E. GERMANTOWN PIKE, 3RD FL EAST NORRITON PA 19401 (215)383-0081 rmack@delucalevine.com | | **Aliases:** | *none* | |
| | | | | |
| 2 | 1 | | PLAINTIFF | MCCOY, JORDAN E |
| **Address:** 953 DAUGHERTYS RUN ROAD WILLIAMSPORT PA 177001 | | **Aliases:** | *none* | |
| | | | | |
| 3 | 1 | | ADMINISTRATRIX - PLAINTIFF | SMITH-HIGHLAND, LYNN |

| Address: | 953 DAUGHERTYS RUN ROAD WILLIAMSPORT PA 17701 | Aliases: | *none* | |
|---|---|---|---|---|
| | | | | |
| 4 | 1 | | EXECUTRIX - PLAINTIFF | HIGHLAND, THOMAS R |
| Address: | 953 DAUGHERTYS RUN ROAD WILLIAMSPORT PA 17701 | Aliases: | *none* | |
| | | | | |
| 5 | 14 | | DEFENDANT | HP INC |
| Address: | 1501 PAGE MILL ROAD PALO ALTO CA 94304 | Aliases: | FORMERLY KNOWN AS, HEWLETT-PACKARD COMPANY | |
| | | | | |
| 6 | | | DEFENDANT | AGILENT HP INC |
| Address: | 1501 PAGE MILL ROAD PALO ALTO CO 94304 | Aliases: | *none* | |
| | | | | |
| 7 | 12 | | DEFENDANT | PENTELDATA LIMITED PARTNERSHIP |
| Address: | 610 3RD STREET PALMERTON PA 18071 | Aliases: | *none* | |
| | | | | |
| 8 | 12 | | DEFENDANT | PENTELDATA INC |
| Address: | 540 DELAWARE AVENUE PALMERTON PA 18071 | Aliases: | *none* | |
| | | | | |
| 9 | 1 | | ATTORNEY FOR PLAINTIFF | HUGHES, PATRICK A |
| Address: | 301 E. GERMANTOWN PIKE, 3RD FL EAST NORRITON PA 19401 (215)383-0081 phughes@delucalevine.com | Aliases: | *none* | |
| | | | | |
| 10 | 1 | | ATTORNEY FOR PLAINTIFF | HUNT, ANDREW G |
| Address: | 301 E. GERMANTOWN PIKE 3RD FLOOR EAST NORRITON PA 19401 | Aliases: | *none* | |

|  | (215)278-4076<br>ahunt@delucalevine.com |  |  |  |
|---|---|---|---|---|
| 11 |  |  | TEAM LEADER | ANDERS, DANIEL J |
| **Address:** | 529 CITY HALL<br>PHILADELPHIA PA 19107 | **Aliases:** | *none* | |
| 12 |  |  | ATTORNEY FOR DEFENDANT | DELANY III, JOHN J |
| **Address:** | 2000 MARKET STREET<br>SUITE 2300<br>PHILADELPHIA PA 19103<br>(215)575-2600<br>jjdelany@mdwcg.com | **Aliases:** | *none* | |
| 13 | 12 |  | ATTORNEY FOR DEFENDANT | CAMPBELL, ANDREW P |
| **Address:** | 2000 MARKET STREET<br>#2300<br>PHILADELPHIA PA 19103<br>(215)575-2890<br>APCampbell@MDWCG.com | **Aliases:** | *none* | |
| 14 |  |  | ATTORNEY FOR DEFENDANT | SPERLING, WARREN F |
| **Address:** | CENTRE SQUARE, WEST TOWER<br>1500 MARKET STREET,<br>32ND FLOOR<br>PHILADELPHIA PA 19102<br>(215)665-3334<br>sperling@bbs-law.com | **Aliases:** | *none* | |
| 15 | 14 |  | ATTORNEY FOR DEFENDANT | TORRES, ALEXANDER D |
| **Address:** | CENTRE SQUARE, WEST TOWER<br>1500 MARKET STREET,<br>32ND FLOOR<br>PHILADELPHIA PA 19102<br>(215)665-3313<br>TORRES@BBS-LAW.COM | **Aliases:** | *none* | |

