## UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FARMINGTON CASUALTY COMPANY a/s/o | : | |
| THE ESTATE OF THOMAS R. HIGHLAND, | : | JURY TRIAL DEMANDED |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| vs. | : | |
| | : | Civil Action No. 23-cv-1022 |
| HP INC. | : | |
| Defendant. | | |

<u>ORDER</u>

AND NOW, on this _____ day of _____ 2023, upon consideration of the Motion
to Remand And Consolidate Related Actions by Plaintiff and any response thereto, it is hereby
ORDERED and DECREED that the Plaintiff's motion is DENIED.

BY THE COURT:

_____
                                          J.

# UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF PENNSYLVANIA

FARMINGTON CASUALTY COMPANY a/s/o  :
THE ESTATE OF THOMAS R. HIGHLAND,  :      JURY TRIAL DEMANDED
                                   :
              Plaintiff,           :
                                   :
                                   :      CIVIL ACTION
       vs.                         :
                                   :      Civil Action No. 23-cv-1022
HP INC.                            :
              Defendant.           :

## RESPONSE OF DEFENDANT, HP INC. TO PLAINTIFF'S MOTION REMAND AND CONSOLIDATE RELATED ACTIONS

Defendant, HP Inc., by and through its attorneys Bennett, Bricklin & Saltzburg LLC, submits this response in opposition to plaintiff's motion to remand and consolidate related actions. The plaintiff's motion to remand must be denied as a matter of law because the sole purported forum defendant, PenTeleData ("PTD"), was a non-existent entity that was not joined and served at the time of removal. *See* 28 U.S.C. § (b)(2). Indeed, plaintiff dismissed PTD from this case immediately after removal. For this reason alone, the motion to remand must be denied.

Further, as established by the plaintiff's immediate dismissal of PTD on removal and concession in its motion for remand that PTD did not "sell, market or distribute the HP laptop," *see* Doc. No. 19-1 at 4, there is no reasonable basis in fact or colorable ground supporting the claim against PTD, and no real intention by plaintiff in good faith to prosecute the action against PTD or seek a joint judgment. *See In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006). Thus, the joinder of PTD was fraudulent, and the Court can disregard its citizenship, assume jurisdiction over case, and dismiss PTD to thereby retain jurisdiction. *Id.*

Finally, any possible jurisdictional defect is cured by the plaintiff's voluntary dismissal of PTD, the party that had purportedly destroyed jurisdiction. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567 (2004). Because plaintiff dismissed PTD, it is evidently a dispensable party, the dismissal of which was non-prejudicial. *See Craig v. Norton,* 388 Fed. App. 228, 230 (3rd Cir. 2010). Thus, any jurisdictional defect is cured, jurisdiction should be retained, and the plaintiff's motion should be denied.

Insofar as plaintiff's motion seeks consolidation, it must be denied, because Federal Rule of Civil Procedure 42(a)(1) only permits the joining for hearing or trial two or more actions before **this** court, and the plaintiff's subsequently-filed action is pending in the Court of Common Pleas. Plaintiff's argument that discretionary factors relating to consolidation favor remand cannot be considered on this motion under 28 U.S.C. § 1447(c).

In support of this response, Defendant relies upon the accompanying Memorandum of Law, which is incorporated herein by reference. As discussed in detail in the accompanying Memorandum of Law, plaintiff's motion to remand should be denied.

**Wherefore**, Defendant respectfully requests that this Honorable Court deny plaintiff's motion to remand and consolidate with the State action.

**BENNETT, BRICKLIN & SALTZBURG LLC**

By:    *s/ Warren F. Sperling*

WARREN F. SPERLING
Attorney I.D. No. 36676
SARA GRAY
Attorney I.D. No. 328440
Attorneys for Defendant, HP Inc.
Centre Square, West Tower
1500 Market Streeet, 32nd Floor
Philadelphia, PA  19102
(215) 665-3313
sperling@bbs-law.com

Date:  August 15, 2023

# UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FARMINGTON CASUALTY COMPANY a/s/o | : | |
| THE ESTATE OF THOMAS R. HIGHLAND, | : | JURY TRIAL DEMANDED |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | CIVIL ACTION |
| vs. | : | |
| | : | Civil Action No. 23-cv-1022 |
| HP INC. | : | |
| Defendant. | | |

