# EXHIBIT A

| | |
|---|---|
| **From:** | Kelly, Kevin M |
| **Sent:** | Wednesday, April 12, 2023 11:52 AM |
| **To:** | florusso@vaughanbaio.com |
| **Cc:** | Marchesa, Anne C; Santiago, Tammy |
| **Subject:** | Highland IPH3598 |
| **Attachments:** | ROGS RFPD to HP 4.12.23.pdf |
| | ROGS RFPD to HP 4.12.23.docx |

Hi Fred,

Attached please find Plaintiff's interrogatories and request for production of documents directed to HP Inc.  Thank you.

Kevin M. Kelly
Attorney at Law
William J. Ferren & Associates
Pennsylvania Staff Counsel Offices
Blue Bell, PA
Direct:  (215) 274-1719
Office:  (215) 274-1700
Mobile: (215) 692-3317
Fax (215) 274-1722
Email: Kmkelly2@travelers.com

Documents that *cannot* be sent electronically should be mailed to:
P.O. Box 2903
Hartford, CT 06104-2903

Not a Partnership or Professional Corporation
All attorneys are Employees of The Travelers Indemnity Company and its Property Casualty Affiliates

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FARMINGTON CASUALTY COMPANY | : | CIVIL ACTION - LAW |
| as subrogee of THE ESTATE OF | : | |
| THOMAS R. HIGHLAND | : | NO. 2:23-cv-01022 |
| Plaintiff, | : | |
| | : | JURY TRIAL DEMANDED |
| v. | : | |
| | : | |
| HP INC. | : | |
| and | : | |
| PENTELEDATA | : | |
| Defendants | : | |

### PLAINTIFF'S INTERROGATORIES TO HP INC.

Plaintiff, Farmington Casualty Company a/s/o The Estate of Thomas R. Highland, by and through its undersigned attorney, hereby makes demand that the Defendant answer the following Interrogatories pursuant to the Federal Rules of Civil Procedure. These Interrogatories must be answered as provided in the Federal Rules of Civil Procedure and the Answers must be served on all other parties within thirty (30) days after the Interrogatories are deemed served.

These Interrogatories are deemed to be continuing as to require the filing of Supplemental Answers promptly in the event Defendant or their representatives (including counsel) learn additional facts not set forth in their original Answers or discover that information provided in the Answers is erroneous. Such Supplemental Answers may be filed from time to time, but not later than 30 days after such further information is received, pursuant to the Federal Rules of Civil Procedure.

### DEFINITIONS

In these interrogatories, the following definitions apply:

(a)     "Document" includes a writing, electronic document, drawing, graph, chart, photograph, recording, and other data compilations from which information can be obtained, translated, if necessary, through detection devices into reasonable usable form.

(b)     "Identify," "identity," or "identification,"  (1) when used in reference to a natural person, means that person's full name, last known address, home and business telephone numbers, and present business affiliation; (2) when used in reference to a person other than a natural person, includes a description of the nature of the person (that is, whether it is a corporation, partnership, etc. under the definition of "person" below), and the person's last known address, telephone number, and principal place of business; and (3) when used in reference to a document, requires you to state the date, the author (or, if different, the signer or signers), the addressee, and the type of document (e.g. letter, memoranda, telegram, chart, etc.) or to attach an accurate copy of the document to your answer, appropriately labeled to correspond to the interrogatory.

(c)     "Person" includes an individual, general or limited partnership, joint stock company, unincorporated association or society, municipal or other corporation, incorporated association, limited liability partnership, limited liability company, the State, an agency or political subdivision of the State, a court, and any other governmental entity.

(d)     "Incident" means the fire that occurred on May 30, 2021 at 405 Center Avenue, Jim Thorpe, Pa. 18229, in Carbon County, as described in Plaintiff's Complaint

(e)     "The product" refers to HP Inc.'s Laptop Computer involved in the fire as alleged in Plaintiff's Complaint and as examined by HP Inc.'s experts at the Joint Scene Exam ("JSE") and multiple Joint Lab Exams ("JLE").

(f)     The terms "similar products" as used hereinafter in these Interrogatories shall mean products other than "the product" which are essentially and substantially similar to "the product" with regard to design, specifications, materials, composition, make and model, and which were either designed, manufactured, assembled, packaged, sold, distributed, advertised, installed, serviced, prepared, maintained, or in any way handled by you, including, but not limited to, all other HP Inc.'s Laptop Computers of a similar model type.

(g)     The term "comparable products" as used hereinafter in these Interrogatories shall mean products other than "the product" or "similar products" manufactured and/or sold by HP Inc.

(h)     "You or Your" refers to HP Inc., and anyone acting on their behalf.

## **INTERROGATORIES**

1.     Please state fully the name and corporate address of the Defendant.

**ANSWER:**

2.     Did you design, manufacture, assemble, package, sell, distribute, advertise, install, service, prepare, maintain, or in any way handle the product, as defined above?  If so, which of these activities did you perform?

**ANSWER:**

3.     If you were the manufacturer of the product, do you still manufacture the product, similar products, or comparable products?

**ANSWER:**

4.     Please describe in detail all auxiliary services you performed in regard to the product, including but not limited to the placement of labelling, the drafting of warnings, the drafting of instructions, marketing of the product and selling of the product.

**ANSWER:**

5.      Please describe in complete detail the substance and content of all claims or representations made by you, whether orally or in writing, as to the quality, safety, or fitness of the product or similar products during the eleven-year period immediately preceding the alleged occurrence.

**ANSWER:**

6.      Please list all rules, regulations, statutes, ordinances, or laws of federal, state, or local governments or governmental agencies, regarding the manufacturing and distribution of this or similar products, to which the Defendant asserts that it is subject to with regard to the present product.

**ANSWER:**

7.      Please describe in detail each warning and instruction that accompanied the product.

**ANSWER:**

8.      Do you or did you in any way warrant the product?

**ANSWER:**

9.      If the answer to the preceding Interrogatory is in the affirmative, please state:

      (a)     the substance and content of each such warranty; and
      (b)     the manner in which each such warranty was given, whether oral, by writing, or by other means.

**ANSWER:**

10.      Do you claim that someone misused or mishandled the product in such a way as to cause, contribute to, or aggravate the alleged occurrence?

**ANSWER:**

11.      If the answer to the preceding Interrogatory is in the affirmative, please give a complete explanation of the alleged misuse or mishandling of the product.

**ANSWER:**

12.      If you have received any claims that the product, similar products or comparable products were in any way defective in the ten years prior to the incident, please state for each claims:

(a)     its date;
(b)     its substance, including a description of the factual circumstances; and
(c)     the name and address of the party presenting the claim.

