**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FARMINGTON CASUALTY COMPANY as subrogee of THE ESTATE OF THOMAS R. HIGHLAND,<br>    Plaintiff, | CIVIL ACTION |
| v. | NO.  23-1022 |
| HP INC.,<br>    Defendant. | |

**MEMORANDUM**

HODGE, J.                                                        November 21, 2023

## I.    INTRODUCTION

This matter is before the Court on Defendant HP Inc.'s ("Defendant" or "HP") Motion to
Transfer Venue (ECF No. 18) and Plaintiff Farmington Casualty Company's ("Plaintiff" or
"Farmington") Motion to Remand and Consolidate (ECF No. 19). For the reasons discussed below,
Plaintiff's Motion to Remand and Consolidate is denied, and Defendant's Motion to Transfer
Venue is granted.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Farmington insured the residential home owned by its subrogor, Thomas R. Highland and
Lynn[1] S. Highland (the "Highlands"), located at 405 Center Ave, Jim Thorpe, Pa. 18229 in Carbon
County, which sustained significant damages in the fire giving rise to this case. (ECF No. 1 at ¶¶
2, 5.) The house fire from which this case arises occurred on May 30, 2021, in Carbon County,

---

[1] Lynn S. Highland's name is spelled throughout the Complaint and briefing as both "Lynn" and
"Lynne." (*See, e.g.,* ECF No. 1 at ¶¶6-7; ECF No. 18 at 3; ECF No. 19-1 at 3.) The Court uses
the former spelling here, consistent with the spelling used in the caption of the State Court case
brought by the Estate. ECF No. 19-2 at 26.)

Pennsylvania, located in the Middle District of Pennsylvania. (ECF No. 1 at ¶ 3.) Farmington alleges the fire was caused by a malfunction or defect of an HP laptop computer. (ECF No. 1 at ¶ 4.) The Highlands both sustained life-ending injuries from the fire. (ECF No. 1 at ¶ 5.) The Highlands were survived by their daughter, Jordan E. McCoy, who is the executrix of the Estate of Thomas R. Highland (the "Estate"). (ECF No. 1 at 10.) Ms. McCoy resides in Williamsport, Lycoming County, PA, in the Middle District of Pennsylvania. (*See* ECF No. 18 at Ex. B.)

Farmington filed a Complaint on March 6, 2023 in the Court of Common Pleas of Philadelphia County ("State Court") against HP and an additional defendant, PenTeleData, to seek recovery of payments made under the insurance policy issued to the Highlands, stemming from the house fire. (ECF No. 1 at ¶¶ 2-3.) On March 16, 2023, HP removed the case from State Court to the Eastern District of Pennsylvania based upon diversity jurisdiction. (ECF No. 1.) At the time of removal, PenTeleData was named as a defendant in this case. (*Id.*) However, on March 17, 2023, Plaintiff filed a Notice of Voluntary Dismissal, dismissing PenTeleData from this case and stating that HP was the "sole remaining defendant." (ECF No. 5.) Additionally, there was no proof that PenTeleData was an entity that was properly joined and served at the time of removal by HP. (*Id.*; *see also* ECF No. 24 at 10.)

HP is a Delaware corporation with a principal place of business in California. (ECF No. 1 at ¶ 8.) Farmington is a Connecticut corporation with a principal place of business in Connecticut. (*Id.*) PenTeleData is a Pennsylvania corporation but, as of March 17, 2023, is no longer a party to this case. (*Id.*; ECF No. 5.) The amount in controversy alleged by Plaintiff is anticipated to exceed the sum of $75,000.00, exclusive of interests and costs. (ECF No. 1 at ¶ 9.)

On May 25, 2023, the Estate sued HP and PenTeleData in the Philadelphia County Court of Common Pleas in a separate but related wrongful death action, asserting various tort claims

arising from the house fire (the "McCoy Case"). *See McCoy et al vs. HP, Inc. et al*, No. 230502695 (Phila. Ct. Com. Pl.).