## Docket Entries

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount |
|---|---|---|---|
| 25-MAY-2023 10:37 AM | ACTIVE CASE | | |
| **Docket Entry:** | E-Filing Number: 2305059395 | | |
| | | | |
| 25-MAY-2023 10:37 AM | COMMENCEMENT CIVIL ACTION JURY | MACK, RAYMOND E | |
| **Documents:** | 🔴 Click link(s) to preview/purchase the documents<br>**Final Cover** | 🛒 Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | *none.* | | |
| | | | |
| 25-MAY-2023 10:37 AM | COMPLAINT FILED NOTICE GIVEN | MACK, RAYMOND E | |
| **Documents:** | 🔴 Click link(s) to preview/purchase the documents<br>**Jordan McCoy Complaint.PDF** | 🛒 Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. | | |
| | | | |
| 25-MAY-2023 10:37 AM | JURY TRIAL PERFECTED | MACK, RAYMOND E | |
| **Docket Entry:** | 12 JURORS REQUESTED. | | |
| | | | |
| 25-MAY-2023 10:37 AM | WAITING TO LIST CASE MGMT CONF | MACK, RAYMOND E | |
| **Docket Entry:** | *none.* | | |
| | | | |
| 25-MAY-2023 11:40 AM | ENTRY OF APPEARANCE | HUGHES, PATRICK A | |
| **Documents:** | 🔴 Click link(s) to preview/purchase the documents<br>**EOA PXH.PDF** | 🛒 Click HERE to purchase all documents related to this one docket entry | |
| **Docket** | ENTRY OF APPEARANCE OF PATRICK A HUGHES FILED. (FILED ON BEHALF | | |

| | | | |
|---|---|---|---|
| **Entry:** | OF THOMAS R HIGHLAND, LYNN SMITH-HIGHLAND AND JORDAN E MCCOY) | | |

| | | | |
|---|---|---|---|
| 25-MAY-2023 11:42 AM | ENTRY OF APPEARANCE-CO COUNSEL | HUNT, ANDREW G | |
| **Documents:** | ⚞ Click link(s) to preview/purchase the documents <br> EOA AGH.PDF | 🛒 Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | ENTRY OF APPEARANCE OF ANDREW G HUNT AS CO-COUNSEL FILED. (FILED ON BEHALF OF THOMAS R HIGHLAND, LYNN SMITH-HIGHLAND AND JORDAN E MCCOY) | | |

| | | | |
|---|---|---|---|
| 05-JUN-2023 04:30 PM | ENTRY OF APPEARANCE | DELANY III, JOHN J | |
| **Documents:** | ⚞ Click link(s) to preview/purchase the documents <br> JJD APC EOA.PDF | 🛒 Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | ENTRY OF APPEARANCE OF ANDREW P CAMPBELL AND JOHN J DELANY FILED. (FILED ON BEHALF OF PENTELDATA INC AND PENTELDATA LIMITED PARTNERSHIP) | | |

| | | | |
|---|---|---|---|
| 05-JUN-2023 04:30 PM | JURY TRIAL PERFECTED | DELANY III, JOHN J | |
| **Docket Entry:** | 12 JURORS REQUESTED. | | |

| | | | |
|---|---|---|---|
| 14-JUN-2023 09:55 AM | AFFIDAVIT OF SERVICE FILED | MACK, RAYMOND E | |
| **Documents:** | ⚞ Click link(s) to preview/purchase the documents <br> Affidavit of Service HP.PDF | 🛒 Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON HP INC BY CERTIFIED MAIL ON 06/06/2023 FILED. (FILED ON BEHALF OF THOMAS R HIGHLAND, LYNN SMITH-HIGHLAND AND JORDAN E MCCOY) | | |

| | | | |
|---|---|---|---|
| 14-JUN-2023 09:56 AM | AFFIDAVIT OF SERVICE FILED | MACK, RAYMOND E | |
| **Documents:** | ⚞ Click link(s) to preview/purchase the documents <br> Affidavit of Service Agilent HP.PDF | 🛒 Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON AGILENT HP INC BY CERTIFIED MAIL ON 05/30/2023 FILED. (FILED ON BEHALF OF THOMAS R HIGHLAND, LYNN SMITH-HIGHLAND AND JORDAN E MCCOY) | | |