## MEMORANDUM OF LAW IN SUPPORT OF RESPONSE OF DEFENDANT, HP INC. TO PLAINTIFF'S MOTION REMAND AND CONSOLIDATE RELATED ACTIONS

## I.    MATTER BEFORE THE COURT

Defendant HP Inc. ("HP") respectfully requests that plaintiff's motion to remand and consolidate be denied because: [1] the sole purported forum defendant, PenTeleData ("PTD"), was a non-existent entity that was not joined and served at the time of removal and was dismissed by plaintiff immediately after removal, *see* 28 U.S.C. § (b)(2); [2] PTD did not "sell, market or distribute the HP laptop," *see* Doc. No. 19-1 at 4, so there is no reasonable basis in fact or colorable ground supporting the claim against PTD, and the joinder of PTD was fraudulent, *see In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006); and [3] any possible jurisdictional defect is cured by the plaintiff's voluntary dismissal of PTD, *see Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567 (2004). Plaintiff's motion improperly seeks consolidation under Federal Rule of Civil Procedure 42(a)(1).  The motion for remand must be denied.

## II.     QUESTIONS PRESENTED

1. Was the removal under 28 U.S.C. § 1332 proper where the sole purported forum defendant, PenTeleData ("PTD"), was a non-existent entity that was not joined and served at the time of removal and was dismissed  by plaintiff immediately after removal?

> **Suggested Answer:** Yes, removal was proper because PTD is a non-existent entity that must be disregarded for determining diversity jurisdiction. *See Susman v. Goodyear Tire & Rubber Co.*, 2018 U.S. Dist. LEXIS 39214, at *25 (E.D. Pa. Mar. 8, 2018) (Slomsky, J.). Further, removal was proper because PTD was not joined and served, and the plain language of the forum defendant rule in section 1441(b)(2) precludes removal "only when the defendant has been properly joined and served." *See Encompass Ins. Co. v. Stone Mansion Rest. Inc.,* 902 F.3d 147, 152-53 (3d Cir. 2018).

2. Was plaintiff's joinder of PTD fraudulent where PTD did not "sell, market or distribute the HP laptop," *see* Doc. No. 19-1 at 4?

> **Suggested Answer:** Yes, PTD was fraudulently joined because there is no reasonable basis in fact or colorable ground supporting the claim against PTD, and the joinder of PTD was fraudulent. *See In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006).

3. Did plaintiff's voluntary dismissal of PTD cure any possible jurisdictional defect?

> **Suggested Answer:** Yes, plaintiff's voluntary dismissal of PTD cured any possible jurisdictional defect, because there is complete diversity among the parties. *See Grupo Dataflux, supra* at 572.

2

## III.    RELEVANT FACTS AND PROCEDURAL HISTORY

On March 6, 2023, plaintiff, Farmington Casualty Company as subrogee of The Estate of Thomas R. Highland, filed a Complaint concerning a fire subrogation and products liability claim in Philadelphia County Court of Common Pleas against defendants HP and PTD. *See* Doc. No. 19-2.

On March 16, 2023, HP timely filed a Notice of Removal in Federal Court in the Eastern District of Pennsylvania under 28 U.S.C. § 1441 based on diversity. *See* Doc. No. 1. On March 17, 2023, HP completed the removal filing with a Civil Cover Sheet for the Notice of Removal noting the basis of Jurisdiction was Diversity and a Case Management Track Designation Form selecting "Special Management." *See* Doc. No. 2. In its notice, HP stated in support thereof that the sole purported forum defendant, PTD, had not been properly joined and served. Doc. No. 2.

On March 17, 2023, PTD was voluntarily dismissed by plaintiff under Federal Rule of Civil Procedure 41(a)(1)(A)(i) by the filing of a Notice of Partial Voluntary Dismissal, which stated that HP Inc. was the "sole remaining defendant" in the instant matter. *See* Doc. No. 5. Therefore, at the time of removal, plaintiff had "no reasonable basis in fact or colorable ground supporting the claim against" PTD, "or no **real intention in good faith to prosecute the action against the defendant** or seek a joint judgment." *Yellen v. Teledne Cont'l Motors, Inc.*, 832 F. Supp. 2d 490, 216 (E.D. Pa. 2011) (emphasis added).  HP Inc., the sole remaining defendant in this matter, is a resident of California. (*see* Doc. No. 19-2 at Exhibit A, ¶ 11). Therefore, as discussed below, diversity exists and remand and consolidation must be denied.