**ANSWER:**

13.     If you no longer distribute, sell, assemble, and/or manufacture the product and/or similar products then, please state the following:

(a)     the date that you discontinued;
(b)     the reason(s) for discontinuing; and
(c)     identify any and all documents which reflect the discontinuance, and reasons therefore.

**ANSWER:**

14.     Have any persons made any statement(s), written or otherwise, while being interviewed or questioned by you, or on your insurance company's behalf with regard to the incident set forth in the Complaint in this action?  If so, for each statement, indicate: their name, address, occupation and relationship to you, if any; the date and place of making; if in writing, whether it was signed or unsigned; the names and addresses of all persons present at the making or the signing of each such statement; and the name and address of the person(s) who currently have custody and control thereof.

**ANSWER:**

15.     Were any investigations, examinations, inspections, tests, experiments, reports, and/or studies made, prepared or submitted by you or on your behalf in the regular course of business or in preparation for litigation arising out of this incident?  (These Interrogatories may be answered without revealing the mental impressions, conclusions, opinions, memoranda, notes of summaries, legal research, or legal theories of your attorney, or those of your representatives ONLY IN REGARD TO THE VALUE, MERIT, STRATEGY, OR TACTICS OF THIS LAWSUIT.)  If so, for each of the above, please state the subject matter contained therein; the identity of the person or persons making, preparing, or submitting same; the identity of the person or persons to whom the investigation report was directed or addressed; and the identity and location of the person having its present custody and control.

**ANSWER:**

16.     Please provide the name and address of each factual witness that you intend to call at the arbitration or trial in this matter.

**ANSWER:**

17.     State the name and address of any and all expert witnesses who you have retained or specially employed in anticipation of litigation or preparation for trial (include their area of expertise, date(s) of examinations, and/or report(s)).

**<u>ANSWER:</u>**

18.     Please state the substance of the facts and opinions to which each of the above-referenced experts is expected to testify and the summary of the grounds for each opinion (except if such expert is not expected to be called as a witness at trial; in which case, kindly state as such).

**<u>ANSWER:</u>**

19.     Identify the person(s) associated with you who has (have) the greatest knowledge concerning the information, which has been provided in response to these Interrogatories.

**<u>ANSWER:</u>**

                                **WILLIAM J. FERREN & ASSOCIATES**

                                By:____/s/ Kevin M Kelly_____
                                **KEVIN M. KELLY, ESQUIRE**
                                PA ID  87413
                                PO Box 2903
                                Hartford, CT  06104
                                215-274-1719

April 12, 2023

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| FARMINGTON CASUALTY COMPANY | : | CIVIL ACTION - LAW |
| as subrogee of THE ESTATE OF | : | |
| THOMAS R. HIGHLAND | : | NO. 2:23-cv-01022 |
| Plaintiff, | : | |
| | : | JURY TRIAL DEMANDED |
| v. | : | |
| | : | |
| HP INC. | : | |
| and | : | |
| PENTELEDATA | : | |
| Defendants | : | |

## <u>PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO HP INC.</u>

You are hereby requested to produce the originals or clear, readable copies of the below listed documents and/or items.  These documents and/or items will be processed and photographs reproduced.  The below listed documents and/or items are to be produced at the law offices of William J. Ferren & Associates, P.O. Box 1903, Hartford, CT 06104 within thirty (30) days. Such request is continuing up to and at the time of trial.

## <u>DEFINITIONS</u>

1.    "Document" means and includes, without limiting the generality of its meanings, all writings, electronic documents, or papers in the possession of the Defendants which record or relate to any act, occurrence, event or communication relating in any way to its business or activity, including, but not limited to, handwritten notes, calendar pads, notebooks, appointment books, note pads, letters, postcards,   inter-company letters, postcards, memoranda, inter-company communications of any kind, annual or other reports, financial statements, books, records, ledgers, journals, minutes, market studies, charts, graphs, indices, data sheets, bulletins, speeches, press releases, circulars, pamphlets, notices, statements, stenographic notes, maps, surveys, periodicals, personal interviews, log books, photographs, reproductions, facsimiles, motion pictures or

drawings or videotape wherever located and however designated or denominated by the Defendants.

2.      "Person" means, without limiting the generality of its meaning, every natural person, corporation, partnership or other business entity.

3.      "Statement" means a written statement signed or otherwise adopted or approved by the person making it or a stenographic, mechanical, electrical or other recording or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it as contemporaneously recorded.

4.      "Witness" means all persons who have knowledge of facts, events and circumstances immediately preceding the alleged accident; the facts, events and circumstances of the accident; and the facts, events and circumstances immediately subsequent to the accident.

5.      "The Incident Location" or "Subject Location" refers to 405 Center Avenue, Jim Thorpe, Pa. 18229, in Carbon County.

6.      The "Incident" means the fire that occurred on May 30, 2021 at 405 Center Avenue, Jim Thorpe, Pa. 18229, in Carbon County, as described in Plaintiff's Complaint

7.      The "product" refers to HP Inc.'s Laptop Computer involved in the fire as alleged in Plaintiff's Complaint and as examined by HP Inc.'s experts at the Joint Scene Exam ("JSE") and multiple Joint Lab Exams ("JLE").

8.      The terms "similar products" as used hereinafter in these Requests shall mean products other than "the product" which are essentially and substantially similar to "the product" with regard to design, specifications, materials, composition, make and model, and which were either designed, manufactured, assembled, packaged, sold, distributed, advertised, installed, serviced, prepared, maintained, or in any way handled by you, including, but not limited to, all

other HP Inc.'s Laptop Computers of a similar model type.

9.      The term "comparable products" as used hereinafter in these Requests shall mean products other than "the product" or "similar products" manufactured and/or sold by HP Inc.

10.      "You or Your" refers to HP Inc., and anyone acting on their behalf.

## INSTRUCTIONS

1.      Wherever appropriate, the singular form of a word should be interpreted as plural.

2.      "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request any documents which might otherwise be construed to be outside of the scope.

3.      With respect to any document which is withheld a claim of privilege, a statement shall be provided which shall be signed by your attorney setting forth as to each such document:

>      (a)      The name(s) of the sender(s) of the document(s);

>      (b)      The name(s) of the author(s) of the document(s);

>      (c)      The name(s) of the person(s) to whom copies were sent;

>      (d)      The job title of every person(s) named in (a), (b) and (c) above;

>      (e)      The date of the document(s);

>      (f)      The date on which the document(s) was received by those having possession of the document(s); and

>      (g)      A brief description of the nature and subject matter of the document(s).