## III.   PLAINTIFF'S MOTION TO REMAND AND CONSOLIDATE

Plaintiff argues the case must be remanded for lack of subject matter jurisdiction or, in the alternative, for judicial economy. Plaintiff's argument is futile because it points to non-parties to this action, PenTeleData and the Estate, to contend that diversity jurisdiction does not exist. Further, the Court may not, and therefore does not, consider discretionary factors such as judicial economy in its remand analysis. Having determined that removal was proper, the Court denies Plaintiff's Motion to Remand.

### A.   Applicable Law

#### 1.   Legal Standard for Proper Removal and Remand

Defendants in state court actions have a statutory right to remove "any civil action brought in a state court of which the district courts of the United States have original jurisdiction . . . to the district court . . . embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federal district courts have original (subject matter) jurisdiction over all civil actions between citizens of different states when the amount in controversy exceeds $75,000.00, excluding interest and costs. *See* 28 U.S.C. § 1332(a). Complete diversity between all plaintiffs and defendants is required to remove a case on the basis of diversity jurisdiction. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *Strawbridge v. Curtiss*, 7 U.S. 267, 267-68 (1806).

A defendant may remove a case to an appropriate district court that has jurisdiction. 28 U.S.C. § 1441(a). The process for removal is governed by 28 U.S.C. § 1446. Removal statutes are "strictly construed against removal and all doubts should be resolved in favor of remand." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992) (quotation and citation omitted). The

Court of Appeals for the Third Circuit has interpreted "all doubts" to mean that if "there is any doubt as to the propriety of the removal, [the] case should not be removed to federal court." *Brown v. Francis*, 75 F.3d 860, 865 (3d Cir. 1996). The defendant bears the burden of establishing removal jurisdiction and demonstrating compliance with all pertinent procedural requirements. *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1991).

There are limited grounds for remand. If a federal court determines that it does not have subject matter jurisdiction over a removed action, or if the proper removal procedures were not followed by the defendant, the court must remand the action to state court. *See* 28 U.S.C. § 1447(c); *Balazik v. County of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Aside from these specific exceptions, cases that are properly within the federal court's jurisdiction after removal "may not be remanded for discretionary reasons not authorized by the controlling statute." *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 345 n.9 (1976); *Lempke v. GE*, No. 10-5380, 2011 U.S. Dist. LEXIS 64451, at *11 (E.D. Pa. June 16, 2011) ("Decisions regarding remand pursuant to § 1447(c) are not discretionary, and district courts may not take into consideration policy considerations such as judicial economy in their analysis.").

### B.   Discussion

Farmington argues that this case must be remanded due to lack of subject matter jurisdiction. (ECF No. 19-1 at 7.) Farmington predicates this argument on the assertions that PenTeleData, a Pennsylvania corporation, and Jordan McCoy, the Executrix of the Estate, are both citizens of Pennsylvania, therefore destroying diversity jurisdiction. (*Id.*) However, neither PenTeleData nor the Estate are parties to this action. The Estate was never a party to this action,

4

and Plaintiff voluntarily dismissed PenTeleData from the case within one day of HP's Notice of Removal, curing any potential jurisdictional issues. (ECF No. 5.) Further, removal was proper because PenTeleData was not joined and served, and the plain language of the forum defendant rule in Section 1441(b)(2) precludes removal "only when the defendant has been properly joined and served." *See Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152-53 (3d Cir. 2018). Thus, Farmington is the only named Plaintiff and HP is the "sole remaining defendant." (ECF No. 5.) Farmington was silent on this issue in its Motion to Remand.