| 16-JUN-2023 11:25 AM | SHERIFF'S SERVICE | MACK, RAYMOND E | |
|---|---|---|---|
| **Documents:** | ⬛ Click link(s) to preview/purchase the documents<br>Sheriff Return of Service Penteldata Inc served.pdf | 🛒 **Click HERE to purchase all documents related to this one docket entry** | |
| **Docket Entry:** | DEPUTIZED SERVICE OF PLAINTIFF'S COMPLAINT UPON PENTELDATA INC BY SHERIFF OF CARBON COUNTY ON 06/01/2023. (FILED ON BEHALF OF THOMAS R HIGHLAND, LYNN SMITH-HIGHLAND AND JORDAN E MCCOY) | | |

| 22-JUN-2023 02:41 PM | SHERIFF'S SERVICE | MACK, RAYMOND E | |
|---|---|---|---|
| **Documents:** | ⬛ Click link(s) to preview/purchase the documents<br>Sheriff ROS Penteldata Limited Partnership Served.pdf | 🛒 **Click HERE to purchase all documents related to this one docket entry** | |
| **Docket Entry:** | DEPUTIZED SERVICE OF PLAINTIFF'S COMPLAINT UPON PENTELDATA LIMITED PARTNERSHIP BY SHERIFF OF CARBON COUNTY ON 06/21/2023. (FILED ON BEHALF OF THOMAS R HIGHLAND, LYNN SMITH-HIGHLAND AND JORDAN E MCCOY) | | |

| 05-JUL-2023 11:50 AM | ANSWER TO COMPLAINT FILED | DELANY III, JOHN J | |
|---|---|---|---|
| **Documents:** | ⬛ Click link(s) to preview/purchase the documents<br>PenTeleData Answer New Matter Crossclaim Omnibus Reply Crossclaim rvd 6.pdf | 🛒 **Click HERE to purchase all documents related to this one docket entry** | |
| **Docket Entry:** | ANSWER WITH NEW MATTER AND CROSSCLAIM TO PLAINTIFF'S COMPLAINT FILED. (FILED ON BEHALF OF PENTELDATA INC AND PENTELDATA LIMITED PARTNERSHIP) | | |

| 11-JUL-2023 10:58 AM | REPLY TO NEW MATTER | HUGHES, PATRICK A | |
|---|---|---|---|
| **Documents:** | ⬛ Click link(s) to preview/purchase the documents<br>Reply to NM Penteldata Limited Partnership and Penteldata Inc.PDF | 🛒 **Click HERE to purchase all documents related to this one docket entry** | |
| **Docket Entry:** | REPLY TO NEW MATTER OF PENTELDATA LIMITED PARTNERSHIP AND PENTELDATA INC FILED. (FILED ON BEHALF OF THOMAS R HIGHLAND, LYNN SMITH-HIGHLAND AND JORDAN E MCCOY) | | |

| 19-JUL-2023 11:25 AM | ENTRY OF APPEARANCE | SPERLING, WARREN F | |
|---|---|---|---|
| **Documents:** | ⬛ Click link(s) to preview/purchase the documents<br>EOA with JD by WFS and ADT.pdf | 🛒 **Click HERE to purchase all documents related to this one docket entry** | |

| | |
|---|---|
| **Docket Entry:** | ENTRY OF APPEARANCE OF WARREN F SPERLING AND ALEXANDER D TORRES FILED. (FILED ON BEHALF OF HP INC) |
| | |

| 19-JUL-2023 11:25 AM | JURY TRIAL PERFECTED | SPERLING, WARREN F | |
|---|---|---|---|
| **Docket Entry:** | 12 JURORS REQUESTED. | | |

▶ Case Description    ▶ Related Cases    ▶ Event Schedule    ▶ Case Parties    ▶ Docket Entries

E-Filing System    Search Home    Return to Results

EXHIBIT F

**Kelly, Kevin M**

| | |
|---|---|
| **From:** | Raymond Mack <rmack@delucalevine.com> |
| **Sent:** | Thursday, June 15, 2023 5:39 PM |
| **To:** | Kelly, Kevin M |
| **Cc:** | Patrick Hughes; Andrew Hunt |
| **Subject:** | Re: [External] Highland IPH3598 |
| **Attachments:** | Personal Injury Complaint 5.25.23.pdf; Complaint (25).pdf |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

<div style="border:2px solid black; background:yellow; text-align:center;">

**CAUTION: This email came from outside of the company.**
**Please exercise caution when opening attachments, clicking links or responding to this email. The original sender of this email is rmack@delucalevine.com.**

</div>

Ha! Very loosely.