3

IV.     **LEGAL ARGUMENT**

    A.      **Legal Standard**

"For a removal predicated upon diversity of citizenship, a proper exercise of federal jurisdiction requires satisfaction of the amount in controversy requirement as well as complete diversity between the parties, that is, every plaintiff must be of diverse state citizenship from every defendant." *In re Briscoe*, *supra* at 215. "The citizens upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy.  Thus, a federal court must disregard nominal or formal parties, and can base its jurisdiction only upon the citizenship of parties with a real interest in the litigation." *Johnson v. Smithkline Beecham Corp.*, 724 F.3d 337, 358 (3d Cir. 2013).

"Once a case has been removed from state court, the federal district court must remand the case [i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." *Yellen v. Teledne Cont'l Motors, Inc.*, 832 F. Supp. 2d 490, 495 n.8 (E.D. Pa. 2011) *citing* 28 U.S.C. § 1447(c). "The doctrine of fraudulent joinder represents an exception to the requirement that removal be predicated solely upon complete diversity." *Id*. at 215-16. "[J]oinder is fraudulent if there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or **no real intention in good faith to prosecute the action against the defendant** or seek a joint judgment." *Id*. at 216 (emphasis added).

A" method of curing a jurisdictional defect that has long been an exception to the time-of-filing rule is when a jurisdictional defect is cured by the dismissal of the party that had destroyed diversity. As the Supreme Court recognized in *Caterpillar Inc. v. Lewis*, a district court's error in failing to remand a case improperly removed is not fatal to the ensuing adjudication if federal

jurisdictional requirements are met at the time judgment is entered." *In re Lipitor Antitrust Litig.*, 855 F.3d 126, 150 (3d Cir. 2017) (citations, quotations and alterations omitted).

A removing defendant may support its notice of removal with "evidence outside the pleadings, including such supporting documents as affidavits and deposition transcripts, in defendant's attempt to satisfy its burden of establishing fraudulent joinder." *Yellen*, 832 F. Supp. 2d at 503; *see also In re Briscoe*, 448 F.3d 201 at 220 (stating such "evidence may be found in the record from prior proceedings, which firmly establishes the accrual date for the plaintiff's claim, or in other relevant matters that are properly subject to judicial notice").

**B.    There is complete diversity and removal was proper because the sole purported non-diverse party, PTD, is a non-existent entity and must be disregarded**

As an initial matter, it bears emphasis that plaintiff does not dispute that HP is a citizen of California. Doc. No. 19-1 at 8. Although plaintiff argues that the Court should look to the Pennsylvania citizenship of its subrogor Jordan McCoy in determining diversity, Doc. No. 19-1 at 8, it is beyond cavil that the citizenship of an insurer "as subrogee for its insured is determinative for purposes of diversity jurisdiction, and thus the Court need not consider the citizenship of the insured subrogor." *Fallat v. Gouran*, 220 F.2d 325, 326 (3d Cir. 1955). Thus, there is complete diversity between plaintiff and HP.

The only purportedly non-diverse party is named by plaintiff in the summons as "PenTeleData," which is described in the complaint as "Pennsylvania corporation and/or limited liability company and/or partnership with a principal place of business located at 540 Delaware Ave, Palmerton, Pa. 18071." Doc. No. 19-2 at 10. However, there is no evidence that any such entity exists. The Pennsylvania Department of State records establish that of the six entities with names including "PenTeleData," only three are active, and none registered the address 540 Delaware Ave, Palmerton, Pa. 18071. Plaintiffs have offered no credible evidence to prove that

PTD exists. Thus, PTD "will be disregarded for the purposes of diversity jurisdiction." *Susman, supra* at \*25. (denying motion to remand where plaintiff named "Goodyear Pennsylvania" as defendant, but Department of State records indicated there was no such named entity); *see also Davis v. OneBeacon Insurance Group,* 721 F. Supp. 2d 329, 333 (D.N.J. 2010) (denying motion to remand where plaintiff named as defendant a trade name for a group for a group of affiliated companies instead of a legal entity). PTD must be disregarded and the plaintiff's motion to remand denied.