4.      In producing the documents requested herein, you should indicate the specific request(s) in response to which each document or group of documents is being produced.

## DOCUMENTS TO BE PRODUCED

1.      All photographs, motion pictures, slides, videotapes, and any other depictions of (a) the incident; (b) items or evidence taken from the incident scene; (c) the scene of the incident; or (d) the real or personal property allegedly damaged in the incident (taken before, during, or after the loss).

**RESPONSE:**

2.      All documents identified in response to any of Plaintiff's Interrogatories.

**RESPONSE:**

3.      All documents concerning or pertaining to any investigation, study, inspection, test analysis or examination regarding the Incident or the scene of the Incident.

**RESPONSE:**

4.      All documents concerning any examination, test, analysis, evaluation or study of any item or evidence believed to have been involved in the Incident or to have been removed from the Incident scene or subject property.

**RESPONSE:**

5.      All documents consisting of or referring to any statement or report from any person who claims to be a witness to the Incident or who claims to have knowledge of any circumstances surrounding the Incident, including but not limited to any report by any insurance adjuster.

**RESPONSE:**

6.      All documents consisting of or referring to any statement or report you have obtained from any person not a party to this action relating to the Incident, the cause of the Incident, or the alleged damages.

**RESPONSE:**

7.      All communications between you and any person regarding the Incident or the cause of the Incident.

**RESPONSE:**

8.      All documents consisting of, referring to, or relating to any statement, report or testimony given by you or any witness to the incident regarding the alleged damages resulting from the incident.

**RESPONSE:**

9.      All contractual documents between you and anyone regarding the subject property.

**RESPONSE:**

10.     All documents regarding the subject product including, but not limited to, work

orders, invoices, warnings, warranties, specifications, installation instructions, manuals, and/or codes.

**RESPONSE:**

11.     All documents or tangible things you intend to use or offer as an exhibit or demonstrative aid at trial or otherwise show to the trier of fact.

**RESPONSE:**

12.     All documents or things given to, received from or produced or compiled by any expert witness retained and expected to be called as a witness in this case.

**RESPONSE:**

13.     A resume and curriculum vitae for each expert you have retained and intend to call as a witness at trial.

**RESPONSE:**

14.     All documents on which any such identified expert relied or used to form or prepare an opinion or report relating to the incident, or this case.

**RESPONSE:**

15.     All reports by all experts expected to be called as witnesses at the trial of this case.

**RESPONSE:**

16.     All documents reflecting, referring to, or relating to any tests, examinations or investigations performed by any expert expected to be called as a witness at trial relating to this case.

**RESPONSE:**

17.     All documents constituting, reflecting, referring to, or relating to any communication by any expert expected to be a witness at trial with any other person concerning the incident, the cause of the incident, the scene of the incident, or this action.

**RESPONSE:**

18.     The entire contents of any investigative file or files and any other documentary material in your possession or your insurance company's possession which support or relate to allegations of the Complaint (excluding references to mental impressions, conclusions or opinions concerning the value or merit of the claim or respecting strategy or tactics, privileged communication from and to counsel).

**RESPONSE:**

19.     Copies of all Complaints or notices of claims received by you regarding the subject incident, including those related to personal injuries and/or death.

**RESPONSE:**

20.     A copy of your liability insurance policy in effect at the time of this incident.

**RESPONSE:**

21.     All materials, including correspondence, reports, notes, specifications, drawings, sketches, circuitry diagrams, memorandum or other documents which refer or relate in any way to the product located at the subject property.

**RESPONSE:**

22.     All technical manuals relative to the product.

**RESPONSE:**

23.     All plans, specifications, diagrams and/or technical drawings relative to the subject product.

**RESPONSE:**

24.     All written safety warnings and/or product markings related to safety that accompanied the product at the time of distribution and/or sale.

**RESPONSE:**

25.     Any documents referencing or related to any and all recalls of the product or similar products.

**RESPONSE:**

26.     All written warranties which accompanied the product.

**RESPONSE:**

27.     All materials, including, but not limited to correspondence, memoranda, notes, e-mails, reports, plans, specifications, etc., relative to the design, design history, design modifications, design evolution, production, manufacturing, testing, studies, quality control, marketing, sale, maintenance and repair of the product from the product's inception to the present.

**RESPONSE:**

28.     All materials referencing or related to any communication by and between HP Inc. and the Consumer Product Safety Commission ("CPSC").

**RESPONSE:**

29.     All recalls relative to the same or similar product as the product, which were issued for a five-year period prior to the fire and a two-year period subsequent to the fire.

**RESPONSE:**

30.     Any and all correspondence, emails, Complaints and/or other documentation in your possession which was sent to any prior designer, manufacturer or distributor of the product relating to any allegation that the model product at the subject property caused or contributed to a fire, or was otherwise defective.

**RESPONSE:**

31.     Any and all reports, emails or other documentation created by any employee of HP Inc., which pertain to HP Inc.'s investigation of the Incident and/or this litigation.

**RESPONSE:**

32.     Information and documentation related to other incidents (including complaints of any kind) involving the subject laptop model of Hewlett-Packard examined during the JSE and JLE, as well as all other incidents similarly designed laptops.

**RESPONSE:**

33.     All information and documentation related to the testing of the subject laptop model of Hewlett-Packard examined during the JSE and JLE, as well as similar laptops including but not limited to third-party inspections and testing.

**RESPONSE:**

34.     All information and documentation related to the design of the subject laptop model of Hewlett-Packard examined during the JSE and JLE, including but not limited to the related design drawings and specifications sent to any third party for testing and approval, as well as the correspondence, memoranda, and email.

**RESPONSE:**

35.     Any and all correspondence, documentation, notes, reports, and memoranda prepared in the response to the overall safety concerns or incidents involving subject laptop model of Hewlett-Packard examined during the JSE and JLE.

**RESPONSE:**

36.     All documents, including correspondence, reports, e-mail, notes and/or memoranda, which detail or refer to the fire at issue in this case and/or which refer to the inspection of the evidence in this case, including all documents received and/or generated by Hewlett-Packard or its insurance carrier.

**RESPONSE:**

37.     All documents, including correspondence, reports, notes, specifications, drawings, sketches, memorandum or other documents which refer or relate in any way to the subject laptop model of Hewlett-Packard examined during the JSE and JLE.