Even if the Court were to consider that, at the time of removal, PenTeleData was a Pennsylvania Corporation and properly joined party to the case, Farmington's Motion to Remand would still fail. Under the doctrine of fraudulent joinder, "in a suit with named defendants who are not of diverse citizenship from the plaintiff, the diverse defendant may still remove the action if it can establish that the non-diverse defendants were 'fraudulently' named or joined solely to defeat diversity jurisdiction." *In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006). "Joinder is fraudulent if 'there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment.'" *Id.* (quoting *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985)). "As the Supreme Court recognized in *Caterpillar Inc. v. Lewis*, 'a district court's error in failing to remand a case improperly removed is not fatal to the ensuing adjudication if federal jurisdictional requirements are met at the time judgment is entered.'" *In re Lipitor Antitrust Litig.*, 855 F.3d 126, 150 (3d Cir. 2017) (quoting *Caterpillar*, 519 U.S. 61, 64 (1996)). Farmington's immediate dismissal of PenTeleData in this matter indicates it had no real intention to prosecute the action against PenTeleData. Thus, PenTeleData's citizenship need not be considered in the Court's jurisdictional analysis. Here, the only parties to this case, Plaintiff Farmington, a citizen

of Connecticut, and Defendant HP, a citizen of California, satisfy the diversity requirement for subject matter jurisdiction under 28 U.S.C. § 1332(a). The amount in controversy exceeds the $75,000 requirement. Thus, HP has successfully established that this court has subject matter jurisdiction. Accordingly, Farmington's Motion to Remand must be denied.

Without pointing to any relevant authority, Farmington argues in the alternative that this case should be remanded to conserve judicial resources and avoid duplicative litigation. (ECF No. 19-1 at 9-10.) In support of its argument, Farmington states that allowing the case to remain in federal court while the McCoy Case is pending in State Court will result in duplicative discovery, inconsistent judicial decisions in similar matters with similar parties, and prejudice to the Plaintiff. (*Id.*) Under Federal Rule of Civil Procedure 42(a), the Court only has the authority to consolidate cases pending before it, and the McCoy Case is not before this Court. *See* Fed. R. Civ. P. 42(a). Further, the Court may not consider discretionary factors such as judicial economy in its analysis. *Lempke*, No. 10-5380, 2011 U.S. Dist. LEXIS 64451, at *11. For these reasons, the Plaintiff's request for consolidation is also denied.

## IV.   DEFENDANT'S MOTION TO TRANSFER VENUE

HP moved to transfer venue from this Court to the U.S. District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. §1404(a). The Court finds that a venue transfer is appropriate, and therefore grants HP's Motion to Transfer.

### A.   Applicable Law

Pursuant to Section 1404(a), a district court may transfer any civil action to any other district where it might have been brought "for the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). Courts are afforded broad discretion to determine whether transfer is justified under Section 1404(a), though Defendants as the movants have the burden of

6

establishing the need. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).  Since the parties do not dispute that this action could have been brought in the Middle District of Pennsylvania, the Court must analyze twelve public and private factors to determine which forum is most appropriate to consider this case. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).

The private interest factors include: (1) the plaintiff's forum preference; (2) the defendant's forum preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses (only to the extent that the witnesses may actually be unavailable for trial in one of the fora); and (6) the location of books and records (also limited to the extent that the files could not be produced in the alternative forum). *Id*. at 879. The public interest factors include: (7) the enforceability of the judgment; (8) the practical considerations that could make the trial easy, expeditious, or inexpensive; (9) the relative administrative difficulty in the two fora resulting from court congestion; (10) the local interest in deciding local controversies at home; (11) the public polices of the fora; and (12) the familiarity of the trial judge with the applicable state law in diversity cases. *Id.* at 879-80.

**B.    Discussion**

As a threshold matter, the Court finds that the Middle District of Pennsylvania is an appropriate venue for this case because the residential fire underlying this case occurred in the Middle District; the HP laptop that allegedly caused the fire was purchased in the Middle District; and the Executrix of the Estate resides in the Middle District. With that in mind, the Court considers the remaining *Jumara* factors.