Hope all is well.

We don't have any objection to consolidation if you land back in state court.

Good luck!


On Jun 15, 2023, at 2:40 PM, Kelly, Kevin M <KMKELLY2@travelers.com> wrote:


Gents (used loosely)

Do you have any opposition to Travelers (Farmington Casualty Co.) filing a motion to remand from Federal Court and consolidate our action (attached) with yours in State Court???

Kevin M. Kelly
Attorney at Law
William J. Ferren & Associates
Pennsylvania Staff Counsel Offices
Blue Bell, PA
Direct:  (215) 274-1719
Office:  (215) 274-1700
Mobile: (215) 692-3317
Fax (215) 274-1722
Email: Kmkelly2@travelers.com


Documents that *cannot* be sent electronically should be mailed to:
P.O. Box 2903
Hartford, CT 06104-2903

Not a Partnership or Professional Corporation
All attorneys are Employees of The Travelers Indemnity Company and its Property Casualty Affiliates

1

This message (including any attachments) may contain confidential, proprietary, privileged and/or private information. The information is intended to be for the use of the individual or entity designated above. If you are not the intended recipient of this message, please notify the sender immediately, and delete the message and any attachments. Any disclosure, reproduction, distribution or other use of this message or any attachments by an individual or entity other than the intended recipient is prohibited.

# EXHIBIT G

## U.S. District Court — Judicial Caseload Profile

**PENNSYLVANIA EASTERN**

| | | | 12-Month Periods Ending | | | | | | Numerical Standing Within | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | Mar 31 2018 | Mar 31 2019 | Mar 31 2020 | Mar 31 2021 | Mar 31 2022 | Mar 31 2023 | U.S. | Circuit |
| **Overall Caseload Statistics** | Filings [1] | | 7,939 | 7,878 | 8,422 | 7,457 | 6,674 | 6,730 | | |
| | Terminations | | 8,197 | 7,586 | 7,239 | 6,352 | 7,058 | 8,161 | | |
| | Pending | | 7,396 | 7,704 | 8,924 | 10,018 | 9,592 | 8,169 | | |
| | Percent Change in Total Filings Current Year Over Earlier Year | | -15.2 | -14.6 | -20.1 | -9.7 | 0.8 | | 52 | 1 |
| | Number of Judgeships | | 22 | 22 | 22 | 22 | 22 | 22 | | |
| | Vacant Judgeship Months [2] | | 54.0 | 56.8 | 53.0 | 25.5 | 57.9 | 51.0 | | |
| **Actions per Judgeship** | **Filings** | Total | 361 | 358 | 383 | 339 | 303 | 306 | 77 | 5 |
| | | Civil | 314 | 313 | 341 | 315 | 272 | 277 | 48 | 5 |
| | | Criminal Felony | 30 | 33 | 33 | 19 | 21 | 21 | 94 | 6 |
| | | Supervised Release Hearings | 16 | 12 | 10 | 5 | 10 | 8 | 86 | 4 |
| | Pending Cases [2] | | 336 | 350 | 406 | 455 | 436 | 371 | 63 | 6 |
| | Weighted Filings [2] | | 314 | 305 | 329 | 304 | 287 | 271 | 81 | 5 |
| | Terminations | | 373 | 345 | 329 | 289 | 321 | 371 | 70 | 4 |
| | Trials Completed | | 9 | 6 | 9 | 2 | 6 | 7 | 90 | 5 |
| **Median Time (Months)** | From Filing to Disposition | Criminal Felony | 14.9 | 14.2 | 13.9 | 16.9 | 21.9 | 22.6 | 88 | 5 |
| | | Civil [2] | 5.8 | 5.8 | 5.8 | 6.1 | 6.7 | 8.5 | 27 | 3 |
| | From Filing to Trial [2] (Civil Only) | | 21.2 | 21.7 | 19.7 | - | 24.9 | 23.5 | 6 | 1 |
| **Other** | Number (and %) of Civil Cases Over 3 Years Old [2] | | 1,082 17.7 | 1,120 17.7 | 1,514 20.1 | 1,532 17.7 | 1,940 23.5 | 2,025 29.2 | 84 | 4 |
| | Average Number of Felony Defendants Filed per Case | | 1.3 | 1.3 | 1.3 | 1.2 | 1.3 | 1.2 | | |
| | Jurors | Avg. Present for Jury Selection | 60.6 | 61.2 | 55.5 | 65.0 | 53.4 | 59.7 | | |
| | | Percent Not Selected or Challenged | 44.5 | 43.8 | 39.1 | 35.0 | 44.9 | 44.7 | | |