### C. There is complete diversity and removal was proper because PTD was not properly served at the time of removal

"[T]he language of the forum defendant rule in section 1441(b)(2) is unambiguous. Its plain meaning precludes removal on the basis of in-state citizenship only when the defendant has been properly joined and served." *Encompass, supra* at 152-3. Here, there is no dispute that PTD was not properly served at the time of removal. *See* Exhibit A (reflecting no sheriff's return or affidavit of service act to PTD as required by Pa. R.C.P. 400 et seq. prior to removal); *see also* Doc. No. 6. Because PTD was not properly joined and served at the time of removal, as a matter of law, the plaintiff's motion to remand must be denied. *See Chinea v. Woodward Camp, Inc*., 2022 U.S. Dist. LEXIS 90651, at \*4 (M.D. Pa. May 19, 2022) (Brann, C.J.) (denying motion to remand where non-diverse defendant not properly served).

Indeed, this is consistent with the purpose of the statute. "[C]ourts and commentators have determined that Congress enacted the rule to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom it does not intend to proceed, and whom it does not even serve." *Encompass, supra* at 153 (collecting authorities). Here, the plaintiff did not intend to proceed against PTD, which it did not even serve. In fact, the plaintiff dismissed its claims against

6

PTD on the **same day** that the removal was completed. *See* Doc. Nos. 2, 5. The plaintiff did not properly serve PTD prior to removal. The motion to remand must be denied.

   **D.     PTD was fraudulently joined and must be disregarded because plaintiff had no real intention in good faith to prosecute the action against PTD and immediately dismissed it after removal**

   As plaintiff concedes, at the time of the removal, "PTD did not sell, market or distribute the HP laptop," *see* Doc. No. 19 at 4. Accordingly, Plaintiff voluntarily dismissed PTD from the matter immediately after removal on March 17, 2023. *See* Doc. No. 5. These two facts establish the plaintiff had no real intention in good faith to prosecute the action against PTD–and, indeed, that there was no reasonable basis for its claims against PTD; the joinder of PTD was fraudulent. *See Batoff v. State Farm Ins. Co*., 977 F.2d 848, 851 (3d Cir. 1992). HP may therefore still remove the action, and the motion to remand must therefore be denied. *Id.*

   Where, as here, PTD–which had not even been served–was immediately dismissed on removal by the plaintiff, the joinder is fraudulent. *See Winters v. Akzo Nobel Surface Chemistry, LLC*, 2021 U.S. Dist. LEXIS 71013, *4 (E.D. Pa. April 13, 2021) (Schmehl, J.) ("a defendant removed the case to this Court, and claimed that the one non-diverse party was fraudulently added for the sole purposes of defeating diversity jurisdiction. Soon after, plaintiffs voluntarily dismissed the non-diverse individual defendant from the case, thereby consenting to diversity jurisdiction."). All of plaintiff's actions in this case concerning PTD–failing to effectuate service, then immediately dismissing all claims against it–have established that plaintiff had no real intention in good faith to prosecute the action against PTD.

   This is consistent with the fact that there was no reasonable basis for the claims given that PTD did not manufacture or sell the laptop at issue. "Fraudulent joinder may be established in products liability cases when, as here, the defendant did not manufacture or sell the defective product." *Liebig v. MTD Prods*., 2023 U.S. Dist. LEXIS 92397, *10-11 (E.D.Pa. May 25, 2023)

(Murphy, J.) (fraudulent joinder where non-diverse defendant neither sold nor manufactured allegedly defective product); *see also Williams v. John Middleton Co*., 2023 U.S. Dist. LEXIS 82522 (E.D. Pa. May 11, 2023) (Padova, J.) (same), *citing Moore v. Johnson & Johnson*, 907 F. Supp. 2d 646, 667-71 (E.D. Pa. 2012); *Reeser v. NGK Metals Corp*., 247 F. Supp. 2d 626, 630-31 (E.D. Pa. 2003). In view of plaintiff's concession that PTD did not manufacture or sell the laptop at issue in this case, it is undisputed that no claim lies against PTD under Pennsylvania products liability law. There is no reasonable basis for plaintiff's claim, and the joinder of PTD was fraudulent.

With its motion, over four months after the removal, Plaintiff claims that this Honorable Court lacked subject matter jurisdiction because PTD was a party to the matter. Doc. No. 19-1 at 8. However, plaintiff concedes that as of March 17, 2023, PTD, which was never served in the State action, was an improper party because "PTD did not sell, market or distribute the HP laptop[.]" *See* Doc. No. 19-1 at 4. As a result, as of March 17, 2023, there was no reasonable basis or colorable ground supporting the claim, nor a real intention in good faith to prosecute the action against the defendant PTD. The joinder of PTD was fraudulent, and it must be disregarded. With PTD disregarded, there is complete diversity, and the removal was proper. The motion to remand should be denied.