**RESPONSE:**

38.     All investigation files prepared by Hewlett-Packard or its insurance carrier relative to the fire.

**RESPONSE:**

39.     All instructions and/or warnings which accompanied the subject laptop model of Hewlett-Packard examined during the JSE and JLE.

**RESPONSE:**

40.     All technical manuals for the subject laptop model of Hewlett-Packard examined during the JSE and JLE.

**RESPONSE:**

41.     All plans, specifications, diagrams and/or shop drawings relative to the subject laptop model of Hewlett-Packard examined during the JSE and JLE.

**RESPONSE:**

42.     All recalls, bulletins or warnings relative to the subject laptop model of Hewlett-Packard examined during the JSE and JLE.

**RESPONSE:**

43.     All warranties which accompany the subject laptop model of Hewlett-Packard examined during the JSE and JLE.

**RESPONSE:**

44.     All correspondence, memoranda and/or reports, which detail fire damages allegedly originating in, at, or near the subject laptop model of Hewlett-Packard examined during the JSE and JLE, or any substantially similar laptops.

**RESPONSE:**

45.     All documents, including, but not limited to, correspondence, memoranda, notes, e-mails, reports, plans, and/or specifications relative to the design, manufacture, testing, marketing, sale, maintenance and repair of the model of Hewlett-Packard printer examined during the joint examination conducted on October 8, 2018 from the time the printer product type was first developed to the present.

**RESPONSE:**

                                   **WILLIAM J. FERREN & ASSOCIATES**

                                   By:_____/s/ Kevin M Kelly_____
                                   **KEVIN M. KELLY, ESQUIRE**
                                   PA ID  87413
                                   PO Box 2903
                                   Hartford, CT  06104
                                   215-274-1719

April 12, 2023

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| FARMINGTON CASUALTY COMPANY | : | CIVIL ACTION - LAW |
| as subrogee of THE ESTATE OF | : | |
| THOMAS R. HIGHLAND | : | NO. 2:23-cv-01022 |
| Plaintiff, | : | |
| | : | JURY TRIAL DEMANDED |
| v. | : | |
| | : | |
| HP INC. | : | |
| and | : | |
| PENTELEDATA | : | |
| Defendants | : | |

**CERTIFICATE OF SERVICE**

I, Kevin M. Kelly, Esquire, hereby certify that a true and correct copy of Plaintiff's Interrogatories and Request for Production of Documents addressed to Defendant HP Inc. were served on April 12, 2023, via email to:

HP, Inc.
c/o J. Fred Lorusso, Esquire
Vaughan Baio & Partners
100 N. 18th Street, Suite 700
Philadelphia, PA 19103
florusso@vaughanbaio.com

**WILLIAM J. FERREN & ASSOCIATES**

By:____/s/ Kevin M Kelly_____
**KEVIN M. KELLY, ESQUIRE**
PA ID  87413
PO Box 2903
Hartford, CT  06104
215-274-1719
Counsel for Plaintiff,
Farmington Casualty Company
a/s/o The Estate of Thomas R. Highland

Date:   April 12, 2023

EXHIBIT B

| | |
|---|---|
| **From:** | Kelly, Kevin M |
| **Sent:** | Monday, May 22, 2023 2:51 PM |
| **To:** | Fred  Lorusso |
| **Cc:** | Marchesa, Anne C; Santiago, Tammy |
| **Subject:** | RE: Highland IPH3598 |

---

Hi Fred,

We issued ROGS and RPD to your client on 4/12/23.  Answers and responses Are now overdue. Please provide responses by close of business Friday, 5/25, or we will be constrained to file a motion in conformity with Local Rule 26.1(b).  As you know, Judge Kelley B. Hodge requires the following with respect to discovery disputes (and we remain open to working with you to receive answers and responses to our ROGS and RPD):

    A. Discovery Matters When a discovery dispute arises, counsel are strongly urged to settle it among themselves. However, if after making a good faith effort, counsel are unable to resolve a disputed issue, counsel for the aggrieved party shall file with the Court a motion in conformity with Local Civil Rule 26.1(b), with a form of order, and short brief not to exceed five (5) pages describing the disputed issue(s). Within seven (7) days of the filing of the motion, any counsel opposing the motion shall file with a Court a response to the motion not to exceed five (5) pages in conformity with Local Civil Rule 26.1(b). The Court will determine the need for a telephone conference with counsel to discuss the motion on a case-by-case basis. In most cases, the Court expects to rule promptly on discovery motions and may decide such motions during a telephone conference. All motions must contain the certification required under Local Civil Rule 26.1(f).

What disclosures are you referring to below?  Thank you.

Kevin M. Kelly
Attorney at Law
William J. Ferren & Associates
Pennsylvania Staff Counsel Offices
Blue Bell, PA
Direct:  (215) 274-1719
Office:  (215) 274-1700
Mobile: (215) 692-3317
Fax (215) 274-1722
Email: Kmkelly2@travelers.com

Documents that *cannot* be sent electronically should be mailed to:
P.O. Box 2903
Hartford, CT 06104-2903

Not a Partnership or Professional Corporation
All attorneys are Employees of The Travelers Indemnity Company and its Property Casualty Affiliates

**From:** Fred Lorusso <Florusso@VaughanBaio.com>
**Sent:** Friday, May 12, 2023 2:09 PM
**To:** Kelly, Kevin M <KMKELLY2@travelers.com>
**Cc:** Marchesa, Anne C <ACMARCHE@travelers.com>; Santiago, Tammy <TSANTIA2@travelers.com>
**Subject:** [External] RE: Highland IPH3598

---

**CAUTION: This email came from outside of the company.**
**Please exercise caution when opening attachments, clicking links or responding to**
**this email. The original sender of this email is <u>Florusso@VaughanBaio.com</u>.**

---

Hi Kevin,

Hope all is well.  Where do you stand on your client's disclosures with this one?  Thanks, Fred

### J. FRED LORUSSO, Esquire
PARTNER

| | |
|---|---|
| Two Logan Square | 100 N. 18th Street  \|  Suite 700 |
| Philadelphia  \|  PA | 19103 |
| PH: 215-569-2400 | DIR: 267-386-4379 |
| FX: 215-665-8300 | CELL: 215-527-5751 |

florusso@vaughanbaio.com | www.vaughanbaio.com



Delaware • Florida • Maryland • New Jersey • New York • Pennsylvania • West Virginia

E-MAIL CONFIDENTIALITY NOTICE: The contents of this e-mail message and any attachments are intended solely for the addressee(s) and may contain confidential and/or legally privileged information. If you are not the intended recipient of this message or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and any attachments. If you are not the intended recipient, you are notified that any use, dissemination, distribution, copying, or storage of this message or any attachment is strictly prohibited.