7

The private *Jumara* factors weigh strongly in favor of transferring this case to the Middle District of Pennsylvania. Defendant prefers to litigate in the Middle District, where all of the operative facts of the action occurred, and where nearly all of the key witnesses and all evidence are located. (ECF No. 18 at 9.) Indeed, only a single corporate witness of the six lay witnesses resides within the Eastern District of Pennsylvania, and none of the expert witnesses do. (*Id.*) The principal factor weighing against transfer is Plaintiff's preference for this forum, given its choice to file suit in the Philadelphia Court of Common Pleas, where the McCoy Case is also pending. However, "a plaintiff's choice of forum is given less weight where none of the operative facts of the action occur in the forum selected by plaintiff." *Stewart v. Ethicon, Inc.*, No. 19-4776, 2020 U.S. Dist. LEXIS 50271, at *20 (E.D. Pa. Mar. 19, 2020); *accord Quinn v. Ethicon, Inc.*, No. 19-5462, at 6-7 (E.D. Pa. Dec. 23, 2019) (DuBois, J.); *Lehr v. Stryker Corp.*, 2010 U.S. Dist. LEXIS 78642, 2010 WL 3069633 at *3 (E.D. Pa. Aug. 4, 2010); *Nat'l Mortg. Network, Inc. v. Home Equity Ctrs., Inc.*, 683 F. Supp. 116, 119 (E.D. Pa. 1988); *Schmidt v. Leader Dogs for the Blind, Inc.*, 544 F. Supp. 42, 47 (E.D. Pa. 1982); *Fitzgerald v. Central Gulf Steamship Corp.*, 292 F. Supp. 847, 849 (E.D. Pa. 1968). A plaintiff's choice of forum also is given reduced weight if that plaintiff is from out of state. *Quinn*, No. 19-5462, at 6-7; *accord Cameli v. WNEP-16*, 134 F. Supp. 2d 403 (E.D. Pa. 2001); *Jordan v. Delaware & Hudson Railway Co.*, 590 F. Supp. 997, 998 (E.D. Pa. 1984). As a citizen of Connecticut with a subrogor (Ms. McCoy) who is a citizen of the Middle District, and given that all the events giving rise to Plaintiff's claim arose in the Middle District of Pennsylvania, Farmington's desire to litigate in the Eastern District of Pennsylvania carries less than full weight. Thus, the Plaintiff's preference alone is not enough to outweigh the other private factors, which collectively militate strongly in favor of transferring this case to the Middle District of Pennsylvania.

The public *Jumara* factors also weigh in favor of a venue transfer. The enforceability of the judgment poses no issue, as a judgment issued in either forum would be enforceable in the other. With nearly all witnesses located in the Middle District, and only one located in the Eastern District, the Court finds that the practical considerations, and the local interest in deciding local controversies at home, support transferring the case to the Middle District. Further, this Court is not aware of any issue regarding congestion in the Middle District of Pennsylvania that would counsel against a transfer. Finally, because both proposed venues are within Pennsylvania, the public policies of the fora and the familiarity of the trial judge with the applicable state laws do not meaningfully favor either venue. The sole public factor weighing against a transfer is that the McCoy Case, involving similar facts and parties, is pending in the Philadelphia Court of Common Pleas. However, because this case was properly removed to federal court, the McCoy Case and the instant case will inevitably remain in two separate fora. As such, the existence of the pending McCoy Case and Plaintiff's related judicial economy arguments are not compelling reasons to keep this case in the Eastern District of Pennsylvania. As such, the public *Jumara* factors support a transfer to the Middle District.

The Court therefore finds that the relevant public and private factors strongly weigh in favor of a Section 1404(a) venue transfer.

## V.       CONCLUSION

For the reasons discussed above, the Court will grant Defendant's Motion to Transfer and Deny Plaintiff's Motion to Remand. An appropriate Order will follow.

BY THE COURT:

/s/ Hon. Kelley B. Hodge

**HODGE, KELLEY B., J.**

9