| 2023 Civil Case and Criminal Felony Defendant Filings by Nature of Suit and Offense | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | Total | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 6,084 | 180 | 408 | 1,023 | 4 | 60 | 368 | 787 | 825 | 253 | 1,341 | 8 | 827 |
| Criminal [1] | 458 | - | 96 | 15 | 91 | 86 | 84 | 25 | 2 | 37 | 5 | 5 | 12 |

NOTE: Criminal data in this profile count defendants rather than cases and therefore will not match previously published numbers.

[1] Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings by "Nature of Offense" do not.

[2] See "Explanation of Selected Terms."

## U.S. District Court — Judicial Caseload Profile

**PENNSYLVANIA MIDDLE**

| | | | 12-Month Periods Ending | | | | | | Numerical Standing Within | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | Mar 31 2018 | Mar 31 2019 | Mar 31 2020 | Mar 31 2021 | Mar 31 2022 | Mar 31 2023 | U.S. | Circuit |
| **Overall Caseload Statistics** | | Filings ¹ | 3,251 | 3,035 | 2,817 | 3,122 | 2,747 | 2,757 | | |
| | | Terminations | 3,111 | 3,031 | 3,090 | 2,860 | 2,902 | 2,955 | | |
| | | Pending | 3,980 | 3,987 | 3,708 | 3,981 | 3,864 | 3,679 | | |
| | | Percent Change in Total Filings Current Year Over Earlier Year | -15.2 | -9.2 | -2.1 | -11.7 | 0.4 | | 55 | 2 |
| | | Number of Judgeships | 6 | 6 | 6 | 6 | 6 | 6 | | |
| | | Vacant Judgeship Months ² | 0.0 | 5.6 | 7.2 | 0.0 | 0.0 | 12.0 | | |
| **Actions per Judgeship** | **Filings** | Total | 542 | 506 | 470 | 520 | 458 | 460 | 42 | 2 |
| | | Civil | 434 | 396 | 386 | 437 | 356 | 369 | 32 | 3 |
| | | Criminal Felony | 88 | 88 | 69 | 71 | 83 | 73 | 45 | 1 |
| | | Supervised Release Hearings | 20 | 21 | 15 | 13 | 20 | 18 | 75 | 1 |
| | Pending Cases ² | | 663 | 665 | 618 | 664 | 644 | 613 | 22 | 3 |
| | Weighted Filings ² | | 474 | 452 | 417 | 461 | 437 | 418 | 42 | 3 |
| | Terminations | | 519 | 505 | 515 | 477 | 484 | 493 | 36 | 3 |
| | Trials Completed | | 28 | 25 | 19 | 17 | 28 | 26 | 15 | 1 |
| **Median Time (Months)** | From Filing to Disposition | Criminal Felony | 14.5 | 14.5 | 16.8 | 23.3 | 23.0 | 20.2 | 81 | 3 |
| | | Civil ² | 9.9 | 9.8 | 11.3 | 10.0 | 11.0 | 12.0 | 76 | 5 |
| | From Filing to Trial ² (Civil Only) | | 34.8 | 34.9 | 37.2 | - | 41.1 | - | - | - |
| **Other** | Number (and %) of Civil Cases Over 3 Years Old ² | | 218 7.5 | 239 8.3 | 271 10.1 | 297 10.3 | 274 10.4 | 281 11.3 | 49 | 2 |
| | Average Number of Felony Defendants Filed per Case | | 1.3 | 1.3 | 1.3 | 1.5 | 1.4 | 1.4 | | |
| | Jurors | Avg. Present for Jury Selection | 52.0 | 51.9 | 48.8 | 55.1 | 47.0 | 63.1 | | |
| | | Percent Not Selected or Challenged | 33.5 | 39.6 | 38.5 | 34.6 | 33.4 | 39.8 | | |

### 2023 Civil Case and Criminal Felony Defendant Filings by Nature of Suit and Offense

| Type of | Total | A | B | C | D | E | F | G | H | I | J | K | L |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Civil | 2,212 | 167 | 22 | 924 | 4 | 19 | 63 | 146 | 199 | 34 | 472 | 1 | 161 |
| Criminal ¹ | 435 | 3 | 186 | 46 | 60 | 68 | 15 | 26 | 6 | 2 | 5 | 1 | 17 |

NOTE: Criminal data in this profile count defendants rather than cases and therefore will not match previously published numbers.