### E.      Plaintiff's voluntary dismissal of PTD cured any possible jurisdictional defect, because there is complete diversity among the parties

It is undisputed that plaintiff has voluntarily dismissed PTD, "the party that had destroyed diversity" and the only non-diverse party to the action. *In re Lipitor, supra* at 150 (post-removal dismissal of non-diverse party cures jurisdictional defect), *citing Grupo Dataflux, supra* at 172 ("the question always is, or should be, when objection is taken to the jurisdiction of the court by reason of the citizenship of some of the parties, whether they are indispensable parties, for if their

interests are severable and a decree without prejudice to their rights may be made, the jurisdiction of the court should be retained and the suit dismissed as to them. Federal Rule of Civil Procedure 21 provides that parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just.") (citations, quotations and alterations omitted); Doc. No. 5.

Whether a party is indispensable, and whether there is prejudice, are assessed under Federal Rule of Procedure 19, and under the Rule PTD is not indispensable, and there is no prejudice to it by the Court's retention of jurisdiction. *See Aetna Life Ins. Co. v. Found. Surgery Affiliates, LLC,* 358 F. Supp. 3d 426, 438 (E.D. Pa. 2018) (Alejandro, J.). PTD, which "has already been dismissed pursuant to Rule 41, see ECF [5], is not a necessary or an indispensable party under the standards outlined above and, therefore, it can be dropped from this action in order to preserve this Court's jurisdiction." *Aetna, supra* at 438. First, PTD, which has been dismissed, is "not a necessary party to this litigation under Rule 19(a) because complete relief can be accorded to the remaining parties in [PTD's] absence." *Aetna, supra* at 438, *citing* Fed. R. Civ. P. 19(a)(1)(A). Further, "assuming arguendo that [PTD] claims an interest relating to the subject of this action now that it has settled with [plaintiff] and been dismissed from this action, disposition of the case in [PTD's] absence neither impedes its ability to protect that interest nor leaves an existing party subject to substantial risk of incurring double, multiple or otherwise inconsistent obligations because of the interest." *Aetna, supra* at 438, *citing* Fed. R. Civ. P. 19(a)(1)(B). Finally, PTD "is not a necessary or indispensable party to this litigation because it is no more than an alleged joint tortfeasor" accused of selling the same defective laptop as HP. *Aetna, supra* at 438, *citing In re Howmedica Osteonics Corp.*, 867 F.3d 390, 408 (3d Cir. 2017) (it is "well-established that [Rule] 19 does not

require the joinder of joint tortfeasors") *Lomando v. United States*, 667 F.3d 363, 384 (3d Cir. 2011; *Temple v. Synthes Corp., Ltd*., 498 U.S. 5, 7 (1990).

Here, as in *Aetna, supra*, because "[n]o compelling argument has been presented to show that either [PTD] or the [plaintiff] would suffer meaningful prejudice were this action to proceed in the absence of [PTD], [PTD] is not indispensable and can be dropped pursuant to Rules 19 and 21 in order to preserve this Court's diversity jurisdiction over this matter." Plaintiff dismissed its claims against PTD immediately after this case was removed. PTD is not indispensable, and it cannot be prejudiced. *See Craig v. Norton,* 388 F. App'x 228, 230 n.2 (3d Cir. 2010) (party dispensable, dismissal non-prejudicial, and retention of jurisdiction appropriate where party was released from liability).

Thus, the plaintiff's voluntary dismissal of PTD cured any jurisdictional defect, and the motion to remand should be denied. *See In re Lipitor, supra, on remand, RP Healthcare, Inc. v. Pfizer, Inc*., 2017 U.S. Dist. LEXIS 162380, at *21 (D.N.J. Sep. 28, 2017) (voluntary dismissal of the defendants that had destroyed diversity cured the jurisdictional defect).

### F.       Plaintiff cannot seek consolidation from this Court

Insofar as plaintiff's motion seeks consolidation, it fails as a matter of law, because Federal Rule of Civil Procedure 42(a)(1) only permits the joining for hearing or trial two or more actions before **this** court, and the plaintiff's subsequently-filed action is pending in the Court of Common Pleas. F.R.C.P. 42(a)(1).