---

**From:** Kelly, Kevin M <KMKELLY2@travelers.com>
**Sent:** Wednesday, April 12, 2023 11:52 AM
**To:** Fred Lorusso <Florusso@VaughanBaio.com>
**Cc:** Marchesa, Anne C <ACMARCHE@travelers.com>; Santiago, Tammy <TSANTIA2@travelers.com>
**Subject:** Highland IPH3598

[EXTERNAL]
Hi Fred,

Attached please find Plaintiff's interrogatories and request for production of documents directed to HP Inc.  Thank you.

Kevin M. Kelly
Attorney at Law
William J. Ferren & Associates
Pennsylvania Staff Counsel Offices
Blue Bell, PA
Direct:  (215) 274-1719
Office:  (215) 274-1700
Mobile: (215) 692-3317
Fax (215) 274-1722
Email: Kmkelly2@travelers.com

Documents that *cannot* be sent electronically should be mailed to:
P.O. Box 2903
Hartford, CT 06104-2903

Not a Partnership or Professional Corporation
All attorneys are Employees of The Travelers Indemnity Company and its Property Casualty Affiliates

This message (including any attachments) may contain confidential, proprietary, privileged and/or private information. The information is intended to be for the use of the individual or entity designated above. If you are not the intended recipient of this message, please notify the sender immediately, and delete the message and any attachments. Any disclosure, reproduction, distribution or other use of this message or any attachments by an individual or entity other than the intended recipient is prohibited.

TRVDiscDefault::1201

# EXHIBIT C

_____ ____

____ ____ _ _____

_____

**From:** Kelly, Kevin M
**Sent:** Thursday, July 20, 2023 10:49 AM
**To:** 'Torres, Alexander D.' <Torres@bbs-law.com>
**Subject:** RE: Farmington Casualty Co. v. HP (127320) -- Plaintiff's Discovery Requests

Hi Alex,

Please see attached.  Thank you.

Kevin M. Kelly
Attorney at Law
William J. Ferren & Associates
Pennsylvania Staff Counsel Offices
Blue Bell, PA
Direct:  (215) 274-1719
Office:  (215) 274-1700
Mobile: (215) 692-3317
Fax (215) 274-1722
Email: Kmkelly2@travelers.com

Documents that *cannot* be sent electronically should be mailed to:
P.O. Box 2903
Hartford, CT 06104-2903

Not a Partnership or Professional Corporation
All attorneys are Employees of The Travelers Indemnity Company and its Property Casualty Affiliates

**From:** Torres, Alexander D. <Torres@bbs-law.com>
**Sent:** Thursday, July 20, 2023 9:38 AM
**To:** Kelly, Kevin M <KMKELLY2@travelers.com>
**Subject:** [External] Farmington Casualty Co. v. HP (127320) -- Plaintiff's Discovery Requests

---

**CAUTION: This email came from outside of the company.**
**Please exercise caution when opening attachments, clicking links or responding to this email. The original sender of this email is Torres@bbs-law.com.**

---

Good morning Kevin,

When you can, can you please send over Plaintiff's discovery requests to HP?  I didn't see them in our file.

Thanks,

Alex



Alexander Torres | Associate
Bennett, Bricklin & Saltzburg LLC
Centre Square, West Tower
1500 Market Street, 32nd Floor
Philadelphia, PA 19102
Phone | Fax | Text: 215.665.3313
website | map | email | bio

*Celebrating 75 years of legal excellence.*

This e-mail and any files transmitted with it are confidential attorney-client communication or may otherwise be privileged or confidential and are intended solely for the individual or entity to whom they are addressed. If you are not the intended recipient, please do not read, copy or retransmit this communication but destroy it immediately. Any unauthorized dissemination, distribution or copying of this communication is strictly prohibited.

| | |
|---|---|
| **From:** | Kelly, Kevin M |
| **Sent:** | Wednesday, April 12, 2023 11:52 AM |
| **To:** | florusso@vaughanbaio.com |
| **Cc:** | Marchesa, Anne C; Santiago, Tammy |
| **Subject:** | Highland IPH3598 |
| **Attachments:** | ROGS RFPD to HP 4.12.23.pdf |
| | ROGS RFPD to HP 4.12.23.docx |

Hi Fred,

Attached please find Plaintiff's interrogatories and request for production of documents directed to HP Inc.  Thank you.

Kevin M. Kelly
Attorney at Law
William J. Ferren & Associates
Pennsylvania Staff Counsel Offices
Blue Bell, PA
Direct:  (215) 274-1719
Office:  (215) 274-1700
Mobile: (215) 692-3317
Fax (215) 274-1722
Email: Kmkelly2@travelers.com

Documents that *cannot* be sent electronically should be mailed to:
P.O. Box 2903
Hartford, CT 06104-2903

Not a Partnership or Professional Corporation
All attorneys are Employees of The Travelers Indemnity Company and its Property Casualty Affiliates

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FARMINGTON CASUALTY COMPANY     :     CIVIL ACTION - LAW
as subrogee of THE ESTATE OF         :
THOMAS R. HIGHLAND              :     NO. 2:23-cv-01022
          Plaintiff,        :
                          :     JURY TRIAL DEMANDED
    v.                        :
                          :
HP INC.                       :
and                          :
PENTELEDATA             :
          Defendants       :

## PLAINTIFF'S INTERROGATORIES TO HP INC.

Plaintiff, Farmington Casualty Company a/s/o The Estate of Thomas R. Highland, by and through its undersigned attorney, hereby makes demand that the Defendant answer the following Interrogatories pursuant to the Federal Rules of Civil Procedure. These Interrogatories must be answered as provided in the Federal Rules of Civil Procedure and the Answers must be served on all other parties within thirty (30) days after the Interrogatories are deemed served.

These Interrogatories are deemed to be continuing as to require the filing of Supplemental Answers promptly in the event Defendant or their representatives (including counsel) learn additional facts not set forth in their original Answers or discover that information provided in the Answers is erroneous. Such Supplemental Answers may be filed from time to time, but not later than 30 days after such further information is received, pursuant to the Federal Rules of Civil Procedure.

## DEFINITIONS

In these interrogatories, the following definitions apply:

(a) "Document" includes a writing, electronic document, drawing, graph, chart, photograph, recording, and other data compilations from which information can be obtained, translated, if necessary, through detection devices into reasonable usable form.