¹ Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings by "Nature of Offense" do not.

² See "Explanation of Selected Terms."

## U.S. District Court — Judicial Caseload Profile

**PENNSYLVANIA WESTERN**

| | | | 12-Month Periods Ending | | | | | | Numerical Standing Within | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | Mar 31 2018 | Mar 31 2019 | Mar 31 2020 | Mar 31 2021 | Mar 31 2022 | Mar 31 2023 | U.S. | Circuit |
| **Overall Caseload Statistics** | Filings ¹ | | 3,323 | 3,398 | 3,512 | 3,870 | 3,692 | 3,436 | | |
| | Terminations | | 3,185 | 3,345 | 3,229 | 3,258 | 3,504 | 3,552 | | |
| | Pending | | 2,795 | 2,843 | 3,117 | 3,744 | 3,917 | 3,770 | | |
| | Percent Change in Total Filings Current Year Over Earlier Year | | 3.4 | 1.1 | -2.2 | -11.2 | -6.9 | | 79 | 3 |
| | Number of Judgeships | | 10 | 10 | 10 | 10 | 10 | 10 | | |
| | Vacant Judgeship Months ² | | 55.1 | 65.9 | 42.4 | 9.1 | 0.0 | 0.0 | | |
| **Actions per Judgeship** | **Filings** | Total | 332 | 340 | 351 | 387 | 369 | 344 | 71 | 4 |
| | | Civil | 259 | 268 | 272 | 301 | 290 | 288 | 47 | 4 |
| | | Criminal Felony | 56 | 56 | 63 | 78 | 72 | 41 | 76 | 3 |
| | | Supervised Release Hearings | 17 | 16 | 17 | 8 | 7 | 15 | 80 | 2 |
| | Pending Cases ² | | 280 | 284 | 312 | 374 | 392 | 377 | 61 | 5 |
| | Weighted Filings ² | | 308 | 301 | 326 | 383 | 351 | 302 | 74 | 4 |
| | Terminations | | 319 | 335 | 323 | 326 | 350 | 355 | 73 | 5 |
| | Trials Completed | | 19 | 20 | 26 | 12 | 17 | 22 | 24 | 3 |
| **Median Time (Months)** | From Filing to Disposition | Criminal Felony | 16.1 | 15.0 | 15.0 | 16.8 | 18.6 | 22.3 | 87 | 4 |
| | | Civil ² | 6.1 | 6.2 | 6.0 | 5.6 | 6.7 | 6.6 | 11 | 1 |
| | From Filing to Trial ² (Civil Only) | | 33.5 | 32.4 | 33.2 | - | 44.5 | 33.3 | 27 | 2 |
| **Other** | Number (and %) of Civil Cases Over 3 Years Old ² | | 52 / 2.7 | 57 / 3.0 | 56 / 2.8 | 80 / 3.5 | 109 / 4.4 | 125 / 4.7 | 9 | 1 |
| | Average Number of Felony Defendants Filed per Case | | 1.4 | 1.3 | 1.5 | 1.7 | 1.6 | 1.4 | | |
| | Jurors | Avg. Present for Jury Selection | 48.4 | 53.1 | 57.7 | 0 | 53.8 | 72.3 | | |
| | | Percent Not Selected or Challenged | 39.7 | 41.8 | 44.0 | 0 | 43.9 | 59.8 | | |

| **2023 Civil Case and Criminal Felony Defendant Filings by Nature of Suit and Offense** | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | Total | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 2,877 | 105 | 293 | 778 | 11 | 25 | 168 | 256 | 187 | 51 | 782 | 1 | 220 |
| Criminal ¹ | 411 | - | 212 | 5 | 68 | 44 | 8 | 46 | 1 | 6 | 7 | 3 | 11 |

NOTE: Criminal data in this profile count defendants rather than cases and therefore will not match previously published numbers.

¹ Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings by "Nature of Offense" do not.

² See "Explanation of Selected Terms."