The only proper inquiry before this Court on the plaintiff's motion is whether "to remand this case pursuant to 28 U.S.C. § 1447(c), which permits remand if a district court determines that it lacks subject matter jurisdiction or that there was a defect in the removal procedure. Decisions regarding remand pursuant to § 1447(c) are not discretionary, and district courts may not take into consideration policy considerations such as judicial economy in their analysis." *Lempke v. GE*, 2011 U.S. Dist. LEXIS 64451, at *11-12 (E.D. Pa. June 16, 2011), *citing Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 345 n. 9 (1976) ("[C]ases properly removed from state to federal court within the federal court's jurisdiction may not be remanded for discretionary reasons not authorized by the controlling statute."); *Feidt v. Owens Corning Fiberglas Corp*., 153 F.3d 124, 128 (3d Cir. 1998) ("[P]olicy considerations such as an overcrowded docket and judicial economy are not valid bases for remand under section 1447(c)."). Thus, plaintiff's argument that maintaining this action in this Court is inefficient "cannot be a ground for remanding these actions to state court under § 1447(c)." *Lempke, supra* at *12, *citing Brown v. Liberty Mut. Fire Ins*., 2006 U.S. Dist. LEXIS 76139, 2006 WL 3000964, at *3 (E.D. Pa. 2006) (rejecting this argument on facts closely similar to those here). The argument concerning inefficiency is not even supported: there is no evidence, only plaintiff's bare speculation, that the cases could not be reasonably coordinated by this Honorable Court. *See* Doc. 19-1 at 10.

Equally, plaintiff's argument that the state court likely would have granted its motion to consolidate both actions "cannot affect the outcome of the § 1447(c) analysis." *Lempke, supra*

at *12. The plaintiff's arguments concerning efficiency and the likelihood of consolidation are improper on a motion for remand under § 1447(c). The plaintiff's motion to remand and for consolidation must be denied.

### G.   Conclusion

PTD was a non-existent entity that was not served at the time of removal and was dismissed by plaintiff immediately after removal. This alone is fatal to plaintiff's motion, and the motion to remand should accordingly be denied.

PTD did not sell, market or distribute the HP laptop, and plaintiff never served PTD before immediately dismissing it. There was thus no good faith intent to prosecute any claim against PTD, or a reasonable basis in fact or colorable ground supporting any claim against PTD. Simply, the joinder of PTD was fraudulent, and the removal was therefore proper.

Finally, Plaintiff's immediate dismissal of PTD undisputedly cures any possible jurisdictional defect. There is complete diversity among the parties.

The plaintiff cannot seek by motion here consolidation of the instant case with a pending case in the Court of Common Pleas. The Court cannot consider the plaintiff's arguments that discretionary factors concerning consolidation militate in favor of remand, and any such argument is speculative and unsupported. The motion to remand and consolidate must be denied.

**BENNETT, BRICKLIN & SALTZBURG LLC**


By:   *s/ Warren F. Sperling*

WARREN F. SPERLING
Attorney I.D. No. 36676
SARA GRAY
Attorney I.D. No. 328440
Attorneys for Defendant, HP Inc.

Centre Square, West Tower
1500 Market Streeet, 32nd Floor
Philadelphia, PA  19102
(215) 665-3313
sperling@bbs-law.com

Date:  August 15, 2023

# UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF PENNSYLVANIA

FARMINGTON CASUALTY COMPANY a/s/o    :
THE ESTATE OF THOMAS R. HIGHLAND,    :    JURY TRIAL DEMANDED
                Plaintiff,    :
                              :
        vs.                      :    CIVIL ACTION
                              :
HP INC.                            :    Civil Action No. 23-cv-1022
                Defendant.    :

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of August, 2023, I delivered a copy of the foregoing Response of Defendant, HP Inc. To Plaintiff's Motion Remand and Consolidate Related Actions upon the persons indicated below, via this Court's electronic filing system, which service satisfies the requirements of the Federal Rules of Civil Procedure, as follows:

By:    *s/ Warren F. Sperling*
           WARREN F. SPERLING
           Attorney I.D. No. 36676

**EXHIBIT A**



A $5 Convenience fee will be added to the transaction at checkout.