(b) "Identify," "identity," or "identification," (1) when used in reference to a natural person, means that person's full name, last known address, home and business telephone numbers, and present business affiliation; (2) when used in reference to a person other than a natural person, includes a description of the nature of the person (that is, whether it is a corporation, partnership, etc. under the definition of "person" below), and the person's last known address, telephone number, and principal place of business; and (3) when used in reference to a document, requires you to state the date, the author (or, if different, the signer or signers), the addressee, and the type of document (e.g. letter, memoranda, telegram, chart, etc.) or to attach an accurate copy of the document to your answer, appropriately labeled to correspond to the interrogatory.

(c)     "Person" includes an individual, general or limited partnership, joint stock company, unincorporated association or society, municipal or other corporation, incorporated association, limited liability partnership, limited liability company, the State, an agency or political subdivision of the State, a court, and any other governmental entity.

(d)     "Incident" means the fire that occurred on May 30, 2021 at 405 Center Avenue, Jim Thorpe, Pa. 18229, in Carbon County, as described in Plaintiff's Complaint

(e)     "The product" refers to HP Inc.'s Laptop Computer involved in the fire as alleged in Plaintiff's Complaint and as examined by HP Inc.'s experts at the Joint Scene Exam ("JSE") and multiple Joint Lab Exams ("JLE").

(f)     The terms "similar products" as used hereinafter in these Interrogatories shall mean products other than "the product" which are essentially and substantially similar to "the product" with regard to design, specifications, materials, composition, make and model, and which were either designed, manufactured, assembled, packaged, sold, distributed, advertised, installed, serviced, prepared, maintained, or in any way handled by you, including, but not limited to, all other HP Inc.'s Laptop Computers of a similar model type.

(g)     The term "comparable products" as used hereinafter in these Interrogatories shall mean products other than "the product" or "similar products" manufactured and/or sold by HP Inc.

(h)     "You or Your" refers to HP Inc., and anyone acting on their behalf.

## <u>INTERROGATORIES</u>

1.     Please state fully the name and corporate address of the Defendant.

## <u>ANSWER:</u>

2.     Did you design, manufacture, assemble, package, sell, distribute, advertise, install, service, prepare, maintain, or in any way handle the product, as defined above?  If so, which of these activities did you perform?

## <u>ANSWER:</u>

3.     If you were the manufacturer of the product, do you still manufacture the product, similar products, or comparable products?

## <u>ANSWER:</u>

4.     Please describe in detail all auxiliary services you performed in regard to the product, including but not limited to the placement of labelling, the drafting of warnings, the drafting of instructions, marketing of the product and selling of the product.

**ANSWER:**

5.      Please describe in complete detail the substance and content of all claims or representations made by you, whether orally or in writing, as to the quality, safety, or fitness of the product or similar products during the eleven-year period immediately preceding the alleged occurrence.

**ANSWER:**

6.      Please list all rules, regulations, statutes, ordinances, or laws of federal, state, or local governments or governmental agencies, regarding the manufacturing and distribution of this or similar products, to which the Defendant asserts that it is subject to with regard to the present product.

**ANSWER:**

7.      Please describe in detail each warning and instruction that accompanied the product.

**ANSWER:**

8.      Do you or did you in any way warrant the product?

**ANSWER:**

9.      If the answer to the preceding Interrogatory is in the affirmative, please state:

   (a)      the substance and content of each such warranty; and
   (b)      the manner in which each such warranty was given, whether oral, by writing, or by other means.

**ANSWER:**

10.      Do you claim that someone misused or mishandled the product in such a way as to cause, contribute to, or aggravate the alleged occurrence?

**ANSWER:**

11.      If the answer to the preceding Interrogatory is in the affirmative, please give a complete explanation of the alleged misuse or mishandling of the product.

**ANSWER:**

12.      If you have received any claims that the product, similar products or comparable products were in any way defective in the ten years prior to the incident, please state for each claims:

(a)     its date;
(b)     its substance, including a description of the factual circumstances; and
(c)     the name and address of the party presenting the claim.

**ANSWER:**

13.     If you no longer distribute, sell, assemble, and/or manufacture the product and/or similar products then, please state the following:

(a)     the date that you discontinued;
(b)     the reason(s) for discontinuing; and
(c)     identify any and all documents which reflect the discontinuance, and reasons therefore.

**ANSWER:**

14.     Have any persons made any statement(s), written or otherwise, while being interviewed or questioned by you, or on your insurance company's behalf with regard to the incident set forth in the Complaint in this action?  If so, for each statement, indicate: their name, address, occupation and relationship to you, if any; the date and place of making; if in writing, whether it was signed or unsigned; the names and addresses of all persons present at the making or the signing of each such statement; and the name and address of the person(s) who currently have custody and control thereof.

**ANSWER:**

15.     Were any investigations, examinations, inspections, tests, experiments, reports, and/or studies made, prepared or submitted by you or on your behalf in the regular course of business or in preparation for litigation arising out of this incident?  (These Interrogatories may be answered without revealing the mental impressions, conclusions, opinions, memoranda, notes of summaries, legal research, or legal theories of your attorney, or those of your representatives ONLY IN REGARD TO THE VALUE, MERIT, STRATEGY, OR TACTICS OF THIS LAWSUIT.)  If so, for each of the above, please state the subject matter contained therein; the identity of the person or persons making, preparing, or submitting same; the identity of the person or persons to whom the investigation report was directed or addressed; and the identity and location of the person having its present custody and control.

**ANSWER:**

16.     Please provide the name and address of each factual witness that you intend to call at the arbitration or trial in this matter.

**ANSWER:**

17.     State the name and address of any and all expert witnesses who you have retained or specially employed in anticipation of litigation or preparation for trial (include their area of expertise, date(s) of examinations, and/or report(s)).

**ANSWER:**

18.     Please state the substance of the facts and opinions to which each of the above-referenced experts is expected to testify and the summary of the grounds for each opinion (except if such expert is not expected to be called as a witness at trial; in which case, kindly state as such).

**ANSWER:**

19.     Identify the person(s) associated with you who has (have) the greatest knowledge concerning the information, which has been provided in response to these Interrogatories.