## Case Description

| | |
|---|---|
| **Case ID:** | 230300532 |
| **Case Caption:** | FARMINGTON CASUALTY CO A/S/O THE ESTATE OF THOMAS |
| **Filing Date:** | Monday , March 06th, 2023 |
| **Court:** | MAJOR JURY-EXPEDITED |
| **Location:** | CITY HALL |
| **Jury:** | JURY |
| **Case Type:** | SUBROGATION ACTION |
| **Status:** | NOT OF REMOVAL TO US DIST CT |
| **Cross Reference:** | DC 2023CV01022 |

## Related Cases

*No related cases were found.*

## Case Event Schedule

*No case events were found.*

## Case motions

*No case motions were found.*

## Case Parties

| Seq # | Assoc | Expn Date | Type | Name |
|---|---|---|---|---|
| 1 | | | ATTORNEY FOR PLAINTIFF | KELLY, KEVIN M |
| **Address:** | WILLIAM J. FERREN & ASSOCIATES PO BOX 2903 HARTFORD CT 06104 (215)274-1719 kmkelly2@travelers.com | **Aliases:** | *none* | |
| | | | | |
| 2 | 1 | | SUBROGEE - PLAINTIFF | FARMINGTON CASUALTY CO ASO THE ESTATE OF THOMAS HIGHLAND |
| **Address:** | 1 TOWER SQUARE HARTFORD CT 06183 | **Aliases:** | *none* | |
| | | | | |

| 3 | | | DEFENDANT | H P INC |
|---|---|---|---|---|
| **Address:** | 1501 PAGE MILL RD<br>PALO ALTO CA 94304 | **Aliases:** | *none* | |
| | | | | |
| 4 | | | DEFENDANT | PENTELEDATA |
| **Address:** | 540 DELAWARE AVE<br>PALMERTON PA 18071 | **Aliases:** | *none* | |
| | | | | |
| 5 | | | TEAM LEADER | ANDERS, DANIEL J |
| **Address:** | 529 CITY HALL<br>PHILADELPHIA PA 19107 | **Aliases:** | *none* | |
| | | | | |
| 6 | | | ATTORNEY FOR DEFENDANT | LORUSSO, FRED |
| **Address:** | VAUGHAN BAIO & PARTNERS<br>100 N. 18TH ST.<br>SUITE 700<br>PHILADELPHIA PA 19103<br>(215)569-2400<br>florusso@vaughanbaio.com | **Aliases:** | *none* | |

## Docket Entries

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount |
|---|---|---|---|
| 06-MAR-2023 08:45 AM | ACTIVE CASE | | |
| **Docket Entry:** | E-Filing Number: 2303010026 | | |
| | | | |
| 06-MAR-2023 08:45 AM | COMMENCEMENT CIVIL ACTION JURY | KELLY, KEVIN M | |
| **Documents:** | 🔖 Click link(s) to preview/purchase the documents<br>Final Cover | 🛒 **Click HERE to purchase all documents**<br>related to this one docket entry | |
| **Docket Entry:** | *none*. | | |
| | | | |
| 06-MAR-2023 08:45 AM | COMPLAINT FILED NOTICE GIVEN | KELLY, KEVIN M | |

| Documents: | Click link(s) to preview/purchase the documents<br>Highland .pdf | Click HERE to purchase all documents related to this one docket entry |
| --- | --- | --- |
| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. | |

| 06-MAR-2023<br>08:45 AM | JURY TRIAL PERFECTED | KELLY, KEVIN M | |
| --- | --- | --- | --- |
| **Docket Entry:** | 12 JURORS REQUESTED. | | |

| 06-MAR-2023<br>08:45 AM | WAITING TO LIST CASE MGMT CONF | KELLY, KEVIN M | |
| --- | --- | --- | --- |
| **Docket Entry:** | *none.* | | |

| 17-MAR-2023<br>09:55 AM | NOT OF REMOVAL TO US DIST CT | LORUSSO, FRED | |
| --- | --- | --- | --- |
| Documents: | Click link(s) to preview/purchase the documents<br>FARMINGTON Praecipe to File Notice of Removal.pdf | Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | NOTICE OF REMOVAL TO THE U.S. (EASTERN) DISTRICT COURT UNDER 2:23-CV-01022. (FILED ON BEHALF OF H P INC) | | |

| 20-MAR-2023<br>03:52 PM | RECORD MAILED/TRANSMITTED | | |
| --- | --- | --- | --- |
| **Docket Entry:** | RECORD MAILED TO U.S. DISTRICT COURT, SENT UNDER UPS# 1Z 5E3 003 03 0234 0601. | | |