**ANSWER:**

                    **WILLIAM J. FERREN & ASSOCIATES**

                    By:____/s/ Kevin M Kelly_____
                         **KEVIN M. KELLY, ESQUIRE**
                         PA ID  87413
                         PO Box 2903
                         Hartford, CT  06104
                         215-274-1719

April 12, 2023

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| FARMINGTON CASUALTY COMPANY | : | CIVIL ACTION - LAW |
| as subrogee of THE ESTATE OF | : | |
| THOMAS R. HIGHLAND | : | NO. 2:23-cv-01022 |
| Plaintiff, | : | |
| | : | JURY TRIAL DEMANDED |
| v. | : | |
| | : | |
| HP INC. | : | |
| and | : | |
| PENTELEDATA | : | |
| Defendants | : | |

## PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO HP INC.

You are hereby requested to produce the originals or clear, readable copies of the below listed documents and/or items. These documents and/or items will be processed and photographs reproduced. The below listed documents and/or items are to be produced at the law offices of William J. Ferren & Associates, P.O. Box 1903, Hartford, CT 06104 within thirty (30) days. Such request is continuing up to and at the time of trial.

## DEFINITIONS

1.      "Document" means and includes, without limiting the generality of its meanings, all writings, electronic documents, or papers in the possession of the Defendants which record or relate to any act, occurrence, event or communication relating in any way to its business or activity, including, but not limited to, handwritten notes, calendar pads, notebooks, appointment books, note pads, letters, postcards,   inter-company letters, postcards, memoranda, inter-company communications of any kind, annual or other reports, financial statements, books, records, ledgers, journals, minutes, market studies, charts, graphs, indices, data sheets, bulletins, speeches, press releases, circulars, pamphlets, notices, statements, stenographic notes, maps, surveys, periodicals, personal interviews, log books, photographs, reproductions, facsimiles, motion pictures or

drawings or videotape wherever located and however designated or denominated by the Defendants.

2.      "Person" means, without limiting the generality of its meaning, every natural person, corporation, partnership or other business entity.

3.      "Statement" means a written statement signed or otherwise adopted or approved by the person making it or a stenographic, mechanical, electrical or other recording or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it as contemporaneously recorded.

4.      "Witness" means all persons who have knowledge of facts, events and circumstances immediately preceding the alleged accident; the facts, events and circumstances of the accident; and the facts, events and circumstances immediately subsequent to the accident.

5.      "The Incident Location" or "Subject Location" refers to 405 Center Avenue, Jim Thorpe, Pa. 18229, in Carbon County.

6.      The "Incident" means the fire that occurred on May 30, 2021 at 405 Center Avenue, Jim Thorpe, Pa. 18229, in Carbon County, as described in Plaintiff's Complaint

7.      The "product" refers to HP Inc.'s Laptop Computer involved in the fire as alleged in Plaintiff's Complaint and as examined by HP Inc.'s experts at the Joint Scene Exam ("JSE") and multiple Joint Lab Exams ("JLE").

8.      The terms "similar products" as used hereinafter in these Requests shall mean products other than "the product" which are essentially and substantially similar to "the product" with regard to design, specifications, materials, composition, make and model, and which were either designed, manufactured, assembled, packaged, sold, distributed, advertised, installed, serviced, prepared, maintained, or in any way handled by you, including, but not limited to, all

other HP Inc.'s Laptop Computers of a similar model type.

9.    The term "comparable products" as used hereinafter in these Requests shall mean products other than "the product" or "similar products" manufactured and/or sold by HP Inc.

10.    "You or Your" refers to HP Inc., and anyone acting on their behalf.

## INSTRUCTIONS

1.    Wherever appropriate, the singular form of a word should be interpreted as plural.

2.    "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request any documents which might otherwise be construed to be outside of the scope.

3.    With respect to any document which is withheld a claim of privilege, a statement shall be provided which shall be signed by your attorney setting forth as to each such document:

(a)    The name(s) of the sender(s) of the document(s);

(b)    The name(s) of the author(s) of the document(s);

(c)    The name(s) of the person(s) to whom copies were sent;

(d)    The job title of every person(s) named in (a), (b) and (c) above;

(e)    The date of the document(s);

(f)    The date on which the document(s) was received by those having possession of the document(s); and

(g)    A brief description of the nature and subject matter of the document(s).

4.    In producing the documents requested herein, you should indicate the specific request(s) in response to which each document or group of documents is being produced.

## DOCUMENTS TO BE PRODUCED

1.    All photographs, motion pictures, slides, videotapes, and any other depictions of (a) the incident; (b) items or evidence taken from the incident scene; (c) the scene of the incident; or (d) the real or personal property allegedly damaged in the incident (taken before, during, or after the loss).

**RESPONSE:**

2.      All documents identified in response to any of Plaintiff's Interrogatories.

**RESPONSE:**

3.      All documents concerning or pertaining to any investigation, study, inspection, test analysis or examination regarding the Incident or the scene of the Incident.

**RESPONSE:**

4.      All documents concerning any examination, test, analysis, evaluation or study of any item or evidence believed to have been involved in the Incident or to have been removed from the Incident scene or subject property.

**RESPONSE:**

5.      All documents consisting of or referring to any statement or report from any person who claims to be a witness to the Incident or who claims to have knowledge of any circumstances surrounding the Incident, including but not limited to any report by any insurance adjuster.

**RESPONSE:**

6.      All documents consisting of or referring to any statement or report you have obtained from any person not a party to this action relating to the Incident, the cause of the Incident, or the alleged damages.

**RESPONSE:**

7.      All communications between you and any person regarding the Incident or the cause of the Incident.

**RESPONSE:**

8.      All documents consisting of, referring to, or relating to any statement, report or testimony given by you or any witness to the incident regarding the alleged damages resulting from the incident.

**RESPONSE:**

9.      All contractual documents between you and anyone regarding the subject property.

**RESPONSE:**

10.      All documents regarding the subject product including, but not limited to, work

orders, invoices, warnings, warranties, specifications, installation instructions, manuals, and/or codes.

**RESPONSE:**

11.   All documents or tangible things you intend to use or offer as an exhibit or demonstrative aid at trial or otherwise show to the trier of fact.

**RESPONSE:**

12.   All documents or things given to, received from or produced or compiled by any expert witness retained and expected to be called as a witness in this case.

**RESPONSE:**

13.   A resume and curriculum vitae for each expert you have retained and intend to call as a witness at trial.

**RESPONSE:**

14.   All documents on which any such identified expert relied or used to form or prepare an opinion or report relating to the incident, or this case.

**RESPONSE:**

15.   All reports by all experts expected to be called as witnesses at the trial of this case.

**RESPONSE:**

16.   All documents reflecting, referring to, or relating to any tests, examinations or investigations performed by any expert expected to be called as a witness at trial relating to this case.

**RESPONSE:**

17.   All documents constituting, reflecting, referring to, or relating to any communication by any expert expected to be a witness at trial with any other person concerning the incident, the cause of the incident, the scene of the incident, or this action.

**RESPONSE:**

18.   The entire contents of any investigative file or files and any other documentary material in your possession or your insurance company's possession which support or relate to allegations of the Complaint (excluding references to mental impressions, conclusions or opinions concerning the value or merit of the claim or respecting strategy or tactics, privileged communication from and to counsel).

**RESPONSE:**

19.     Copies of all Complaints or notices of claims received by you regarding the subject incident, including those related to personal injuries and/or death.

**RESPONSE:**

20.     A copy of your liability insurance policy in effect at the time of this incident.

**RESPONSE:**

21.     All materials, including correspondence, reports, notes, specifications, drawings, sketches, circuitry diagrams, memorandum or other documents which refer or relate in any way to the product located at the subject property.

**RESPONSE:**

22.     All technical manuals relative to the product.

**RESPONSE:**

23.     All plans, specifications, diagrams and/or technical drawings relative to the subject product.

**RESPONSE:**

24.     All written safety warnings and/or product markings related to safety that accompanied the product at the time of distribution and/or sale.

**RESPONSE:**

25.     Any documents referencing or related to any and all recalls of the product or similar products.

**RESPONSE:**

26.     All written warranties which accompanied the product.

**RESPONSE:**

27.     All materials, including, but not limited to correspondence, memoranda, notes, e-mails, reports, plans, specifications, etc., relative to the design, design history, design modifications, design evolution, production, manufacturing, testing, studies, quality control, marketing, sale, maintenance and repair of the product from the product's inception to the present.

**RESPONSE:**

28.    All materials referencing or related to any communication by and between HP Inc. and the Consumer Product Safety Commission ("CPSC").

**RESPONSE:**

29.    All recalls relative to the same or similar product as the product, which were issued for a five-year period prior to the fire and a two-year period subsequent to the fire.

**RESPONSE:**

30.    Any and all correspondence, emails, Complaints and/or other documentation in your possession which was sent to any prior designer, manufacturer or distributor of the product relating to any allegation that the model product at the subject property caused or contributed to a fire, or was otherwise defective.

**RESPONSE:**

31.    Any and all reports, emails or other documentation created by any employee of HP Inc., which pertain to HP Inc.'s investigation of the Incident and/or this litigation.

**RESPONSE:**

32.    Information and documentation related to other incidents (including complaints of any kind) involving the subject laptop model of Hewlett-Packard examined during the JSE and JLE, as well as all other incidents similarly designed laptops.

**RESPONSE:**

33.    All information and documentation related to the testing of the subject laptop model of Hewlett-Packard examined during the JSE and JLE, as well as similar laptops including but not limited to third-party inspections and testing.

**RESPONSE:**

34.    All information and documentation related to the design of the subject laptop model of Hewlett-Packard examined during the JSE and JLE, including but not limited to the related design drawings and specifications sent to any third party for testing and approval, as well as the correspondence, memoranda, and email.

**RESPONSE:**

35.    Any and all correspondence, documentation, notes, reports, and memoranda prepared in the response to the overall safety concerns or incidents involving subject laptop model of Hewlett-Packard examined during the JSE and JLE.

**RESPONSE:**

36.     All documents, including correspondence, reports, e-mail, notes and/or memoranda, which detail or refer to the fire at issue in this case and/or which refer to the inspection of the evidence in this case, including all documents received and/or generated by Hewlett-Packard or its insurance carrier.

**RESPONSE:**

37.     All documents, including correspondence, reports, notes, specifications, drawings, sketches, memorandum or other documents which refer or relate in any way to the subject laptop model of Hewlett-Packard examined during the JSE and JLE.

**RESPONSE:**

38.     All investigation files prepared by Hewlett-Packard or its insurance carrier relative to the fire.

**RESPONSE:**

39.     All instructions and/or warnings which accompanied the subject laptop model of Hewlett-Packard examined during the JSE and JLE.

**RESPONSE:**

40.     All technical manuals for the subject laptop model of Hewlett-Packard examined during the JSE and JLE.

**RESPONSE:**

41.     All plans, specifications, diagrams and/or shop drawings relative to the subject laptop model of Hewlett-Packard examined during the JSE and JLE.

**RESPONSE:**

42.     All recalls, bulletins or warnings relative to the subject laptop model of Hewlett-Packard examined during the JSE and JLE.

**RESPONSE:**

43.     All warranties which accompany the subject laptop model of Hewlett-Packard examined during the JSE and JLE.

**RESPONSE:**

44.     All correspondence, memoranda and/or reports, which detail fire damages allegedly originating in, at, or near the subject laptop model of Hewlett-Packard examined during the JSE and JLE, or any substantially similar laptops.

**RESPONSE:**

45.     All documents, including, but not limited to, correspondence, memoranda, notes, e-mails, reports, plans, and/or specifications relative to the design, manufacture, testing, marketing, sale, maintenance and repair of the model of Hewlett-Packard printer examined during the joint examination conducted on October 8, 2018 from the time the printer product type was first developed to the present.

**RESPONSE:**

                              **WILLIAM J. FERREN & ASSOCIATES**

                    By:     /s/ Kevin M Kelly
                         **KEVIN M. KELLY, ESQUIRE**
                         PA ID  87413
                         PO Box 2903
                         Hartford, CT  06104
                         215-274-1719

April 12, 2023

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| FARMINGTON CASUALTY COMPANY | : | CIVIL ACTION - LAW |
| as subrogee of THE ESTATE OF | : | |
| THOMAS R. HIGHLAND | : | NO. 2:23-cv-01022 |
| Plaintiff, | : | |
| | : | JURY TRIAL DEMANDED |
| v. | : | |
| | : | |
| HP INC. | : | |
| and | : | |
| PENTELEDATA | : | |
| Defendants | : | |

**<u>CERTIFICATE OF SERVICE</u>**

I, Kevin M. Kelly, Esquire, hereby certify that a true and correct copy of Plaintiff's Interrogatories and Request for Production of Documents addressed to Defendant HP Inc. were served on April 12, 2023, via email to:

HP, Inc.
c/o J. Fred Lorusso, Esquire
Vaughan Baio & Partners
100 N. 18th Street, Suite 700
Philadelphia, PA 19103
florusso@vaughanbaio.com

**WILLIAM J. FERREN & ASSOCIATES**

By:    /s/ Kevin M Kelly
**KEVIN M. KELLY, ESQUIRE**
PA ID  87413
PO Box 2903
Hartford, CT  06104
215-274-1719
Counsel for Plaintiff,
Farmington Casualty Company
a/s/o The Estate of Thomas R. Highland

Date:   April 12, 2023